# Exhibit 18

DocuSign Envelope ID: 7B0B54FE-BF8D-4238-A9D0-7930F2B6B91C

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF INDIANA
## SOUTH BEND DIVISION

| | | |
|---|---|---|
| HEATHER R. FITZGERALD, on behalf of herself and all others similarly situated, | ) ) ) | |
| Plaintiff, | ) ) | Case No. 3:20-cv-01004-DRL-MGG |
| v. | ) ) | Hon. Damon R. Leichty |
| FOREST RIVER MANUFACTURING, LLC | ) ) ) | |
| Defendant. | ) | |

### OPT-IN PLAINTIFF RYAN WARREN'S OBJECTIONS AND ANSWERS TO DEFENDANT'S FIRST SET OF INTERROGATORIES

### GENERAL OBJECTIONS

Opt-in Plaintiff ("Plaintiff") objects to Defendant's Interrogatories to the extent that:

1.      They are premature and seek information not presently available to Plaintiff, but which may be revealed as discovery continues.

2.      They are overly broad, burdensome, and not proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, Plaintiff's relative access to relevant information, Plaintiff's resources, the importance of the Interrogatories in resolving the issues in this case, and burden or expense of responding to the Interrogatories outweigh their likely benefit.

3.      They seek the disclosure of information or documents subject to the attorney-client privilege, attorney work product doctrine, and any other applicable privileges or protections. Plaintiff similarly objects to any Interrogatory which seeks information relating to the impressions, conclusions, or opinions of individuals which Plaintiff does not intend to produce as witnesses at the trial of this matter, including, but not limited to, Plaintiff's attorneys

DocuSign Envelope ID: 7B0B54FE-BF8D-4238-A9D0-7930F2B6B91C

or non-legal experts, on the grounds that such information falls within the scope of the attorney-client privilege and/or attorney work product immunity, is irrelevant and immaterial to the subject litigation, and/or is not proportional to the needs of the case.

4.      They seek to impose obligations upon Plaintiff which are different from or beyond those permitted or required by the Federal Rules of Civil Procedure, as well as other applicable rules of this Court.

5.      They require Plaintiff to speculate as to the information or documents Defendant seeks. Such requests are vague, indefinite, ambiguous, and lack a readily discernible meaning.

6.      They overlap or are redundant.

7.      They seek information or documents that are a matter of public record, in Defendant's possession, custody or control and/or otherwise equally accessible to Defendant.

8.      They seek information that Defendant is required to maintain pursuant to the Fair Labor Standards Act ("FLSA") and Indiana law.

9.      They seek information that is not within Plaintiff's possession, custody, or control.

10.      They purport to require Plaintiff to produce documents already in the possession of Defendant.

11.      They seek production of documents that have been requested from Defendant but have not been produced.

12.      Upon request by the Defendant's counsel, Plaintiff's counsel is willing to meet and confer regarding Plaintiff's responses any Interrogatory.

13.      Plaintiff reserves the right to supplement these answers.

DocuSign Envelope ID: 7B0B54FE-BF8D-4238-A9D0-7930F2B6B91C

### INTERROGATORIES

**INTERROGATORY NO. 1**     With respect to any employment you have ever had with Forest River or any of its predecessor companies, state: (a) your date(s) of hire or rehire; (b) the plant(s) where you worked and the dates you worked at that plant or plants; and (c) your date or dates of separation.

**ANSWER**: Objection. This interrogatory seeks information that is readily accessible to Defendant or already in Defendant's possession, and it seeks information that Defendant is required to maintain pursuant to the FLSA and Indiana law. Plaintiff further objects to this interrogatory as it is premature and seeks information not presently available to Plaintiff, but which may be revealed as discovery continues.

Subject to and without waiving this objection, Plaintiff states:

A)  Plaintiff was hired approximately March 2018 or 2019;

B)  Plaintiff has worked in the Coachman Plant 110, Middlebury, IN; and

C)  Plaintiff is current employed.

**INTERROGATORY NO. 2**     Identify the specific Department(s) in which you worked as a Production Employee during the Relevant Time Period. If your Department(s) changed over time, provide the dates when you worked in each Department.

**ANSWER**: Objection. This interrogatory seeks information that is readily accessible to Defendant or already in Defendant's possession. Plaintiff further objects to this interrogatory as it is premature and seeks information not presently available to Plaintiff, but which may be revealed as discovery continues.

DocuSign Envelope ID: 7B0B54FE-BF8D-4238-A9D0-7930F2B6B91C

Subject to and without waiving this objection, Plaintiff states he worked in the slide out box set for four to five months at first, then has worked in shelling ever since.

**INTERROGATORY NO. 3**     For each specific type of Unit you helped to manufacture as a Production Employee during the Relevant Time Period, provide (a) the brand name of the Unit; (b) a description of the Unit; and (c) the minimum and maximum number of Units you produced during a Workweek. To the extent that the information requested by this Interrogatory changed over time, note the changes and when they occurred.

**ANSWER**: Objection. This interrogatory seeks information that is readily accessible to Defendant or already in Defendant's possession. Plaintiff further objects to this interrogatory as it is premature and seeks information not presently available to Plaintiff, but which may be revealed as discovery continues. Plaintiff further objects to this interrogatory as it is unduly burdensome and not proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, Plaintiff's relative access to relevant information, Plaintiff's resources, the importance of the interrogatory in resolving the issues in this case, and burden or expense of responding to the interrogatory outweigh its likely benefit.

Subject to and without waiving this objection, Plaintiff states the units were Chaparral Lite and Brookstone, but does not recall other details. It was 14 units a day for a long time and up and down since COVID for an average of about 10 to 12 units a day.

**INTERROGATORY NO. 4**     To the extent that you allege you experienced Downtime for which you were not paid during the Relevant Time Period, identify (a) every Workweek in which

DocuSign Envelope ID: 7B0B54FE-BF8D-4238-A9D0-7930F2B6B91C

you experienced Downtime; (b) what specifically caused you to be unable to engage in Productive Work during that Workweek; (c) the amount of Downtime attributable to each cause of Downtime; (d) any work-related activities you performed during that Downtime, whether or not you consider them "Productive Work."

**ANSWER**: Objection. Plaintiff further objects to this interrogatory as it is premature and seeks information not presently available to Plaintiff, but which may be revealed as discovery continues. Plaintiff further objects to this interrogatory as it seeks information that is in Defendant's possession, custody or control and/or otherwise equally accessible to Defendant, and that Defendant is required to maintain pursuant to the FLSA and Indiana law. Plaintiff further objects to this interrogatory as it requires Plaintiff to speculate as to the information Defendant seeks. Plaintiff further objects because of the use of "Downtime" rather than "Non-Productive Work" to the extent that "Downtime" is being used to imply that work was not performed during any time other than Productive Work time as non-productive work was performed during "Downtime."

Subject to and without waiving the objections, Plaintiff states:

a) Down time was common, probably every week;

b) Something breaks, staffing issues, people walking out, people missing work, or things going slower.

c) One to two hours approximately.

d) Made/prepped parts, helped others, swept the floors, cleaned, a few times they were sent out to clean the parking lot.

DocuSign Envelope ID: 7B0B54FE-BF8D-4238-A9D0-7930F2B6B91C

**INTERROGATORY NO. 5**    At any time that you worked in any capacity for Forest River, did you ever transition from being compensated on an hourly basis for all hours worked to being paid primarily a Piece Rate? If so, identify each date when Forest River began paying you Piece Rate wages, including dates before the Relevant Time Period.

**ANSWER**: Objection. Plaintiff further objects to this interrogatory as it is premature and seeks information not presently available to Plaintiff, but which may be revealed as discovery continues. Plaintiff further objects to this interrogatory as it seeks information that is in Defendant's possession, custody or control and/or otherwise equally accessible to Defendant, and that Defendant is required to maintain pursuant to the FLSA and Indiana law. Plaintiff further objects to this interrogatory as it requires Plaintiff to speculate as to the information Defendant seeks.

Subject to and without waiving the objections, Plaintiff states that he recalls always being piece rate for most of his employment. Plaintiff states that during inventory day, which were approximately 2 to 4 days out of the year. On inventory days, Plaintiff and others counted parts and were paid close to minimum wage, possibly up to $12 per hour.

**INTERROGATORY NO. 6**    Did Forest River pay you on an hourly basis for some of your Non-Productive Work at the same time that you were typically paid on a Piece Rate basis? If so, identify each work-related activity you performed for which Forest River paid you an hourly wage for any Non-Productive Work.

**ANSWER**: Plaintiff further objects to this interrogatory as it is premature and seeks information not presently available to Plaintiff, but which may be revealed as discovery continues. Plaintiff further objects to this interrogatory as it seeks information that is in

DocuSign Envelope ID: 7B0B54FE-BF8D-4238-A9D0-7930F2B6B91C

Defendant's possession, custody or control and/or otherwise equally accessible to Defendant, and that Defendants are required to maintain pursuant to the FLSA and Indiana law. Plaintiff further objects to this interrogatory as it requires Plaintiff to speculate as to the information Defendants seek. Plaintiff further objects to this interrogatory as it is duplicative.

Subject to and without waiving the objections, Plaintiff states "No."

**INTERROGATORY NO. 7**    Did anyone at Forest River ever tell you that you would not be paid for Non-Productive Work? If so, for each instance identify: (a) the date of the communication(s); (b) the person or person with whom you communicated; (c) the exact content of the communications; (d) whether the communications were written or oral; (e) if the communications were oral, all persons present when they were transmitted or communicated; and (f) if the communications were written, all Documents referring or relating to the communications.

**ANSWER**: Objection. Plaintiff further objects to this interrogatory as it is premature and seeks information not presently available to Plaintiff, but which may be revealed as discovery continues. Plaintiff further objects to this interrogatory as it is overly broad, burdensome, and not proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, Plaintiff's relative access to relevant information, Plaintiff's resources, the importance of the interrogatory in resolving the issues in this case, and burden or expense of responding to the interrogatory outweigh its likely benefit. Plaintiff further objects to this interrogatory as it seeks information that is in Defendant's possession, custody or control and/or otherwise equally accessible to Defendant, and that Defendant is required to maintain pursuant to the FLSA and Indiana law.

DocuSign Envelope ID: 7B0B54FE-BF8D-4238-A9D0-7930F2B6B91C

Subject to and without waiving the objections, Plaintiff states "No." They were paid for the units that go out the door and the harder he worked, the more he would be paid. Further answering, Plaintiff states that no one at Forest River ever communicated anything in writing or said anything to him about being paid wages or not being wages for Non-Productive Work.

**INTERROGATORY NO. 8**    State the total number of straight-time and Overtime Hours you allege that you worked for which Forest River has not paid you.

**ANSWER**: Objection. Plaintiff further objects to this interrogatory as it is premature and seeks information not presently available to Plaintiff, but which may be revealed as discovery continues. Plaintiff further objects to this interrogatory as it is overly burdensome and not proportional to the needs of the case considering Plaintiff's relative access to relevant information. Plaintiff further objects to this interrogatory as it seeks information that is in Defendant's possession, custody or control and/or otherwise equally accessible to Defendant, and that Defendant is required to maintain pursuant to the FLSA and Indiana law. However, Defendant may not have kept records of all such work. Plaintiff has requested, but Defendant has not produced, all of Plaintiff's time and pay data. Accordingly, Plaintiff further objects to this interrogatory as it requires Plaintiff to speculate as to the information Defendant seeks.

Subject to and without waiving the objections, Plaintiff states he will supplement this answer when Forest River produces his complete time and pay records. Further answering, Plaintiff states he has worked weeks of up to about 50 hours per week during the relevant period.

DocuSign Envelope ID: 7B0B54FE-BF8D-4238-A9D0-7930F2B6B91C

**INTERROGATORY NO. 9**    Other than Forest River, have you ever worked for an employer who paid you on a Piece Rate basis? If so, provide (a) the name of the employer, and (b) the dates of your employment with that employer, including dates before the Relevant Time Period.

**ANSWER**: Objection. Plaintiff further objects to this interrogatory as it seeks information that is irrelevant and immaterial to the subject litigation. Plaintiff further objects to this interrogatory as it is overly broad, burdensome, and not proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, Plaintiff's resources, the importance of the interrogatory in resolving the issues in this case, and the burden or expense of responding to the interrogatory outweighs its likely benefit. Defendant has failed to set forth a sufficient evidentiary nexus between the discovery sought and a good faith basis to believe that such discovery is both relevant and proportional to the needs of the case. Defendant has failed to show how the requested information relates to the Plaintiff's employment with Defendant, the wage and hour requirements of the FLSA, or whether Defendant paid Plaintiff for all overtime earned as alleged in Plaintiff's Complaint. Plaintiff further objects to this interrogatory as it is asked for the purposes of burdening and harassing Plaintiff. Plaintiff further objects to this interrogatory as it purports to impose obligations on Plaintiff that exceed or differ from those imposed by the Federal Rules of Civil Procedure, the Local Rules of this Court, or any applicable orders. Plaintiff further objects to this interrogatory as it intrudes on Plaintiff's right of privacy.

Subject to and without waiving the objections, Plaintiff states yes; for Thor Motorcoach for about 2 years starting in approximately August 2016.

DocuSign Envelope ID: 7B0B54FE-BF8D-4238-A9D0-7930F2B6B91C

**INTERROGATORY NO. 10**    At any time prior to the date when you opted into this Lawsuit, had you had any communications with another current or former Forest River employee about Forest River's compensation policies or practices? If so, for each instance identify: (a) the date of the communication(s); (b) the person or person with whom you communicated; (c) the exact content of the communications; (d) whether the communications were written or oral; (e) if the communications were oral, all persons present when they were transmitted or communicated; and (f) if the communications were written, all Documents referring or relating to the communications.

**ANSSWER**: Objection. Plaintiff further objects to this interrogatory as it is premature and seeks information not presently available to Plaintiff, but which may be revealed as discovery continues. Plaintiff further objects to this interrogatory as it seeks the disclosure of information or documents subject to the attorney-client privilege and attorney work product doctrine. Plaintiff further objects to this interrogatory as it seeks information relating to the impressions, conclusions, or opinions of individuals which Plaintiff does not intend to produce as witnesses at the trial of this matter, including, but not limited to, Plaintiff's attorneys or non-legal experts, on the grounds that such information falls within the scope of the attorney-client privilege and/or attorney work product immunity, is irrelevant and immaterial to the subject litigation, and/or is not proportional to the needs of the case.

Subject to and without waiving the objections, Plaintiff states "No." Nothing has been withheld.

**INTERROGATORY NO. 11**    At any time prior to the date when you opted into this Lawsuit, had any current or former Forest River employee ever communicated with you about

DocuSign Envelope ID: 7B0B54FE-BF8D-4238-A9D0-7930F2B6B91C

their experiences working at Forest River plants where you have not worked? If so, for each instance identify: (a) the date of the communication(s); (b) the person or person with whom you communicated; (c) the exact content of the communications; (d) whether the communications were written or oral; (e) if the communications were oral, all persons present when they were transmitted or communicated; and (f) if the communications were written, all Documents referring or relating to the communications.

**ANSWER**: Objection. Plaintiff further objects to this interrogatory as it is premature and seeks information not presently available to Plaintiff, but which may be revealed as discovery continues. Plaintiff further objects to this interrogatory as it seeks the disclosure of information or documents subject to the attorney-client privilege and attorney work product doctrine. Plaintiff further objects to this interrogatory as it seeks information relating to the impressions, conclusions, or opinions of individuals which Plaintiff does not intend to produce as witnesses at the trial of this matter, including, but not limited to, Plaintiff's attorneys or non-legal experts, on the grounds that such information falls within the scope of the attorney-client privilege and/or attorney work product immunity, is irrelevant and immaterial to the subject litigation, and/or is not proportional to the needs of the case.

Subject to and without waiving the objections, Plaintiff states "No." Nothing has been withheld.

**INTERROGATORY NO. 12**    Identify (a) all persons at Forest River to whom you reported during the Relevant Time Period; (b) their respective positions and titles; and (c) the dates when you reported to them.

DocuSign Envelope ID: 7B0B54FE-BF8D-4238-A9D0-7930F2B6B91C

**ANSWER**: Objection. Plaintiff further objects to this interrogatory as it is premature and seeks information not presently available to Plaintiff, but which may be revealed as discovery continues. Plaintiff further objects to this interrogatory as it is overly broad, burdensome, and not proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, Plaintiff's relative access to relevant information, Plaintiff's resources, the importance of the interrogatory in resolving the issues in this case, and burden or expense of responding to the interrogatory outweigh its likely benefit. Plaintiff further objects to this interrogatory as it seeks information that is in Defendant's possession, custody or control and/or otherwise equally accessible to Defendant, and that Defendant is required to maintain pursuant to the FLSA and Indiana law.

Subject to and without waiving the objections, Plaintiff identifies George Balinez (spelling uncertain), most of last year for approximately 1.5; and Dave Martinez/Assistant Plant Manager, for most of the last year.

**INTERROGATORY NO. 13**    Identify all persons at Forest River who provided you with any training or onboarding information. For each such person, provide (a) the date of the communication(s); (b) the exact content of the communications; (c) whether the communications were written or oral; (d) if the communications were oral, all persons present when they were transmitted or communicated; and (e) if the communications were written, all Documents referring or relating to the communications.

**ANSWER**: Objection. Plaintiff further objects to this interrogatory as it is premature and seeks information not presently available to Plaintiff, but which may be revealed as discovery continues. Plaintiff further objects to this interrogatory as it is overly broad, burdensome, and

DocuSign Envelope ID: 7B0B54FE-BF8D-4238-A9D0-7930F2B6B91C

not proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, Plaintiff's relative access to relevant information, Plaintiff's resources, the importance of the interrogatory in resolving the issues in this case, and burden or expense of responding to the interrogatory outweigh its likely benefit. Plaintiff further objects to this interrogatory as it seeks information that is in Defendant's possession, custody or control and/or otherwise equally accessible to Defendant, and that Defendant is required to maintain pursuant to the FLSA and Indiana law.

Subject to and without waiving the objections, Plaintiff identifies Dave Martinez, further answering that it was verbal and that it was expected of the job.


**INTERROGATORY NO. 14**    Do you contend that Forest River made deductions from your paycheck for tools? If so, for each such deduction state: (1) the purpose for the deduction; (2) the amount of the deduction; (3) when the deductions were made; (4) whether you worked Overtime the Workweek the deductions were made; (5) whether you signed a document in which you purported to agree to the deduction; and (6) whether you have returned the tool in question to Forest River.

**ANSWER**: Objection. Plaintiff further objects to this interrogatory as it is premature and seeks information not presently available to Plaintiff, but which may be revealed as discovery continues. Plaintiff further objects to this interrogatory as it is overly burdensome and not proportional to the needs of the case considering Plaintiff's relative access to relevant information. Plaintiff further objects to this interrogatory as it seeks information that is in Defendant's possession, custody or control and/or otherwise equally accessible to Defendant, and that Defendant is required to maintain pursuant to the FLSA and Indiana law.

DocuSign Envelope ID: 7B0B54FE-BF8D-4238-A9D0-7930F2B6B91C

Subject to and without waiving the objections, Plaintiff states that he bought his own tools and brought them to work.

**INTERROGATORY NO. 15**    Before the date when you opted into this Lawsuit, had you ever communicated with another current or former Forest River employee regarding deductions from their paychecks for tools? If so, for each instance identify: (a) the date of the communication(s); (b) the person or person with whom you communicated; (c) the exact content of the communications; (d) whether the communications were written or oral; (e) if the communications were oral, all persons present when they were transmitted or communicated; and (f) if the communications were written, all Documents referring or relating to the communications.

**ANSWER**: Objection. Plaintiff further objects to this interrogatory as it is premature and seeks information not presently available to Plaintiff, but which may be revealed as discovery continues. Plaintiff further objects to this interrogatory as it seeks the disclosure of information or documents subject to the attorney-client privilege and attorney work product doctrine. Plaintiff further objects to this interrogatory as it seeks information relating to the impressions, conclusions, or opinions of individuals which Plaintiff does not intend to produce as witnesses at the trial of this matter, including, but not limited to, Plaintiff's attorneys or non-legal experts, on the grounds that such information falls within the scope of the attorney-client privilege and/or attorney work product immunity, is irrelevant and immaterial to the subject litigation, and/or is not proportional to the needs of the case. Plaintiff further objects as the interrogatory is duplicative and redundant.

Subject to and without waiving the objections, Plaintiff states "No." Nothing has been withheld.

DocuSign Envelope ID: 7B0B54FE-BF8D-4238-A9D0-7930F2B6B91C

## VERIFICATION OF INTERROGATORY ANSWERS

I, Ryan Warren, believe that the foregoing answers are true and correct to the best of my

knowledge, information and belief. I verify under penalty of perjury that the foregoing is true

and correct.

Executed on ___5/27/2021___.

Ryan Warren

DocuSign Envelope ID: 7B0B54FE-BF8D-4238-A9D0-7930F2B6B91C

Respectfully submitted,

*/s/ Robi J. Baishnab*
Robi Baishnab (OH Bar 0086195)
**NILGES DRAHER LLC**
34 N. High St., Ste. 502
Columbus, OH 43215
Telephone: (614) 318-9738
Facsimile: (330) 754-1430
Email: rbaishnab@ohlaborlaw.com

Hans A. Nilges (OH Bar 0074304)
Shannon M. Draher (OH Bar 0076017)
**NILGES DRAHER LLC**
7266 Portage Street, N.W., Suite D
Massillon, OH 44646
Phone: (330) 470-4428
Fax: (330) 754-1430
hans@ohlaborlaw.com
sdraher@ohlaborlaw.com

Robert P. Kondras, Jr. (18038-84)
**HASSLER KONDRAS MILLER LLP**
100 Cherry St.
Terre Haute, IN 47807
Telephone: (812) 232-9691
Facsimile: (812) 234-2881
Email: kodras@hkmlawfirm.com

Matthew J.P. Coffman (OH Bar 0085586)
**COFFMAN LEGAL, LLC**
1550 Old Henderson Rd.
Suite #126
Columbus, Ohio 43207
Telephone: (614) 949-1181
Facsimilc: (614) 386-9964
Email: mcoffman@mcoffmanlegal.com

*Counsel for Plaintiff and those similarly
situated*

## <u>CERTIFICATE OF SERVICE</u>

I, the undersigned counsel of record, in accordance with Federal Rule of Civil Procedure 5(a), certify that on this 27th of May, 2021, I emailed the foregoing responses to the individuals identified on the Service List below.

Michael C. Terrell, #2124-49
mterrell@taftlaw.com
Blake J. Burgan, #18350-49
bburgan@taftlaw.com
TAFT STETTINIUS & HOLLISTER LLP
One Indiana Square, Suite 3500
Indianapolis, IN 46204

Rachel L. Schaller (*Pro Hac Vice*)
rschaller@taftlaw.com
Andrew S. Murphy (*Pro Hac Vice*)
amurphy@taftlaw.com
TAFT STETTINIUS & HOLLISTER LLP
111 E. Wacker Dr., Suite 2800
Chicago, Illinois 60601

*/s/ Robi J. Baishnab*
Robi Baishnab

*Counsel for Plaintiffs*

# Exhibit 19

DocuSign Envelope ID: 1B615818-9057-49D6-9DFD-191A73346D52

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF INDIANA**
**SOUTH BEND DIVISION**

| | |
|---|---|
| HEATHER R. FITZGERALD, on behalf of herself and all others similarly situated, | ) ) ) |
| Plaintiff, | ) Case No. 3:20-cv-01004-DRL-MGG |
| v. | ) ) Hon. Damon R. Leichty |
| FOREST RIVER MANUFACTURING, LLC | ) ) ) |
| Defendant. | ) ) |

**OPT-IN PLAINTIFF TAMMY VANTINE'S[1] OBJECTIONS AND ANSWERS TO DEFENDANT'S FIRST SET OF INTERROGATORIES**

**GENERAL OBJECTIONS**

Opt-in Plaintiff ("Plaintiff") objects to Defendant's Interrogatories to the extent that:

1.     They are premature and seek information not presently available to Plaintiff, but which may be revealed as discovery continues.

2.     They are overly broad, burdensome, and not proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, Plaintiff's relative access to relevant information, Plaintiff's resources, the importance of the Interrogatories in resolving the issues in this case, and burden or expense of responding to the Interrogatories outweigh their likely benefit.

3.     They seek the disclosure of information or documents subject to the attorney-client privilege, attorney work product doctrine, and any other applicable privileges or protections. Plaintiff similarly objects to any Interrogatory which seeks information relating to the impressions, conclusions, or opinions of individuals which Plaintiff does not intend to

---

[1] fka Tammy Samuels.

DocuSign Envelope ID: 1B615818-9057-49D6-9DFD-191A73346D52

produce as witnesses at the trial of this matter, including, but not limited to, Plaintiff's attorneys or non-legal experts, on the grounds that such information falls within the scope of the attorney-client privilege and/or attorney work product immunity, is irrelevant and immaterial to the subject litigation, and/or is not proportional to the needs of the case.

4.      They seek to impose obligations upon Plaintiff which are different from or beyond those permitted or required by the Federal Rules of Civil Procedure, as well as other applicable rules of this Court.

5.      They require Plaintiff to speculate as to the information or documents Defendant seeks. Such requests are vague, indefinite, ambiguous, and lack a readily discernible meaning.

6.      They overlap or are redundant.

7.      They seek information or documents that are a matter of public record, in Defendant's possession, custody or control and/or otherwise equally accessible to Defendant.

8.      They seek information that Defendant is required to maintain pursuant to the Fair Labor Standards Act ("FLSA") and Indiana law.

9.      They seek information that is not within Plaintiff's possession, custody, or control.

10.      They purport to require Plaintiff to produce documents already in the possession of Defendant.

11.      They seek production of documents that have been requested from Defendant but have not been produced.

12.      Upon request by the Defendant's counsel, Plaintiff's counsel is willing to meet and confer regarding Plaintiff's responses any Interrogatory.

13.      Plaintiff reserves the right to supplement these answers.

2

DocuSign Envelope ID: 1B615818-9057-49D6-9DFD-191A73346D52

## INTERROGATORIES

**INTERROGATORY NO. 1**    With respect to any employment you have ever had with Forest River or any of its predecessor companies, state: (a) your date(s) of hire or rehire; (b) the plant(s) where you worked and the dates you worked at that plant or plants; and (c) your date or dates of separation.

**ANSWER**: Objection. This interrogatory seeks information that is readily accessible to Defendant or already in Defendant's possession, and it seeks information that Defendant is required to maintain pursuant to the FLSA and Indiana law. Plaintiff further objects to this interrogatory as it is premature and seeks information not presently available to Plaintiff, but which may be revealed as discovery continues.

Subject to and without waiving the objections, Plaintiff states she worked at the Centerville and White Pigeon (Plant 250, Viking Co.) locations from approximately February 2014 to October 2016, then again at White Pigeon (Plant 250, Viking Co.) from approximately November 2017 to September 2019.

**INTERROGATORY NO. 2**    Identify the specific Department(s) in which you worked as a Production Employee during the Relevant Time Period. If your Department(s) changed over time, provide the dates when you worked in each Department.

**ANSWER**: Objection. This interrogatory seeks information that is readily accessible to Defendant or already in Defendant's possession. Plaintiff further objects to this interrogatory as it is premature and seeks information not presently available to Plaintiff, but which may be revealed as discovery continues. Subject to and without waiving the objections, Plaintiff states

3

DocuSign Envelope ID: 1B615818-9057-49D6-9DFD-191A73346D52

that she moved around a lot. She started as a finish cleaner for about a year, then details/graphics, and midline repair throughout.

**INTERROGATORY NO. 3**    For each specific type of Unit you helped to manufacture as a Production Employee during the Relevant Time Period, provide (a) the brand name of the Unit; (b) a description of the Unit; and (c) the minimum and maximum number of Units you produced during a Workweek. To the extent that the information requested by this Interrogatory changed over time, note the changes and when they occurred.

**ANSWER**: Objection. This interrogatory seeks information that is readily accessible to Defendant or already in Defendant's possession. Plaintiff further objects to this interrogatory as it is premature and seeks information not presently available to Plaintiff, but which may be revealed as discovery continues. Plaintiff further objects to this interrogatory as it is unduly burdensome and not proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, Plaintiff's relative access to relevant information, Plaintiff's resources, the importance of the interrogatory in resolving the issues in this case, and burden or expense of responding to the interrogatory outweigh its likely benefit.

Subject to and without waiving the objections, Plaintiff identifies Clifford and Viking, but does not recall the dates or other details. Plaintiff states that production depended on supplies and estimates a minimum of 15 units and a maximum of 21 units.

**INTERROGATORY NO. 4**    To the extent that you allege you experienced Downtime for which you were not paid during the Relevant Time Period, identify (a) every Workweek in which

you experienced Downtime; (b) what specifically caused you to be unable to engage in Productive Work during that Workweek; (c) the amount of Downtime attributable to each cause of Downtime; (d) any work-related activities you performed during that Downtime, whether or not you consider them "Productive Work."

**ANSWER**: Objection. Plaintiff further objects to this interrogatory as it is premature and seeks information not presently available to Plaintiff, but which may be revealed as discovery continues. Plaintiff further objects to this interrogatory as it seeks information that is in Defendant's possession, custody or control and/or otherwise equally accessible to Defendant, and that Defendant is required to maintain pursuant to the FLSA and Indiana law. Plaintiff further objects to this interrogatory as it requires Plaintiff to speculate as to the information Defendant seeks. Plaintiff further objects because of the use of "Downtime" rather than "Non-Productive Work" to the extent that "Downtime" is being used to imply that work was not performed during any time other than Productive Work time as non-productive work was performed during "Downtime."

Subject to and without waiving the objections, Plaintiff states that non-productive time varied, and usually depended on when inventory was down. They had to wait on units to come down the line. On average, non-productive time ranged from several minutes to upwards of a good hour, even up to 3 or more hours on occasion. During non-productive time, Plaintiff helped others get things done and cleaned.

**INTERROGATORY NO. 5**    At any time that you worked in any capacity for Forest River, did you ever transition from being compensated on an hourly basis for all hours worked to being

DocuSign Envelope ID: 1B615818-9057-49D6-9DFD-191A73346D52

paid primarily a Piece Rate? If so, identify each date when Forest River began paying you Piece Rate wages, including dates before the Relevant Time Period.

**ANSWER**: Objection. Plaintiff further objects to this interrogatory as it is premature and seeks information not presently available to Plaintiff, but which may be revealed as discovery continues. Plaintiff further objects to this interrogatory as it seeks information that is in Defendant's possession, custody or control and/or otherwise equally accessible to Defendant, and that Defendant is required to maintain pursuant to the FLSA and Indiana law. Plaintiff further objects to this interrogatory as it requires Plaintiff to speculate as to the information Defendant seeks.

Subject to and without waiving the objections, Plaintiff states that she was hourly in the beginning, when she was first learning for a couple of weeks. After training, they moved her to piece rate.

**INTERROGATORY NO. 6**    Did Forest River pay you on an hourly basis for some of your Non-Productive Work at the same time that you were typically paid on a Piece Rate basis? If so, identify each work-related activity you performed for which Forest River paid you an hourly wage for any Non-Productive Work.

**ANSWER**: Plaintiff further objects to this interrogatory as it is premature and seeks information not presently available to Plaintiff, but which may be revealed as discovery continues. Plaintiff further objects to this interrogatory as it seeks information that is in Defendant's possession, custody or control and/or otherwise equally accessible to Defendant, and that Defendants are required to maintain pursuant to the FLSA and Indiana law. Plaintiff

further objects to this interrogatory as it requires Plaintiff to speculate as to the information Defendants seek. Plaintiff further objects to this interrogatory as it is duplicative.

Subject to and without waiving the objections, Plaintiff states, "No."

**INTERROGATORY NO. 7**    Did anyone at Forest River ever tell you that you would not be paid for Non-Productive Work? If so, for each instance identify: (a) the date of the communication(s); (b) the person or person with whom you communicated; (c) the exact content of the communications; (d) whether the communications were written or oral; (e) if the communications were oral, all persons present when they were transmitted or communicated; and (f) if the communications were written, all Documents referring or relating to the communications.

**ANSWER**: Objection. Plaintiff further objects to this interrogatory as it is premature and seeks information not presently available to Plaintiff, but which may be revealed as discovery continues. Plaintiff further objects to this interrogatory as it is overly broad, burdensome, and not proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, Plaintiff's relative access to relevant information, Plaintiff's resources, the importance of the interrogatory in resolving the issues in this case, and burden or expense of responding to the interrogatory outweigh its likely benefit. Plaintiff further objects to this interrogatory as it seeks information that is in Defendant's possession, custody or control and/or otherwise equally accessible to Defendant, and that Defendant is required to maintain pursuant to the FLSA and Indiana law.

Subject to and without waiving the objections, Plaintiff states that, "No." Further answering, Plaintiff states that no one at Forest River ever communicated anything in writing or said anything to him about being paid wages or not being wages for Non-Productive Work.

**INTERROGATORY NO. 8**     State the total number of straight-time and Overtime Hours you allege that you worked for which Forest River has not paid you.

**ANSWER**: Objection. Plaintiff further objects to this interrogatory as it is premature and seeks information not presently available to Plaintiff, but which may be revealed as discovery continues. Plaintiff further objects to this interrogatory as it is overly burdensome and not proportional to the needs of the case considering Plaintiff's relative access to relevant information. Plaintiff further objects to this interrogatory as it seeks information that is in Defendant's possession, custody or control and/or otherwise equally accessible to Defendant, and that Defendant is required to maintain pursuant to the FLSA and Indiana law. However, Defendant may not have kept records of all such work. Plaintiff has requested, but Defendant has not produced, all of Plaintiff's time and pay data. Accordingly, Plaintiff further objects to this interrogatory as it requires Plaintiff to speculate as to the information Defendant seeks.

Subject to and without waiving the objections, Plaintiff states she will supplement this answer when Forest River produces her complete time and pay records. Further answering, Plaintiff states she estimates she worked 8 to 13 hours days, at times, and approximately 5 days a week.

**INTERROGATORY NO. 9**     Other than Forest River, have you ever worked for an employer who paid you on a Piece Rate basis? If so, provide (a) the name of the employer, and (b) the dates of your employment with that employer, including dates before the Relevant Time Period.

**ANSWER**: Objection. Plaintiff further objects to this interrogatory as it seeks information that is irrelevant and immaterial to the subject litigation. Plaintiff further objects to this

interrogatory as it is overly broad, burdensome, and not proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, Plaintiff's resources, the importance of the interrogatory in resolving the issues in this case, and the burden or expense of responding to the interrogatory outweighs its likely benefit. Defendant has failed to set forth a sufficient evidentiary nexus between the discovery sought and a good faith basis to believe that such discovery is both relevant and proportional to the needs of the case. Defendant has failed to show how the requested information relates to the Plaintiff's employment with Defendant, the wage and hour requirements of the FLSA, or whether Defendant paid Plaintiff for all overtime earned as alleged in Plaintiff's Complaint. Plaintiff further objects to this interrogatory as it is asked for the purposes of burdening and harassing Plaintiff. Plaintiff further objects to this interrogatory as it purports to impose obligations on Plaintiff that exceed or differ from those imposed by the Federal Rules of Civil Procedure, the Local Rules of this Court, or any applicable orders. Plaintiff further objects to this interrogatory as it intrudes on Plaintiff's right of privacy.

Subject to and without waiving the objections, Plaintiff states she has worked at Thor Motorcoach from approximately 2019 to the present, and at Heartland for approximately a month after Forest River.

**INTERROGATORY NO. 10**    At any time prior to the date when you opted into this Lawsuit, had you had any communications with another current or former Forest River employee about Forest River's compensation policies or practices? If so, for each instance identify: (a) the date of the communication(s); (b) the person or person with whom you communicated; (c) the exact content of the communications; (d) whether the communications were written or oral; (e) if

the communications were oral, all persons present when they were transmitted or communicated; and (f) if the communications were written, all Documents referring or relating to the communications.

**ANSSWER**: Objection. Plaintiff further objects to this interrogatory as it is premature and seeks information not presently available to Plaintiff, but which may be revealed as discovery continues. Plaintiff further objects to this interrogatory as it seeks the disclosure of information or documents subject to the attorney-client privilege and attorney work product doctrine. Plaintiff further objects to this interrogatory as it seeks information relating to the impressions, conclusions, or opinions of individuals which Plaintiff does not intend to produce as witnesses at the trial of this matter, including, but not limited to, Plaintiff's attorneys or non-legal experts, on the grounds that such information falls within the scope of the attorney-client privilege and/or attorney work product immunity, is irrelevant and immaterial to the subject litigation, and/or is not proportional to the needs of the case.

Subject to and without waiving the objections, Plaintiff states that she talked with a co-worker, Mary Taylor, around the week of May 10th. Plaintiff asked if she knew about the lawsuit. The discussion was verbal.

**INTERROGATORY NO. 11**    At any time prior to the date when you opted into this Lawsuit, had any current or former Forest River employee ever communicated with you about their experiences working at Forest River plants where you have not worked? If so, for each instance identify: (a) the date of the communication(s); (b) the person or person with whom you communicated; (c) the exact content of the communications; (d) whether the communications were written or oral; (e) if the communications were oral, all persons present when they were transmitted

or communicated; and (f) if the communications were written, all Documents referring or relating to the communications.

**ANSWER**: Objection. Plaintiff further objects to this interrogatory as it is premature and seeks information not presently available to Plaintiff, but which may be revealed as discovery continues. Plaintiff further objects to this interrogatory as it seeks the disclosure of information or documents subject to the attorney-client privilege and attorney work product doctrine. Plaintiff further objects to this interrogatory as it seeks information relating to the impressions, conclusions, or opinions of individuals which Plaintiff does not intend to produce as witnesses at the trial of this matter, including, but not limited to, Plaintiff's attorneys or non-legal experts, on the grounds that such information falls within the scope of the attorney-client privilege and/or attorney work product immunity, is irrelevant and immaterial to the subject litigation, and/or is not proportional to the needs of the case.

Subject to and without waiving the objections, Plaintiff states "No." Further answering, nothing has been withheld.

**INTERROGATORY NO. 12**    Identify (a) all persons at Forest River to whom you reported during the Relevant Time Period; (b) their respective positions and titles; and (c) the dates when you reported to them.

**ANSWER**: Objection. Plaintiff further objects to this interrogatory as it is premature and seeks information not presently available to Plaintiff, but which may be revealed as discovery continues. Plaintiff further objects to this interrogatory as it is overly broad, burdensome, and not proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, Plaintiff's relative access to relevant information,

Plaintiff's resources, the importance of the interrogatory in resolving the issues in this case, and burden or expense of responding to the interrogatory outweigh its likely benefit. Plaintiff further objects to this interrogatory as it seeks information that is in Defendant's possession, custody or control and/or otherwise equally accessible to Defendant, and that Defendant is required to maintain pursuant to the FLSA and Indiana law.

Subject to and without waiving the objections, Plaintiff identifies:

- Tammy Tatro (QC in final finish) – around the first year of employment.

- Brittany Reed (took over for Tammy as QC final finish) – around the first part of 2015 to 2106.

- Zackary Snyder (electrical group leader) – During Plaintiff's second work period at Forest River.

- Larry Hensley - floor manager – during the last 6 months of 2016, and then Plant Manager during Plaintiff's second work period with Forest River.

- JD Boyd – Assistant Plant Manager – during the approximate last year of her employment.

**INTERROGATORY NO. 13**    Identify all persons at Forest River who provided you with any training or onboarding information. For each such person, provide (a) the date of the communication(s); (b) the exact content of the communications; (c) whether the communications were written or oral; (d) if the communications were oral, all persons present when they were transmitted or communicated; and (e) if the communications were written, all Documents referring or relating to the communications.

**ANSWER**: Objection. Plaintiff further objects to this interrogatory as it is premature and seeks information not presently available to Plaintiff, but which may be revealed as discovery continues. Plaintiff further objects to this interrogatory as it is overly broad, burdensome, and not proportional to the needs of the case, considering the importance of the issues at stake in

12

the action, the amount in controversy, Plaintiff's relative access to relevant information, Plaintiff's resources, the importance of the interrogatory in resolving the issues in this case, and burden or expense of responding to the interrogatory outweigh its likely benefit. Plaintiff further objects to this interrogatory as it seeks information that is in Defendant's possession, custody or control and/or otherwise equally accessible to Defendant, and that Defendant is required to maintain pursuant to the FLSA and Indiana law.

Subject to and without waiving the objections, Plaintiff states that she cannot recall specifics. A lot of people helped train her.

**INTERROGATORY NO. 14**    Do you contend that Forest River made deductions from your paycheck for tools? If so, for each such deduction state: (1) the purpose for the deduction; (2) the amount of the deduction; (3) when the deductions were made; (4) whether you worked Overtime the Workweek the deductions were made; (5) whether you signed a document in which you purported to agree to the deduction; and (6) whether you have returned the tool in question to Forest River.

**ANSWER**: Objection. Plaintiff further objects to this interrogatory as it is premature and seeks information not presently available to Plaintiff, but which may be revealed as discovery continues. Plaintiff further objects to this interrogatory as it is overly burdensome and not proportional to the needs of the case considering Plaintiff's relative access to relevant information. Plaintiff further objects to this interrogatory as it seeks information that is in Defendant's possession, custody or control and/or otherwise equally accessible to Defendant, and that Defendant is required to maintain pursuant to the FLSA and Indiana law.

DocuSign Envelope ID: 1B615818-9057-49D6-9DFD-191A73346D52

Subject to and without waiving the objections, Plaintiff states that she does not recall deductions for tools.

**INTERROGATORY NO. 15**    Before the date when you opted into this Lawsuit, had you ever communicated with another current or former Forest River employee regarding deductions from their paychecks for tools? If so, for each instance identify: (a) the date of the communication(s); (b) the person or person with whom you communicated; (c) the exact content of the communications; (d) whether the communications were written or oral; (e) if the communications were oral, all persons present when they were transmitted or communicated; and (f) if the communications were written, all Documents referring or relating to the communications.

**ANSWER**: Objection. Plaintiff further objects to this interrogatory as it is premature and seeks information not presently available to Plaintiff, but which may be revealed as discovery continues. Plaintiff further objects to this interrogatory as it seeks the disclosure of information or documents subject to the attorney-client privilege and attorney work product doctrine. Plaintiff further objects to this interrogatory as it seeks information relating to the impressions, conclusions, or opinions of individuals which Plaintiff does not intend to produce as witnesses at the trial of this matter, including, but not limited to, Plaintiff's attorneys or non-legal experts, on the grounds that such information falls within the scope of the attorney-client privilege and/or attorney work product immunity, is irrelevant and immaterial to the subject litigation, and/or is not proportional to the needs of the case. Plaintiff further objects as the interrogatory is duplicative and redundant.

Subject to and without waiving the objections, Plaintiff states "No." Further answering, nothing has been withheld.

## VERIFICATION OF INTERROGATORY ANSWERS

I, Tammy Vantine, believe that the foregoing answers are true and correct to the best of my knowledge, information and belief. I verify under penalty of perjury that the foregoing is true and correct.

Executed on ___5/27/2021___.

DocuSigned by:

*Tammy Vantine*

— 56EF33ADAF77480...

_____

Tammy Vantine

Respectfully submitted,

*/s/ Robi J. Baishnab*
Robi Baishnab (OH Bar 0086195)
**NILGES DRAHER LLC**
34 N. High St., Ste. 502
Columbus, OH 43215
Telephone: (614) 318-9738
Facsimile: (330) 754-1430
Email: rbaishnab@ohlaborlaw.com

Hans A. Nilges (OH Bar 0074304)
Shannon M. Draher (OH Bar 0076017)
**NILGES DRAHER LLC**
7266 Portage Street, N.W., Suite D
Massillon, OH 44646
Phone: (330) 470-4428
Fax: (330) 754-1430
hans@ohlaborlaw.com
sdraher@ohlaborlaw.com

Robert P. Kondras, Jr. (18038-84)
**HASSLER KONDRAS MILLER LLP**
100 Cherry St.
Terre Haute, IN 47807
Telephone: (812) 232-9691
Facsimile: (812) 234-2881
Email: kodras@hkmlawfirm.com

Matthew J.P. Coffman (OH Bar 0085586)
**COFFMAN LEGAL, LLC**
1550 Old Henderson Rd.
Suite #126
Columbus, Ohio 43207
Telephone: (614) 949-1181
Facsimile: (614) 386-9964
Email: mcoffman@mcoffmanlegal.com

*Counsel for Plaintiff and those similarly
situated*

DocuSign Envelope ID: 1B615818-9057-49D6-9DFD-191A73346D52

## CERTIFICATE OF SERVICE

I, the undersigned counsel of record, in accordance with Federal Rule of Civil Procedure 5(a), certify that on this 27th of May, 2021, I emailed the foregoing responses to the individuals identified on the Service List below.

Michael C. Terrell, #2124-49
mterrell@taftlaw.com
Blake J. Burgan, #18350-49
bburgan@taftlaw.com
TAFT STETTINIUS & HOLLISTER LLP
One Indiana Square, Suite 3500
Indianapolis, IN 46204

Rachel L. Schaller (*Pro Hac Vice*)
rschaller@taftlaw.com
Andrew S. Murphy (*Pro Hac Vice*)
amurphy@taftlaw.com
TAFT STETTINIUS & HOLLISTER LLP
111 E. Wacker Dr., Suite 2800
Chicago, Illinois 60601

*/s/ Robi J. Baishnab*
Robi Baishnab

*Counsel for Plaintiffs*

# Exhibit 20

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISON

HEATHER R. FITZGERALD, on behalf of
herself and all others similarly situated,

        Plaintiff,

v.

FOREST RIVER MANUFACTURING, LLC,

        Defendant.

Case No. Case No.  3:20-cv-1004

Hon.     Damon R. Leichty

## DECLARATION OF MARILYN JOYCE ENGLAND

I, Marilyn Joyce England, being sworn upon my oath, declare as follows:

1.     I am over 18 years old, of sound mind, and am otherwise fully capable of making this declaration. All statements made in this declaration are within my personal knowledge. If called on to do so, I would testify that the following statements are true.

2.     I have been working with Forest River, Inc. ("Forest River") for approximately six years. I currently work for Forest River in the pre-final department at Plant 45 in Goshen, Indiana. Plant 45 produces XLR branded recreational vehicles.

3.     I am currently being paid based a piece-rate wage. Before being paid piece rate, I first started out being paid hourly during an introductory period. Forest River explained that I would start out as an hourly-rate employee until the manager of my department determined that I was eligible to be included in the piece-rate pool. During the introductory period, my hourly wage covered all of my work activities from the time I punched in until I punched out at the end of the day, including any time I spent building a unit, waiting for a unit to move from one work station to the next, prepping parts, assisting other employees, and cleaning.

4.      After my manager determined I could keep up with the line and met certain minimum requirements regarding productivity, skill, and reliability, I was added to the piece-rate pool. I fully understood that the piece-rate wage covered the exact same work activities that I performed between punching in and punching out that my hourly wage covered during the introductory period, including any time I spent building a unit, waiting for a unit to move from one work station to the next, prepping parts, assisting other employees, and cleaning. Forest River also explained that my wages from the piece-rate pool were a percentage of units completed by the plant that week. As a result, the number of hours I worked each day did not affect my pay unless I worked overtime.

5.      I wanted to be on piece rate because it allowed me to earn significantly more money. Furthermore, I could leave work early whenever I finished my work before the end of my shift. Everyone on piece rate works as a team to get the quota for the day completed.

6.      After I was converted to a piece-rate wage, I was paid a designated hourly rate only for some very specific work activities, such as inventory. I have no confusion regarding which of my work activities are covered by the piece-rate wage and which work activities are covered by a designated hourly wage because our paystubs showed how many hours we worked for piece-rate wages and how many hours we worked at a designated hourly rate. Our paystubs also showed how many hours we worked overtime and the amount of overtime pay we received.

7.      I am not able to speak to what any other employees understood that their piece-rate wage covered or what they were told regarding their piece-rate wages. However, I have not heard any Forest River employees stating that they did not understand that the piece-rate wages covered all time between punching in and punching out, including time spent building a unit, waiting for a unit to move from one work station to the next, prepping parts, assisting other employees, and

-2-

cleaning. Again, the only time that would not be covered by the piece-rate wage was the designated hourly work.

8.      As to any time we spent cleaning between punching in and punching out, I considered that an essential part of production. Specifically, if work stations are not kept clean throughout the work day, it would not be possible to safely and efficiently continue the production process. Regardless, the amount of time production employees clean periodically throughout the day varies widely among employees at different piece-rate plants and in different departments within the same plant.

9.      The pace of work is extremely fast. As a result, I have very little, if any, downtime while at work. Most of the time, I'm working on completing my quota for the day. A significant benefit of piece-rate work is that I can leave the plant when I finish my work. For that reason, I try to finish my work as quickly as possible so I can have more time for the things I like to do outside of work. But if there were a delay on the line for whatever reason, I can always find other work in the plant to do because the more units the plant produces, my effective piece-rate wage will be higher. The kind of work I typically perform if the line is delayed includes assisting co-workers at other work stations and prepping parts at my station. These work activities contribute to the overall productiveness of the plant. If I did nothing during delays, I would likely be reprimanded or even terminated.

10.      It is my understanding that the amount of time a line is delayed varies greatly from plant to plant and even from department to department within a single plant. For example, work stations at the beginning of the production line would have a lot less delays than a work station further down the line. In addition, new employees at a particular work station might cause delays for a period of time until they eventually got up to speed. Regardless, the plant I work at is so

-3-

spread out that I could not begin to provide a meaningful estimate how often other employees experienced delay, nor could I provide an accurate description regarding what each employee did to fill their time during any delay.

11.     Because the advantage of piece-rate wages is that it allows me to earn better pay with fewer hours, I rarely work much overtime, but when I do work overtime, I am paid half time based on my piece-rate earnings and any hourly wage for the week.

Dated: October 21, 2021                    By: _Marilyn Joyce England_
                                           Marilyn Joyce England

-4-

# Exhibit 21

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISON

HEATHER R. FITZGERALD, on behalf of
herself and all others similarly situated,

Plaintiff,

v.

FOREST RIVER MANUFACTURING, LLC,

Defendant.

Case No. Case No. 3:20-cv-1004

Hon.        Damon R. Leichty

## DECLARATION OF NOAH ABBOTT

I, Noah Abbott, being sworn upon my oath, declare as follows:

1.        I am over 18 years old, of sound mind, and am otherwise fully capable of making this declaration. All statements made in this declaration are within my personal knowledge. If called on to do so, I would testify that the following statements are true.

2.        I have been working with Forest River, Inc. ("Forest River") for approximately one year.

3.        I currently work for Forest River in the pre-final department at Plant 45 in Goshen, Indiana. Plant 45 produces XLR branded recreational vehicles. As a member of the pre-final department, I hang awnings on the vehicles.

4.        I am currently being paid based a piece-rate wage. Before being paid piece rate, I first started out being paid hourly during an introductory period. Forest River explained that I would start out as an hourly-rate employee until the manager of my department determined that I was eligible to be included in the piece-rate pool. During the introductory period, my hourly wage covered all of my work activities from the time I punched in until I punched out at the end of the

day, including any time I spent building a unit, waiting for a unit to move from one work station to the next, prepping parts, assisting other employees, and cleaning.

5.    After my manager determined I could keep up with the line and met certain minimum requirements regarding productivity, skill, and reliability, I was added to the piece-rate pool. I fully understood that the piece-rate wage covered the exact same work activities that I performed between punching in and punching out that my hourly wage covered during the introductory period, including any time I spent building a unit, waiting for a unit to move from one work station to the next, prepping parts, assisting other employees, and cleaning. Forest River also explained that my wages from the piece-rate pool were a percentage of units completed by the plant that week. As a result, the number of hours I worked each day did not affect my pay unless I worked overtime.

6.    I wanted to be on piece rate because it allowed me to earn significantly more money. Furthermore, I could leave work early whenever I finished my work before the end of my shift. Everyone on piece rate works as a team to get the quota for the day completed.

7.    After I was converted to a piece-rate wage, I was paid a designated hourly rate only for some very specific work activities, such as inventory. I have no confusion regarding which of my work activities are covered by the piece-rate wage and which work activities are covered by a designated hourly wage because our paystubs showed how many hours we worked for piece-rate wages and how many hours we worked at a designated hourly rate. Our paystubs also showed how many hours we worked overtime and the amount of overtime pay we received.

8.    I am not able to speak to what any other employees understood that their piece-rate wage covered or what they were told regarding their piece-rate wages. However, I have not heard any Forest River employees stating that they did not understand that the piece-rate wages covered

all time between punching in and punching out, including time spent building a unit, waiting for a unit to move from one work station to the next, prepping parts, assisting other employees, and cleaning. Again, the only time that would not be covered by the piece-rate wage was the designated hourly work.

9.      As to any time we spent cleaning between punching in and punching out, I considered that an essential part of production. Specifically, if work stations are not kept clean throughout the work day, it would not be possible to safely and efficiently continue the production process. Regardless, the amount of time production employees clean periodically throughout the day varies widely among employees at different piece-rate plants and in different departments within the same plant.

10.     The pace of work is extremely fast. As a result, I have very little, if any, downtime while at work. Most of the time, I'm working on completing my quota for the day. A significant benefit of piece-rate work is that I can leave the plant when I finish my work. For that reason, I try to finish my work as quickly as possible so I can have more time for the things I like to do outside of work. But if there were a delay on the line for whatever reason, I generally would try to find other work in the plant to do because the more units the plant produces, my effective piece-rate wage will be higher. The kind of work I typically perform if the line is delayed includes assisting co-workers at other work stations and prepping parts at my station. These work activities contribute to the overall productiveness of the plant. If I did nothing during delays, I would likely be reprimanded or even terminated.

11.     It is my understanding that the amount of time a line is delayed varies greatly from plant to plant and even from department to department within a single plant. For example, work stations at the beginning of the production line would have a lot less delays than a work station

-3-

further down the line. In addition, new employees at a particular work station might cause delays for a period of time until they eventually got up to speed. Regardless, the plant I work at is so spread out that I could not begin to provide a meaningful estimate how often other employees experienced delay, nor could I provide an accurate description regarding what each employee did to fill their time during any delay.

12.    Because the advantage of piece-rate wages is that it allows me to earn better pay with fewer hours, I rarely work much overtime, but when I do work overtime, I am paid half time based on my piece-rate earnings and any hourly wage for the week.

Dated: October 21, 2021             By: _____
                                         Noah Abbott

-4-

# Exhibit 22

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISON

HEATHER R. FITZGERALD, on behalf of
herself and all others similarly situated,

        Plaintiff,

    v.

FOREST RIVER MANUFACTURING, LLC,

        Defendant.

Case No. Case No.  3:20-cv-1004

Hon.     Damon R. Leichty

## DECLARATION OF BRENNA FITZPATRICK

I, Brenna Fitzpatrick being sworn upon my oath, declare as follows:

1.    I am over 18 years old, of sound mind, and am otherwise fully capable of making this declaration. All statements made in this declaration are within my personal knowledge. If called on to do so, I would testify that the following statements are true.

2.    I have been employed with Forest River, Inc. ("Forest River") since Sept 2005. I currently work for Forest River at Plant 37 in Goshen In.

3.    I am currently being paid based a piece-rate wage. When I was first hired, I was paid an hourly wage during an introductory period. My manager at Forest River explained to me that I would start out as an hourly-rate employee until my manager determined that I was eligible

to be included in the piece-rate pool. During the introductory period, my hourly wage covered all of my work activities from the time I punched in until I punched out at the end of the day, including any time I spent building a unit, waiting for a unit to move from one work station to the next, prepping parts, assisting other employees, and cleaning.

4.      After my manager determined that I could keep up with the line and met certain minimum requirements regarding productivity, skill, and reliability, I was added to the piece-rate pool. I understood that, like my hourly wages, the piece rate would cover all of my work activities from the time I punched in in the morning until I punched out at the end of the day, including any time I spent building a unit, waiting for a unit to move from one work station to the next, prepping parts, assisting other employees, and cleaning. I do not know if other employees at my plant or other Forest River plant share this understanding because I have never spoken to them about it.

5.      I understand that my piece rate pay is based upon the number of units completed by the plant every week. As a result, the more units we complete as a plant, the more I will receive in piece rate wages.

6.      I wanted to be on piece rate because it meant I could make more money. Furthermore, I could leave work early whenever I finished my work, even it was before the end of

for a unit to move from one work station to the next, prepping parts, assisting other employees, and cleaning.

10.    I do not know what any other employees understand about their piece-rate wages, how other plants calculate piece rate wages, or what managers at other plants tell their employees about what the piece rate wage does or does not cover.

11.    As to any time we spent cleaning between punching in and punching out, I personally considered that an essential part of production. It is my view that if work stations are not kept clean throughout the work day, it would not be possible for me to safely and efficiently continue the production process. I do not know when employees outside my department or at other plants clean their work stations, nor do I know how long they spend cleaning their work stations, because I do not see anyone outside my department clean on a regular basis. The time that I spend cleaning can vary from day-to-day depending on the types of unit being produced and the pace of production.

12.    The pace of work at Forest River is extremely fast. As a result, I have very little, if any, downtime while at work. A significant benefit of piece-rate work is that I can leave the plant when I finish my work. But if there are a delay on the line for whatever reason, I am usually able

to find something to do, like assisting a coworker or prepping parts, because the more units the plant produces, the higher my effective hourly wage will be. I do not know if employees in other Forest River plants usually find other work to do during any downtime because I have not observed them during the workday, nor have I spoken to them about this topic.

13.    I have sometimes observed downtime in departments outside of my own, even when my own department has not had any downtime. I do not know how much downtime plants I have not worked in experience because I have never observed downtime at those plants or spoken to employees at other plants about how much downtime they have. For the most part, I stay focused on my own department and my particular job. My plant is so spread out that I do not observe what other employees are doing and am not able to provide a meaningful estimate of how often other employees experienced delay, nor could I provide an accurate description regarding what each employee did to fill their time during any delay.

14.    Because the advantage of piece-rate wages is that it allows me to earn better pay with fewer hours, I rarely worked much overtime, but when I do work overtime, I am paid an overtime premium based on my piece-rate earnings and any hourly wage for the week.

Further affiant sayeth not.

Dated: October 25, 2021                    By: _Brenna Fitzpatrick_____

# Exhibit 23

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISON

HEATHER R. FITZGERALD, on behalf of
herself and all others similarly situated,

Plaintiff,

v.

FOREST RIVER MANUFACTURING, LLC,

Defendant.

Case No. Case No.  3:20-cv-1004

Hon.      Damon R. Leichty

## DECLARATION OF JORDAN ARMSTRONG

I, _Jordan Armstrong_ being sworn upon my oath, declare as follows:

1.      I am over 18 years old, of sound mind, and am otherwise fully capable of making

this declaration. All statements made in this declaration are within my personal knowledge. If

called on to do so, I would testify that the following statements are true.

2.      I have been employed with Forest River, Inc. ("Forest River") since _4-5-18_.

I currently work for Forest River at Plant _116_ in _floors_ .

3.      I am currently being paid based a piece-rate wage. When I was first hired, I was

paid an hourly wage during an introductory period. My manager at Forest River explained to me

that I would start out as an hourly-rate employee until my manager determined that I was eligible

to be included in the piece-rate pool. During the introductory period, my hourly wage covered all of my work activities from the time I punched in until I punched out at the end of the day, including any time I spent building a unit, waiting for a unit to move from one work station to the next, prepping parts, assisting other employees, and cleaning.

4.    After my manager determined that I could keep up with the line and met certain minimum requirements regarding productivity, skill, and reliability, I was added to the piece-rate pool. I understood that, like my hourly wages, the piece rate would cover all of my work activities from the time I punched in in the morning until I punched out at the end of the day, including any time I spent building a unit, waiting for a unit to move from one work station to the next, prepping parts, assisting other employees, and cleaning. I do not know if other employees at my plant or other Forest River plant share this understanding because I have never spoken to them about it.

5.    I understand that my piece rate pay is based upon the number of units completed by the plant every week. As a result, the more units we complete as a plant, the more I will receive in piece rate wages.

6.    I wanted to be on piece rate because it meant I could make more money. Furthermore, I could leave work early whenever I finished my work, even it was before the end of

my shift. Piece rate workers at my plant do whatever it takes to complete the required units for the day. The sooner the plant completes its units, the earlier everyone can go home.

7.      I have access to my pay stubs and I review them periodically. I do not know whether other employees at my plant or other Forest River plants review their pay stubs or what information is on their pay stubs. My pay stubs tell me the gross piece rate I earned and the number of hours I worked each week. My pay stubs also tell me when I worked more than 40 hours in a week and was paid overtime pay. All of my working time between punching in and punching out is counted towards the number of hours worked reported on my pay stubs, including time I spent building a unit, waiting for a unit to move from one work station to the next, prepping parts, assisting other employees, and cleaning.

8.      After I was put on piece-rate, I was sometimes paid an hourly rate for certain work activities, such as inventory. I understood that my pay for this type of work would be hourly, not piece rate. I do not know if other employees at my plant or other Forest River plants also understood this because I have never spoken to them about it.

9.      Accordingly, I fully understand that my piece rate wage covers all of my work activities between punching in to punching out, including any time I spent building a unit, waiting

for a unit to move from one work station to the next, prepping parts, assisting other employees, and cleaning.

10.    I do not know what any other employees understand about their piece-rate wages, how other plants calculate piece rate wages, or what managers at other plants tell their employees about what the piece rate wage does or does not cover.

11.    As to any time we spent cleaning between punching in and punching out, I personally considered that an essential part of production. It is my view that if work stations are not kept clean throughout the work day, it would not be possible for me to safely and efficiently continue the production process. I do not know when employees outside my department or at other plants clean their work stations, nor do I know how long they spend cleaning their work stations, because I do not see anyone outside my department clean on a regular basis. The time that I spend cleaning can vary from day-to-day depending on the types of unit being produced and the pace of production.

12.    The pace of work at Forest River is extremely fast. As a result, I have very little, if any, downtime while at work. A significant benefit of piece-rate work is that I can leave the plant when I finish my work. But if there are a delay on the line for whatever reason, I am usually able

to find something to do, like assisting a coworker or prepping parts, because the more units the plant produces, the higher my effective hourly wage will be. I do not know if employees in other Forest River plants usually find other work to do during any downtime because I have not observed them during the workday, nor have I spoken to them about this topic.

13.    I have sometimes observed downtime in departments outside of my own, even when my own department has not had any downtime. I do not know how much downtime plants I have not worked in experience because I have never observed downtime at those plants or spoken to employees at other plants about how much downtime they have. For the most part, I stay focused on my own department and my particular job. My plant is so spread out that I do not observe what other employees are doing and am not able to provide a meaningful estimate of how often other employees experienced delay, nor could I provide an accurate description regarding what each employee did to fill their time during any delay.

14.    Because the advantage of piece-rate wages is that it allows me to earn better pay with fewer hours, I rarely worked much overtime, but when I do work overtime, I am paid an overtime premium based on my piece-rate earnings and any hourly wage for the week.

Further affiant sayeth not.

Dated: October 22, 2021                    By:

# Exhibit 24

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | | |
|---|---|---|
| ALLEN GROSS, on behalf of himself and all others similarly situated, | ) ) ) | |
| Plaintiff, | ) ) | Case No. 3:21-cv-00616-JD-MGG |
| v. | ) ) | Chief Judge Jon E. DeGuilio |
| FOREST RIVER MANUFACTURING, LLC, | ) ) ) | |
| Defendant. | ) | |

## DEFENDANT FOREST RIVER MANUFACTURING, LLC'S COMBINED MOTION TO DISMISS UNDER RULE 12(B)(6) AND MEMORANDUM OF LAW IN SUPPORT

Defendant Forest River Manufacturing, LLC ("Forest River"), by and through its undersigned attorneys, hereby moves to dismiss all claims plaintiff Allen Gross ("Gross") asserted in his complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). In support of its motion, Forest River states as follows.

### INTRODUCTION

In his lawsuit, Gross alleges that Forest River's timekeeping system always rounds time in the company's favor and to the detriment of its employees, in violation of the Fair Labor Standards Act ("FLSA"). He seeks recovery of unpaid minimum wage and overtime premiums that he contends he is owed due to this alleged improper rounding.

Gross has not come close to plausibly alleging any wage and hour violations on the part of Forest River. For starters, he was paid "primarily on a piece-rate basis," which

means that his hours worked only affected his compensation in weeks in which he worked overtime. Additionally, his claim for unpaid minimum wages fails because he does not allege he earned less than the minimum wage in any workweek, and, absent a minimum wage violation, the FLSA does not provide a remedy for unpaid hours worked below the overtime threshold.

As for his claim for unpaid overtime, Gross does not plausibly allege that he actually worked any unpaid overtime during his employment with Forest River. He alleges no facts about how any time rounding occurred in practice or the number of hours he actually worked at Forest River. Rather, his entire case is based on the erroneous assumption that a plaintiff can establish FLSA violations merely by pointing to minor discrepancies between hours recorded by the employer's timekeeping system and the hours listed on the employee's pay stubs. Further, Gross's self-selected example of a single week in which he was allegedly underpaid six minutes of overtime per day is insufficient to give rise to a plausible inference that any rounding disadvantaged him or any other Forest River employees over the long term.

# FACTUAL BACKGROUND

## 1.    Gross's Allegations

Forest River manufactures various types and models of recreational vehicles at plants located in Northern Indiana, and elsewhere. (Dkt. 1, Compl. ¶ 2.) Gross worked as a non-exempt manufacturing employee at Forest River plants in Goshen and Elkhart from 2015 through April 2021. (*Id.* ¶ 1.) Forest River paid Gross "primarily on a piece-rate basis." (*Id.* ¶ 4.)

Gross alleges that Forest River's timekeeping system "recorded the time of each employee's actual start of work each day and each employee's actual work shift end time." (Compl. ¶ 5.) Gross further alleges that if Forest River had calculated his wages and overtime "based upon these actual time clock entries, Forest River would have been in compliance with the FLSA and Indiana wage statutes." (*Id.*) However, Gross contends that, at least through May 2021, the timekeeping system "consistently round[ed] work time entries in Forest River's favor and to its employees' detriment" for purposes of calculating hours to be paid. (*Id.* at 1 & 3 n.2.) Gross does not explain how this "non-neutral time rounding system" allegedly worked other than to assert that it "was designed to substantially benefit Forest River, both at the beginning of each employee's shift and at the end of each employee's shift." (*Id.* ¶ 10.)

Rather than allege any facts about the time rounding practice itself, Gross instead offers an example of a single workweek in which he was allegedly injured by it.

(Compl. ¶ 13.) By comparing the minutes between his punch-in time at the beginning of his workday and his punch-out time at the end of his workday to his hours paid, Gross calculates that he was underpaid between 2 to 39 minutes each day, for a total of 2 hours and 17 minutes for the week beginning March 8, 2021. (*Id.*) Then, adding this to the 38.25 hours for which he was paid that week, Gross asserts that he "should have been paid overtime premium compensation for 32 minutes (0.53 hours) for his actual, recorded work time." (*Id.*)

Gross asserts that Forest River's alleged time-rounding practice violated his right and that of similarly situated employees "to be properly paid minimum wages and overtime wages in a manner required by the FLSA." (Compl. ¶ 34.) He states that he seeks to represent an FLSA collective consisting of "[a]ll current and former employees of Forest River who were paid based on rounded time punches (rather than actual punch to punch) and who worked forty or more hours in at least one workweek during the last three (3) years." (*Id.* 20.) As of the date this motion, however, Gross had not moved to actually certify the purposed collective.

Invoking this Court's supplemental jurisdiction, Gross also asserts a claim under the Indiana Wage Payment Statute, IND. CODE § 22-2-5-2, for recovery of "all available damages" to which he may be entitled under Indiana law. (Compl. ¶ 20.) Here, Gross seeks to represent a Rule 23(b)(3) class consisting of "all eligible Forest River current and former non-exempt manufacturing employees (who voluntarily resigned) who worked

4

for Forest River in the State of Indiana and were damaged by Forest River's compensation system which systematically rounded time records to Forest River's advantage and its employees' detriment and resulted in uncompensated work performed by the employees." (*Id.* ¶ 21.)

## 2. Gross's Involvement in the *Fitzgerald* Case

This case does not arrive at this Court on a blank slate. As Gross himself acknowledges, this case is related to *Fitzgerald v. Forest River Manufacturing, LLC*, No. 3:20-cv-01004-DRL-MGG, which is pending before the Honorable Damon R. Leichty. (Compl. ¶ 1 n.1; Dkt. 3, Notice of Related Action.) The plaintiffs in *Fitzgerald* argue that Forest River's piece-rate compensation plan violates the FLSA because it does not adequately compensate manufacturing employees like Gross for large amounts of "non-productive" time such as waiting time that they allegedly encounter each workday. (*Fitzgerald* Dkt. 1, Compl. ¶ 4.) Specifically, the *Fitzgerald* plaintiffs argue that this compensation plan violates 29 C.F.R. § 778.318(c) because manufacturing employees do not understand that their piece-rate pay is intended to compensate them for this "non-productive" time.[1] For now, it suffices to say that Forest River strongly disagrees that its piece-rate compensation plan is illegal, and it expects to ultimately prove that in the *Fitzgerald* lawsuit. *See e.g.*, *Figueroa v. Butterball, LLC*, No. 5:20-CV-585-D, 2021 WL 4203652, at *6 (E.D.N.C. Sept. 15, 2021) (granting employer's motion to dismiss FLSA

---

[1] The *Fitzgerald* complaint actually cites to 29 U.S.C. § 778.318(c), but no such statute exists.

claim where employee failed to plausibly allege a lack of understanding of piece-rate compensation).

In addition to being an opt-in plaintiff in *Fitzgerald*, Gross has also played a particularly prominent role in that litigation. After Judge Leichty denied Fitzgerald's initial motion for conditional certification, Gross was one of five opt-in plaintiffs Forrest River deposed during phase-one discovery related to conditional certification. (*Fitzgerald* Dkt. 34, Order of Mar. 11, 2021; *Fitzgerald* Dkt. 56-7, Gross Depo. Tr.) Fitzgerald's renewed motion for conditional certification, filed September 21, 2021, quotes liberally from Gross's deposition testimony, the full transcript of which is attached as an exhibit in support of the motion. (*Fitzgerald* Dkt. 56, Plaintiff's Renewed Motion for Step One Conditional Certification and Notice Pursuant to the Fair Labor Standards Act; *Fitzgerald* Dkt. 56-7, Gross Depo. Tr.).

## LEGAL STANDARD FOR MOTIONS TO DISMISS

A motion to dismiss pursuant to Rule 12(b)(6) tests the sufficiency of the complaint. *McReynolds v. Merrill Lynch & Co.*, 694 F.3d 873, 879 n.4 (7th Cir. 2012). To survive a Rule 12(b)(6) motion, the complaint must comply with Rule 8(a) by providing "a short and plain statement of the claim showing that the pleader is entitled to relief," such that the defendant is given "fair notice of what the … claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). The factual allegations in the complaint

must be sufficient to raise the possibility of relief above the "speculative level." *Id.* In other words, the plaintiff must allege facts demonstrating that the plaintiff's claim is "plausible on its face" and that there is "a reasonable inference that the defendant is liable." *Id.* at 570; *Ashcroft v. Iqbal*, 556 U.S. 662, 678; *Nelson v. City of Chicago*, 992 F.3d 599, 603 (7th Cir. 2021). "A pleading that offers 'labels and conclusions' or a 'formulaic recitation of the elements of a cause of action will not do.'" *Ashcroft*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555). Moreover, a complaint should be dismissed under Rule 12(b)(6) "when the allegations in [the] complaint, however true, could not raise a claim of entitlement to relief[.]" *Twombly*, 550 U.S. at 558.

## ARGUMENT

### 1. <u>Gross Has Not Plausibly Alleged Minimum Wage Violations</u>

Despite a few scattered references in Gross's complaint to alleged minimum wage violations, it's unclear whether he actually intends to pursue minimum wage or "straight time" claims against Forest River. For example, his proposed definition for the collective excludes employees who did not work any overtime. (Compl. ¶ 20.) Likewise, when Gross complains about the additional time he says he worked the week beginning March 8, 2021, he focuses on the amount of overtime premium, if any, he should have been paid. (*Id.* ¶ 13.) Both of these paragraphs are implicit acknowledgments that Gross has no plausible theory for recovery of unpaid minimum wages. But to the extent that Gross did intend to pursue a claim for unpaid minimum wages or "straight time" (*i.e.*, hours

worked under 40 hours in a workweek), such claim is meritless, for the reasons explained below.

### A. Gross Does Not Allege That He Earned Less Than Minimum Wage In Any Workweek

Notably absent from Gross's complaint is any allegation that he earned less than the federal minimum wage in any workweek during his employment with Forest River. Indeed, Gross's complaint is completely silent about how much he actually earned at Forest River. That said, an employer need only pay a piece-rate employee $7.25 per hour or $290 per 40-hour work week to clear the FLSA's minimum wage requirements. *See* 29 U.S.C.A. § 206; 29 C.F. R. § 778.418(b). Because Gross does not allege that he earned less than this amount in any workweek, he has failed to plausibly allege minimum wage violations on the part of Forest River.

### B. The FLSA Does Not Permit Recovery of Unpaid Straight Time Below the Overtime Threshold

If the Court generously construes Gross's complaint as suggesting that he is somehow entitled to payment of minimum wages (or some other compensation) for additional hours worked *below* the 40-hour overtime threshold, such theory of recovery cannot overcome two insurmountable obstacles. First, as mentioned above, Gross was paid "primarily on a piece rate basis," which means that his hours worked generally had no effect on his compensation unless he worked overtime. Second, even if Gross had been paid by the hour, he could recover for unpaid hours worked below the overtime

threshold only if the non-payment diluted his pay so much that his pay for the entire workweek averaged less than the minimum wage. *See Jones v. C & D Techs., Inc.*, 8 F. Supp. 3d 1054, 1070 (S.D. Ind. 2014).

"The core rights and obligations the FLSA creates are the minimum wage levels and entitlement to overtime pay for work above specified maximum hours set forth in 29 U.S.C. §§ 206 and 207." *Braddock v. Madison County*, 34 F. Supp. 2d 1098, 1112 (S.D. Ind. 1998) (Hamilton, J.). Thus, "so long as an employee is being paid the minimum wage or more, FLSA does not provide recourse for unpaid hours below the 40–hour threshold, even if the employee also works overtime hours the same week." *Lundy v. Catholic Health Sys. of Long Island Inc.*, 711 F.3d 106, 116 (2d Cir. 2013). For this reason, the overwhelming consensus among the courts is that claims for uncompensated "gap time" for unpaid hours below the overtime threshold simply are not cognizable under the FLSA. *See, e.g., Johnson v. Melton Truck Lines, Inc.*, 14 C 07858, 2016 WL 8711494, at *4 (N.D. Ill. Sept. 30, 2016); *Spencer v. First Student Mgmt. LLC*, 15 C 9069, 2016 WL 693252, at *2 (N.D. Ill. Feb. 22, 2016); *Goeman v. Chippewa Falls Area Unified Sch. Dist.*, 13-CV-168-JDP, 2014 WL 3556395, at *3 (W.D. Wis. July 18, 2014); *Lundy*, 711 F.3d at 116; *Braddock*, 34 F. Supp. 2d at 1112; *Jones*, 8 F. Supp. 3d at 1069.

*Espenscheid v. DirectSat USA, LLC*, 09-CV-625-BBC, 2011 WL 10069108 (W.D. Wis. Apr. 11, 2011) is particularly instructive in this regard. Like Gross, the satellite technician employees in *Espencheid* were paid primarily on a piece-rate basis. *Id.* at *27. They alleged

that defendants failed to compensate them for nonproductive work such as attending meetings and picking up equipment. *Id.* at *6. In moving for partial summary judgment, the defendants argued that "the FLSA does not allow plaintiffs' claims for uncompensated non-overtime hours, commonly known as 'straight-time' or 'gap-time' claims." *Id.* at *6. The district court agreed, reasoning that employers do not run afoul of their obligation under the FLSA to "pay their employees a wage for all of the 'work' that they do … if the product of [the] employee's number of hours worked divided by wages received exceeds the FLSA's minimum wage requirements." *Id.* at *13.

In sum, Gross cannot assert a plausible claim for unpaid "gap time" because the FLSA does not provide a cause of action for such claims. And, because Gross cannot plausibly allege that he earned less than the federal minimum wage in any given workweek at Forest River, his minimum wage claim should be dismissed.

**2.** **Gross Has Not Plausibly Alleged Overtime Wage Violations Under the FLSA**

To survive a motion to dismiss for unpaid overtime compensation, plaintiffs must allege "some factual context that will nudge their claim from conceivable to plausible." *Hirst v. Skywest, Inc.*, 910 F.3d 961, 966 (7th Cir. 2018) (quoting *Hall v. DIRECTV, LLC*, 846 F.3d 757, 777 (4th Cir. 2017)). This requires a plaintiff to "provide sufficient detail about the length and frequency of [his] unpaid work to support a reasonable inference that [he] worked more than forty hours in a given week." *Hayes v. Thor Motor Coach, Inc.*, No. 3:19-cv-00375-DRL-MGG, 2019 WL 6352493, at *2 (N.D. Ind. Nov. 27, 2019) (quoting

*Nakahata v. N.Y.-Presbyterian Healthcare Sys.*, 723 F.3d 192, 201 (2d Cir. 2013)). Here, Gross has fallen short of meeting this pleading burden.

With just one notable exception discussed below, Gross's complaint is completely devoid of any details regarding the extent and frequency of any unpaid overtime. Gross merely paraphrases the statute and states that "Gross and similarly situated manufacturing coworkers regularly work/worked in excess of 40 hours per workweek for Forest River but were not paid all overtime premium compensation owed them under the FLSA by Forest River." (Compl. ¶ 3.) But courts "generally agree that broad assertions that employees were not adequately compensated for their hours worked in excess of forty do not provide the necessary factual specificity to state a plausible FLSA overtime claim." *Garrett v. Aquatic Renovation Sys., Inc.*, 119CV01509SEBTAB, 2020 WL 564282, at *3 (S.D. Ind. Feb. 5, 2020); *see Bland v. Edward D. Jones & Co., L.P.*, 375 F. Supp. 3d 962, 979 (N.D. Ill. 2019); *Hayes*, 2019 WL 6352493, at *2 (citing *Pruell v. Caritas Christi*, 678 F.3d 10, 13 (1st Cir. 2012)).

The only specific facts Gross alleges regarding unpaid overtime appear in paragraph 13 of the complaint. (Compl. ¶ 13.) Here, Gross alleges that Forest River's timekeeping system recorded him present at work for 40 hours and 32 minutes the week beginning March 7, 2021, yet Forest River only paid him for 38 hours and 15 minutes. (*Id.*) Based on this alleged discrepancy — and this discrepancy alone — Gross alleges that Forest River owes him an additional .53 hours of overtime for that week. (*Id.*) Gross says

nothing at all about how much overtime, if any, he thinks he is owed for the hundreds of other weeks he spent as a Forrest River employee.

Moreover, Gross never alleges that he actually performed work during all or any of the allegedly missing time. Rather, he seems simply to assume that Forest River is bound to pay him for every minute he's present at work. As further explained below, however, this assumption is fundamentally flawed for at least two reasons: (1) the FLSA permits rounding of time and (2) time spent on the clock does not necessarily equate to compensable time under the FLSA.

### A. The Department of Labor Permits Rounding of Time Punches

Despite what Gross's complaint seems to imply, there is nothing inherently illegal about an employer rounding time to a convenient increment for purposes of calculating wages due to the employee. Indeed, Department of Labor regulations explicitly authorize rounding "to the nearest five minutes, one-tenth of an hour, one-quarter of an hour, or one-half hour as long as the rounding averages out so that the employees are compensated for all the time they actually work." Opinion Letter Fair Labor Standards Act (FLSA), FLSA2019-9, 2019 WL 2914105, at *1 (Dept. of Labor, July 1, 2019); *see* 29 C.F.R. § 785.48(b). In other words, rounding is prohibited only if it results "over a period of time, in failure to compensate employees for all of the time they have worked." *Adair v. Wisconsin Bell, Inc.*, 08-C-280, 2008 WL 4224360, at *11 (E.D. Wis. Sept. 11, 2008)

(denying conditional certification); *see Creal v. Group O, Inc.*, 13 C 4275, 2016 WL 3181579, at *3 (N.D. Ill. June 8, 2016) (denying partial summary judgment for plaintiffs).

Here, Gross has not alleged sufficient facts to render plausible his conclusory assertion that any time rounding always worked "to Forest River's advantage and to the detriment and harm of Forest River's employees." (Compl. ¶ 12.) At no point does Gross allege the increment of time used for the alleged rounding or offer any other details about how it allegedly worked in practice. He also does not allege what time he punched in and punched out each day, making it more difficult to draw inferences about the extent of any rounding.

Nor does Gross's self-selected example of a single week in which the rounding allegedly worked to Forest River's advantage support a plausible inference that any rounding benefitted the company systematically and over a period of time. The whole point of § 785.48 is to ensure that any rounding *averages out* "in the long-term" across the employer's entire workforce. *See Corbin v. Time Warner Entm't-Advance/Newhouse P'ship*, 821 F.3d 1069, 1077 (9th Cir. 2016). A requirement that "*every* employee must gain or break even over *every* pay period" would not be neutral. *Id.* at 1079 (emphasis in original). Thus, to permit a plaintiff to plead an illegal time rounding policy based only on a potentially unrepresentative single workweek of one employee's time cards would "reward strategic pleading, permitting plaintiffs to selectively edit their relevant employment windows to include only pay periods in which they may have come out

behind while chopping off pay periods in which they may have come out ahead." *Id.* at 1077. Here, Gross alleges that he worked for Forest River from 2015 through April 2021. Accordingly, it is not reasonable to infer from his self-selected example of just one workweek during that entire period that any rounding consistently worked to benefit Forest River at the expense of its employees.

### B. Gross Does Not Allege That He Actually Performed Work During All of the Hours He Was Punched In

Gross's complaint also assumes, incorrectly, that an employee must always be compensated "from actual time punch in to actual time punch out." (Compl. ¶ 11.) The Department of Labor regulations, however, provide that employees who clock in early before their shift begins or clock out late after their shift ends need not be paid provided that "they do not engage in any work." 29 C.F.R. § 785.48(a); *see Weil v. Metal Techs., Inc.*, 925 F.3d 352, 357 n.6 (7th Cir. 2019); *Kellar v. Summit Seating Inc.*, 664 F.3d 169, 177 (7th Cir. 2011). In other words, "an employee can clock in, grab a coffee, read the newspaper, and then start working once his scheduled shift begins — and an employer wouldn't have to compensate him for that time." *Weil*, 925 F.3d at 357; *see also Tom v. Generac Power Sys., Inc.*, 17-C-1413, 2018 WL 3696607, at *5 (E.D. Wis. Aug. 3, 2018) (denying conditional certification and rejecting argument that mere act of clocking into work places employer on notice that employee has started work for the day).

Because "time spent clocked in is not automatically compensable," *Kolish v. Metal Techs., Inc.*, 216CV00145JMSMJD, 2018 WL 1566810, at *6 (S.D. Ind. Mar. 30, 2018), an

employee may not recover against his employer based purely on an alleged "discrepancy between their scheduled hours and the time clock." *Weil*, 925 F.3d at 357 n.6. The employee must instead show that they "were actually *working* without compensation — not simply that they were clocked in for over 40 hours." *Id.* at 357–58 (emphasis in original). Yet nowhere in the complaint does Gross allege that he worked during all of the extra time that he claims was captured on his time card but not reflected on his paychecks. Indeed, Gross admits that he worked scheduled shits on a production line and sometimes clocked in before his shift began, but pleads no facts to support the inference that he engaged in any pre-shift work.

Moreover, Gross would not have been entitled to any overtime premiums for the one week he offers as an example unless he worked *nearly every single minute* from punch in to punch out each day. According to the complaint, Forest River underpaid Gross by a mere six minutes of overtime per day during the workweek in question. (Compl. ¶ 13.) This calculation, however, is based solely on the minutes for which Gross was allegedly clocked in, which means that Gross would not have *any* unpaid overtime that week unless approximately 99% of the time from punch in to punch out was, in fact, compensable. In other words, Gross's claim for unpaid overtime compensation is based entirely on the erroneous assumption that Forest River must pay him for every single minute he is on the clock. As previously explained, that is not what the FLSA requires. *See* 29 C.F.R. § 785.48(a); *Weil*, 925 F.3d at 357.

Because Gross does not allege how many hours he actually worked during the week in question — or any other week — Gross fails to adequately allege a plausible claim for unpaid overtime. The court should therefore dismiss his overtime claim as well.

### 3. **This Court Should Also Dismiss Gross's State Law Claim**

Gross's claim under the Indiana Wage Payment Statute ("IWPS") appears to be entirely derivative of his claims under the FLSA. Because Gross has failed to adequately plead any viable claims under the FLSA, his derivative IWPS claims fail as well and should be dismissed on that basis. *See Kellar v. Summit Seating Inc.*, 664 F.3d 169, 178 (7th Cir. 2011) ("Kellar concedes that her state law claim under Indiana's Wage Payment Statute ("IWPS") is derivative of her FLSA claim. The only difference between the two claims in this case is that Kellar's FLSA claim seeks damages for unpaid hours worked over 40 hours in each workweek, while her IWPS claim seeks damages for unpaid, pre-shift hours for those workweeks during which she worked less than 40 hours and for which the FLSA would not provide compensation. Because we have concluded that Summit is entitled to summary judgment on Kellar's FLSA claim, we conclude that Kellar's IWPS claim fails too."); *Kolish v. Metal Technologies, Inc.*, No. 2:16-cv-00145, 2018 WL 1566810, at *9 (S.D. Ind. Mar. 30, 2018).

Alternatively, if this Court were to conclude that Gross's IWPS claim is not derivative of the FLSA claim, then this court should decline to exercise supplemental jurisdiction over the IWPS claim. "[I]t is the well-established law of this circuit that the

usual practice is to dismiss without prejudice state supplemental claims whenever all federal claims have been dismissed prior to trial." *Hayes*, 2019 WL 6352493, at *4 (quoting *Groce v. Eli Lilly & Co.*, 193 F.3d 496, 501 (7th Cir. 1999)).

## CONCLUSION

For these reasons, defendant Forest River Manufacturing, LLC, respectfully requests that the Court dismiss all claims plaintiff Allen Gross has asserted in this lawsuit and grant Forest River such other relief as this Court deems appropriate.

Respectfully submitted,

*s/ Michael C. Terrell*
Michael C. Terrell
mterrell@taftlaw.com
TAFT STETTINIUS & HOLLISTER LLP
One Indiana Square, Suite 3500
Indianapolis, IN 46204-2023
(317) 713-3500 – phone
(317) 713-3699 - fax

Andrew S. Murphy
amurphy@taftlaw.com
TAFT STETTINIUS & HOLLISTER LLP
111 E. Wacker Dr., Suite 2800
Chicago, Illinois 60601
(312) 527-4000 – phone
(312) 754-2372 - fax

*Counsel for Forest River Manufacturing LLC*

**Certificate of Service**

I hereby certify that on October 12, 2021, a copy of the foregoing was filed electronically. Service of this filing will be made on all ECF-registered counsel by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

*s/ Michael C. Terrell*
Michael C. Terrell

# Exhibit 25

```
PAY-FR317-059PL111          ┌─────────────────────────────────────────┐
GENECKHS      BRANCH 01      │  FR317    FOREST RIVER MANUFACTURING LLC  │
CURRENT DATE  07/06/2021   09:13:02  │        EMPLOYEE CHECK HISTORY      │   FOR CHECKS DATED:  01/01/2017 – 12/31/2017
                            └─────────────────────────────────────────┘
```

| EMPLOYEE INFORMATION | EARNINGS THIS PAY | | | | DEDUCTIONS/ACH | | TAXES WITHHELD | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|
| | DESC | RATE | HOURS | AMOUNT | DESC | HOURS | AMOUNT | DESC | AMOUNT | DESC | GROSS | TAXABLE | AMOUNT | |
| FITZGERALD, HEATHER R | REGULAR | 15.000 | 34.500 | 517.50 | | | | | F.I.T. | 763.65 | 763.65 | 59.98 | CHECK DT | 06/30/2017 |
| R-001 | PRODUCTI | | | 246.15 | | | | | MHI | 763.65 | 763.65 | 11.07 | CHECK NO | 005495315 |
| LOCN    127 | | | | | | | | | EESOCSEC | 763.65 | 763.65 | 47.35 | GROSS | 763.65 |
| DEPT    012735 | | | | | | | | | LAGRANGE | 763.65 | 763.65 | 10.69 | NET TOT | 610.52 |
| EMPL#  000000370 | | | | | YTD EARN | | 763.65 | | IN STATE | 763.65 | 763.65 | 24.04 | DIR DEP | 0.00 |
| SSNO ▮▮▮▮▮ | | | | | | | | | | | | | CHK TOT | 610.52 |
| | REGULAR | | 44.750 | | | | | ACH-CHKG | 1149.97 | F.I.T. | 1505.48 | 1505.48 | 171.25 | CHECK DT | 07/07/2017 |
| R-001 | OVERTIME | | 4.750 | 75.87 | | | | | MHI | 1505.48 | 1505.48 | 21.83 | CHECK NO | DEPOSIT |
| | PRODUCTI | | | 1429.61 | | | | | EESOCSEC | 1505.48 | 1505.48 | 93.34 | GROSS | 1505.48 |
| | | | | | | | | | LAGRANGE | 1505.48 | 1505.48 | 21.08 | NET TOT | 1149.97 |
| | | | | | YTD EARN | | 2269.13 | | IN STATE | 1505.48 | 1505.48 | 48.01 | DIR DEP | 1149.97 |
| | | | | | | | | | | | | | CHK TOT | 0.00 |
| | REGULAR | | 42.750 | | | | | ACH-CHKG | 1080.53 | F.I.T. | 1409.98 | 1409.98 | 156.93 | CHECK DT | 07/21/2017 |
| R-001 | OVERTIME | | 2.750 | 43.94 | | | | | MHI | 1409.98 | 1409.98 | 20.44 | CHECK NO | DEPOSIT |
| HIRED  01/19/2009 | PRODUCTI | | | 1366.04 | | | | | EESOCSEC | 1409.98 | 1409.98 | 87.42 | GROSS | 1409.98 |
| REHIRE  06/20/2017 | | | | | | | | | LAGRANGE | 1409.98 | 1409.98 | 19.74 | NET TOT | 1080.53 |
| TERMD | | | | | YTD EARN | | 3679.11 | | IN STATE | 1409.98 | 1409.98 | 44.92 | DIR DEP | 1080.53 |
| STATUS  Full Time | | | | | | | | | | | | | CHK TOT | 0.00 |
| | REGULAR | | 41.000 | | | | | ACH-CHKG | 1063.44 | F.I.T. | 1386.47 | 1386.47 | 153.40 | CHECK DT | 07/28/2017 |
| R-001 | OVERTIME | | 1.000 | 16.70 | | | | | MHI | 1386.47 | 1386.47 | 20.10 | CHECK NO | DEPOSIT |
| | PRODUCTI | | | 1369.77 | | | | | EESOCSEC | 1386.47 | 1386.47 | 85.96 | GROSS | 1386.47 |
| | | | | | | | | | LAGRANGE | 1386.47 | 1386.47 | 19.41 | NET TOT | 1063.44 |
| | | | | | YTD EARN | | 5065.58 | | IN STATE | 1386.47 | 1386.47 | 44.16 | DIR DEP | 1063.44 |
| | | | | | | | | | | | | | CHK TOT | 0.00 |
| | REGULAR | | 48.250 | | | | | ACH-CHKG | 1102.37 | F.I.T. | 1440.02 | 1440.02 | 161.44 | CHECK DT | 08/04/2017 |
| R-001 | OVERTIME | | 8.250 | 113.41 | | | | | MHI | 1440.02 | 1440.02 | 20.88 | CHECK NO | DEPOSIT |
| | PRODUCTI | | | 1326.61 | | | | | EESOCSEC | 1440.02 | 1440.02 | 89.28 | GROSS | 1440.02 |
| | | | | | | | | | LAGRANGE | 1440.02 | 1440.02 | 20.16 | NET TOT | 1102.37 |
| | | | | | YTD EARN | | 6505.60 | | IN STATE | 1440.02 | 1440.02 | 45.89 | DIR DEP | 1102.37 |
| | | | | | | | | | | | | | CHK TOT | 0.00 |
| | REGULAR | | 47.500 | | | | | ACH-CHKG | 1108.09 | F.I.T. | 1447.89 | 1447.89 | 162.62 | CHECK DT | 08/11/2017 |
| R-001 | OVERTIME | | 7.500 | 105.94 | | | | | MHI | 1447.89 | 1447.89 | 20.99 | CHECK NO | DEPOSIT |
| | PRODUCTI | | | 1341.95 | | | | | EESOCSEC | 1447.89 | 1447.89 | 89.77 | GROSS | 1447.89 |
| | | | | | | | | | LAGRANGE | 1447.89 | 1447.89 | 20.27 | NET TOT | 1108.09 |
| | | | | | YTD EARN | | 7953.49 | | IN STATE | 1447.89 | 1447.89 | 46.15 | DIR DEP | 1108.09 |
| | | | | | | | | | | | | | CHK TOT | 0.00 |
| | REGULAR | | 43.250 | | | | | ACH-CHKG | 1016.55 | F.I.T. | 1322.02 | 1322.02 | 143.74 | CHECK DT | 08/18/2017 |
| R-001 | OVERTIME | | 3.250 | 47.87 | | | | | MHI | 1322.02 | 1322.02 | 19.17 | CHECK NO | DEPOSIT |
| | PRODUCTI | | | 1274.15 | | | | | EESOCSEC | 1322.02 | 1322.02 | 81.97 | GROSS | 1322.02 |
| | | | | | | | | | LAGRANGE | 1322.02 | 1322.02 | 18.51 | NET TOT | 1016.55 |
| | | | | | YTD EARN | | 9275.51 | | IN STATE | 1322.02 | 1322.02 | 42.08 | DIR DEP | 1016.55 |
| | | | | | | | | | | | | | CHK TOT | 0.00 |
| | REGULAR | | 44.750 | | | | | ACH-CHKG | 976.97 | F.I.T. | 1267.58 | 1267.58 | 135.57 | CHECK DT | 08/25/2017 |
| | OVERTIME | | 4.750 | 63.88 | | | | | MHI | 1267.58 | 1267.58 | 18.38 | CHECK NO | DEPOSIT |
| | PRODUCTI | | | 1203.70 | | | | | EESOCSEC | 1267.58 | 1267.58 | 78.59 | GROSS | 1267.58 |
| | | | | | | | | | LAGRANGE | 1267.58 | 1267.58 | 17.75 | NET TOT | 976.97 |
| | | | | | YTD EARN | | 10543.09 | | IN STATE | 1267.58 | 1267.58 | 40.32 | DIR DEP | 976.97 |
| | | | | | | | | | | | | | CHK TOT | 0.00 |
| | REGULAR | | 44.500 | | | | | ACH-CHKG | 965.66 | F.I.T. | 1252.03 | 1252.03 | 133.24 | CHECK DT | 09/01/2017 |
| | OVERTIME | | 4.500 | 60.26 | | | | | MHI | 1252.03 | 1252.03 | 18.15 | CHECK NO | DEPOSIT |
| | PRODUCTI | | | 1191.77 | | | | | EESOCSEC | 1252.03 | 1252.03 | 77.63 | GROSS | 1252.03 |
| | | | | | | | | | LAGRANGE | 1252.03 | 1252.03 | 17.53 | NET TOT | 965.66 |
| | | | | | YTD EARN | | 11795.12 | | IN STATE | 1252.03 | 1252.03 | 39.82 | DIR DEP | 965.66 |
| | | | | | | | | | | | | | CHK TOT | 0.00 |

CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER

**Earnings Statement**

ADP

FOREST RIVER, INC.
900 COUNTY ROAD 1 N
ELKHART, IN 46514

| | | |
|---|---|---|
| Period Beginning: | 05/17/2020 |
| Period Ending: | 05/23/2020 |
| Pay Date: | 05/29/2020 |

CO.  FILE  DEPT.  CLOCK  VCHR. NO.  060
ZJR  218860  000/50.045   0000223206   1

**KORBIN C SANDERSON**

Filing Status: Single/Married  filing separately
Exemptions/Allowances:
    Federal: Standard  Withholding  Table

| Earnings | rate | hours | this period | year to date |
|---|---|---|---|---|
| HOURLY PAY | 12.0000 | 35.50 | 426.00 | 426.00 |
| **Gross Pay** | | | **$426.00** | 426.00 |

| Deductions | Statutory | | |
|---|---|---|---|
| | Federal Income Tax | -18.75 | 18.75 |
| | Social Security Tax | -26.41 | 26.41 |
| | Medicare Tax | -6.18 | 6.18 |
| | IN State Income Tax | -13.76 | 13.76 |
| | Kosciusko R Income Tax | -4.26 | 4.26 |
| | **Net Pay** | | **$356.64** |
| | Checking | -356.64 | |
| | **Net Check** | | **$0.00** |

| Other Benefits and Information | this period | total to date |
|---|---|---|
| Totl Hrs Worked | 35.50 | |

**Important Notes**
BASIS OF PAY: HOURLY

**Additional Tax Withholding Information**

| Taxable Marital Status: | |
|---|---|
| IN: | Single |
| Exemptions/Allowances: | |
| IN: | 0 |

Your federal taxable wages this period are $426.00

© 2000 ADP, LLC

FOREST RIVER, INC.
900 COUNTY ROAD 1 N
ELKHART, IN 46514

| Advice number: | 00000223206 |
|---|---|
| Pay date: | 05/29/2020 |

Deposited to the account of
**KORBIN C SANDERSON**

| account number | transit ABA | amount |
|---|---|---|
| | xxxx xxxx | $356.64 |

THIS IS NOT A CHECK

**NON-NEGOTIABLE**

CONFIDENTIAL – SUBJECT TO
PROTECTIVE ORDER

FR00001129

| CO. | FILE | DEPT. | CLOCK | VCHR. NO. | 060 |
|-----|------|-------|-------|-----------|-----|
| ZJR | 218860 | 000050 | 045 | 0000233220 | 1 |

**Earnings   Statement**



*FOREST RIVER, INC.*
*900 COUNTY ROAD 1 N*
*ELKHART, IN 46514*

| | |
|---|---|
| Period Beginning: | 05/24/2020 |
| Period Ending: | 05/30/2020 |
| Pay Date: | 06/05/2020 |

Filing Status: Single/Married  filing separately
Exemptions/Allowances:
  Federal: Standard  Withholding  Table

**KORBIN  C  SANDERSON**

███████████████████████████

| Earnings | rate | hours | this period | year to date |
|----------|------|-------|-------------|--------------|
| OT Premium | 6.0000 | 1.50 | 9.00 | 9.00 |
| HOURLY PAY | 12.0000 | 34.00 | 408.00 | 834.00 |
| Inventory | 12.0000 | 7.50 | 90.00 | 90.00 |
| **Gross Pay** | | | **$507.00** | 933.00 |

| Other Benefits and Information | this period | total to date |
|--------------------------------|-------------|---------------|
| Totl Hrs Worked | 41.50 | |

**Important Notes**
BASIS OF PAY: HOURLY

**Additional Tax Withholding Information**
Taxable  Marital Status:
  IN:                  Single
Exemptions/Allowances:
  IN:                  0

| Deductions | Statutory | | |
|------------|-----------|---|---|
| | Federal Income Tax | -28.43 | 47.18 |
| | Social Security Tax | -31.44 | 57.85 |
| | Medicare Tax | -7.35 | 13.53 |
| | IN State Income Tax | -16.38 | 30.14 |
| | Kosciusko R Income Tax | -5.07 | 9.33 |
| | **Net Pay** | **$418.33** | |
| | Checking | -418.33 | |
| | **Net Check** | **$0.00** | |

Your federal taxable wages this period are $507.00

© 2000 ADP, LLC

*FOREST RIVER, INC.*
*900 COUNTY ROAD 1 N*
*ELKHART, IN 46514*

| | |
|---|---|
| Advice number: | 00000233220 |
| Pay date: | 06/05/2020 |



Deposited  to the account  of
**KORBIN  C  SANDERSON**

| account number | transit  ABA | amount |
|----------------|--------------|--------|
| ████ ███5 | xxxx  xxxx | $418.33 |

**NON-NEGOTIABLE**

CONFIDENTIAL – SUBJECT TO
PROTECTIVE ORDER



**Earnings   Statement**

| CO. | FILE | DEPT. | CLOCK | VCHR. NO. | 060 |
|---|---|---|---|---|---|
| ZJR | 218860 | 000050 | 045 | 0000243227 | 1 |

FOREST RIVER, INC.
900 COUNTY ROAD 1 N
ELKHART, IN 46514

Period Beginning:  05/31/2020
Period Ending:  06/06/2020
Pay Date:  06/12/2020

Filing Status: Single/Married  filing separately
Exemptions/Allowances:
   Federal:  Standard  Withholding  Table

**KORBIN  C  SANDERSON**

| Earnings | rate | hours | this period | year to date |
|---|---|---|---|---|
| OT Premium | 6.0000 | 20.75 | 124.50 | 133.50 |
| HOURLY PAY | 12.0000 | 60.75 | 729.00 | 1,563.00 |
| Inventory | | | | 90.00 |
| **Gross Pay** | | | **$853.50** | 1,786.50 |

| Deductions | Statutory | | |
|---|---|---|---|
| | Federal Income Tax | -70.01 | 117.19 |
| | Social Security Tax | -52.91 | 110.76 |
| | Medicare Tax | -12.37 | 25.90 |
| | IN State Income Tax | -27.57 | 57.71 |
| | Kosciusko R Income Tax | -8.54 | 17.87 |
| | **Net Pay** | **$682.10** | |
| | Checking | -682.10 | |
| | **Net Check** | **$0.00** | |

| Other Benefits and Information | this period | total to date |
|---|---|---|
| Totl Hrs Worked | 60.75 | |

**Important  Notes**
BASIS OF PAY: HOURLY

**Additional Tax Withholding Information**

| Taxable Marital Status: | |
|---|---|
| IN: | Single |
| Exemptions/Allowances: | |
| IN: | 0 |

Your federal taxable wages this period are $853.50

© 2000 ADP, LLC

FOREST RIVER, INC.
900 COUNTY ROAD 1 N
ELKHART, IN 46514

Advice number:  **00000243227**
Pay date:  06/12/2020

Deposited  to the account  of
**KORBIN  C  SANDERSON**

| | account number | transit ABA | amount |
|---|---|---|---|
| | | xxxx  xxxx | $682.10 |

THIS IS NOT A CHECK

**NON-NEGOTIABLE**

CONFIDENTIAL – SUBJECT TO
PROTECTIVE ORDER

FR00001135

Pay Summary: **2019 - 22 - 1**

| Forest River Inc.<br>55470 County Road 1<br>Elkhart, IN 46514 | **Period Beginning Date** | **Pay Date**<br>5/31/2019 | **Co.**<br>ZJ9 | **Clock**<br>00000 | **Home Dept**<br>000000000000000 |
|---|---|---|---|---|---|
| Dominik B Sanderson | **Period Ending Date**<br>6/1/2019 | **WGPS Advance Pay Date** | **File #**<br>214723 | **Number**<br>0000000? | **Worked In Dept**<br>000000000000000 |

| Gross Pay | | $ 300.00 |
|---|---|---|
| Regular | Hours: 20.00 | $ 300.00 |
| Overtime | | |

| Taxes | | $ 40.56 |
|---|---|---|
| Federal Income Tax | | $ 6.54 |
| Social Security | | $ 18.60 |
| Medicare | | $ 4.35 |
| State Worked In: Indiana | Code: IN | $ 8.45 |
| Locality Worked In | Code: LOTX | $ 2.62 |

| Deductions | $ 0.00 |
|---|---|

| Take Home | $ 259.44 |
|---|---|

FR00001214

Pay Summary: **2020 - 10 - 1**

| Forest River Inc.<br>55470 County Road 1<br>Elkhart, IN 46514 | **Period Beginning Date**<br>2/23/2020 | **Pay Date**<br>3/6/2020 | **Co.**<br>ZJ9 | **Clock**<br>045 | **Home Dept**<br>000045 | **Home Cost Number**<br>045045 |
|---|---|---|---|---|---|---|
| Angela L Hall | **Period Ending Date**<br>2/29/2020 | **WGPS Advance Pay Date** | **File #**<br>217947 | **Number**<br>00103312 | | **Worked In Cost Number**<br>045045 |

| Gross Pay | | | $ 418.00 |
|---|---|---|---|
| HOURLY PAY (field 3) | Rate: 12.0000 | Hours: 26.50 | $ 318.00 |
| PROD (field 3) | | | $ 100.00 |

Total Hours Worked: 26.5

Basis of Pay: HOURLY

| Taxes | | $ 53.85 |
|---|---|---|
| Social Security | | $ 25.92 |
| Medicare | | $ 6.06 |
| State Worked In: Indiana | Code: IN | $ 17.88 |
| Locality Worked In: KOSCIUSKO | Code: 1554 | $ 3.99 |

| Deductions | $ 0.00 |
|---|---|

| Take Home | $ 364.15 |
|---|---|
| CHECKING | $ 40.00 |
| CHECKING | $ 324.15 |

Other Details

Memos

| 401k Max Elig/c | 418.00 |
|---|---|

CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER

Pay Summary: **2019 - 23 - 2**

| Forest River Inc.<br>55470 County Road 1<br>Elkhart, IN 46514 | **Period Beginning Date**<br>6/7/2019 | **Pay Date**<br>6/7/2019 | **Co.**<br>ZJ9 | **Clock**<br>00000 | **Home Dept**<br>000000000000000 |
|---|---|---|---|---|---|
| Dominik B Sanderson | **Period Ending Date**<br>6/8/2019 | **WGPS Advance Pay Date** | **File #**<br>214723 | **Number**<br>0000000? | **Worked In Dept**<br>000000000000000 |

| Gross Pay | | | $ 667.50 |
|---|---|---|---|
| Regular | | Hours: 33.00 | $ 495.00 |
| Overtime | | Hours: 3.00 | $ 22.50 |
| INVENTORY (field 3) | | Hours: 10.00 | $ 150.00 |

| Taxes | | $ 125.90 |
|---|---|---|
| Federal Income Tax | | $ 48.22 |
| Social Security | | $ 41.39 |
| Medicare | | $ 9.68 |
| State Worked In: Indiana | Code: IN | $ 20.32 |
| Locality Worked In | Code: LOTX | $ 6.29 |

| Deductions | $ 0.00 |
|---|---|

| Take Home | $ 541.60 |
|---|---|

CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER

# Exhibit 26

SHEPHERD BRANDEN S
File#:317005679  SSN: ▮▮▮▮
Phone: ▮▮▮▮

# EMPLOYEE RECORDS JACKET

## POSITION HISTORY

| DATE | | POSITION AND DEPARTMENT | PAY RATE | |
|---|---|---|---|---|
| | | | AMOUNT | PER |
| 8/16 | 17 | 22450 | 15 | HR |
| 9/11 | 17 | rate | Full | Rate |
| 10/16 | 17 | Trans - 22425 | | |
| 1/18 | 19 | Trans- DH 10335 | | |
| 2/13 | 19 | Trans - 10325 | | |
| 2/18 | 19 | -25% Bonus | | |
| 3/7 | 19 | Term | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |

### TERMINATION INFORMATION

PRINT EMPLOYEE'S NAME ON TAB

## POSITION HISTORY

| DATE | | POSITION AND DEPARTMENT | PAY RATE | |
|---|---|---|---|---|
| | | | AMOUNT | PER |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |

### TERMINATION INFORMATION

CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER

## PERSONNEL ACTION NOTICE

Division: _224_        Department #: _50-Final_        Today's Date _8-17-17_

Employee Name: ~~Brandon Shepard~~ Shepherd        Effective Date _8-15-17_

Branden    File # _3170056̶7̶9_    Time Card # _67102_

☒ New Hire   ☐ Rehire   ☐ Transfer   ☐ Termination        Last Day Worked_____

☐ Layoff   ☐ Quit **With** Notice   ☐ Quit **Without** Notice        Hire Date _8-16-2017_

☐ Re-Hire Recommended? ☐ Yes ☐ No   ☐ Warning   ☐ Suspension   ☐ Not Scheduled

☒ Rate/Hour Change From:_____ To: _15,00 an hour_

☐ Leave of Absence (Attach Additional Forms)   ☐ Other   ☐ Address Change

Remarks / Comments (If termination or quit, please give details):_____

_Brandon is replacing Merl Kauffman_

_____

_____

_____

_____

ENTERED

AUG 2 1 2017

BY: PAYROLL

_____

Supervisor: _____    Date: _8-17-17_

General Manager: _____    Date: _8/17/17_

Employee: _____    Date: _____
(For Warnings Only)

41-0017

CORPORATE HR

CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER        FR00000374

## PERSONNEL ACTION NOTICE

RECEIVED

SEP 11 2017

BY HUMAN RESOURCES

Division: _224_          Department #: _50- Final_          Today's Date _9-11-17_

Employee Name: _Branden Shepard_          Effective Date _9-11-17_

File # _317005679_          Time Card # _67102_

☐ New Hire   ☐ Rehire   ☐ Transfer   ☐ Termination          Last Day Worked _____

☐ Layoff   ☐ Quit **With** Notice   ☐ Quit **Without** Notice          Hire Date _____

☐ Re-Hire Recommended? ☐ Yes ☐ No   ☐ Warning   ☐ Suspension   ☐ Not Scheduled

☑ Rate/Hour Change From: _15 = an hour_   To: _Full Rate_

☐ Leave of Absence (Attach Additional Forms)   ☐ Other   ☐ Address Change

Remarks / Comments (If termination or quit, please give details): _____

_Branden is doing a good job and_
_keeping up with production_

Supervisor: _____   Date: _9-11-17_

General Manager: _____   Date: _9/11/17_

Employee: _____   Date: _____
(For Warnings Only)

41-0017

CORPORATE HR

CONFIDENTIAL – SUBJECT TO
PROTECTIVE ORDER                    FR00000389

Boyd Allen, Haley

314002006

# EMPLOYEE RECORDS JACKET

## POSITION HISTORY

| DATE | | POSITION AND DEPARTMENT | PAY RATE | |
|---|---|---|---|---|
| | | | AMOUNT | PER |
| 3/12 | 14 | 40166 | 8 + | B |
| 4/15 | 15 | rate GL | 12 - | hr + bonus |
| 10/9 | 15 | no longer GL rate | 10 - | hr |
| 11/16 | 15 | rate groupleader | 12 - | hr |
| 12/7 | 15 | QWDN | | |
| 8/2 | 16 | Rehire 12740 | 15 - | hr |
| 8/8 | 16 | Rate | Rate | |
| 1/18 | 17 | Rate | Rate + | $4 Hitch |
| 9/11 | 17 | rate | Rate only | |
| 1/2 | 19 | Trans- p/t 22D | 8 + | 2 |
| 3/4 | 19 | Trans- 22040 | | |
| 4/1 | 19 | Trans- 22030 | | |
| 9/11 | 19 | FmLA | | |
| 12/21 | 19 | Return (void) | | |

### TERMINATION INFORMATION

DATE TERMINATED: _____ WOULD WE REHIRE? YES ☐ NO ☐

REASON FOR TERMINATION:

---

ALLEN, HALEY

ME ON TAB

DOB: _____ REHIRE: 08/02/2016
Comp:FR317 Loc: 127

| DATE | | | PAY RATE | |
|---|---|---|---|---|
| | | | AMOUNT | PER |
| 11/11 | 19 | FmLA-return | | |
| 11/18 | 19 | Trans- 22045 | | |
| 2/28 | 20 | Term | | |

### TERMINATION INFORMATION

DATE TERMINATED: _____ WOULD WE REHIRE? YES ☐ NO ☐

REASON FOR TERMINATION:

CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER

FR00000630

## PERSONNEL ACTION NOTICE

Division: _127_        Department #: _Electrical_        Today's Date _8/8/16_

Employee Name: _Haley Allen_        Effective Date _8/8/16_

File # _____    Time Card # _74872_

☐ New Hire   ☐ Rehire   ☐ Transfer   ☐ Termination        Last Day Worked_____

☐ Layoff   ☐ Quit <u>With</u> Notice   ☐ Quit <u>Without</u> Notice        Hire Date _8/2/16_

☐ Re-Hire Recommended? ☐ Yes ☐ No   ☐ Warning   ☐ Suspension   ☐ Not Scheduled

☐ Rate/Hour Change From: _$15.00_    To: _full Rate_

☐ Leave of Absence (Attach Additional Forms)   ☐ Other   ☐ Address Change

Remarks / Comments (If termination or quit, please give details):_____

_Add   Haley   to   production   Rate_

_____

_____

_____

_____

_____

_____

_____

Supervisor: _____        Date: _8/8/16_

General Manager: _____        Date: _8/8/16_

Employee: _____        Date: _____
    (For Warnings Only)

41-0017

CORPORATE HR

CONFIDENTIAL – SUBJECT TO
PROTECTIVE ORDER

FR00000672

## PERSONNEL ACTION NOTICE

RECEIVED

JAN 16 2017

BY HUMAN RESOURCES

Division: _127_     Department #: _Elect._     Today's Date _1/16/17_

Employee Name: _Haley Allen_     Effective Date _1/18/17_

File #_____     Time Card # _24852_

☐ New Hire  ☐ Rehire  ☐ Transfer  ☐ Termination     Last Day Worked_____

☐ Layoff  ☐ Quit **With** Notice  ☐ Quit **Without** Notice     Hire Date _5/12/14_

☐ Re-Hire Recommended? ☐ Yes ☐ No  ☐ Warning  ☐ Suspension  ☐ Not Scheduled

☒ Rate/Hour Change From: _Rate_     To: _Rate + $41.00 Hitch_

☐ Leave of Absence (Attach Additional Forms)  ☐ Other  ☐ Address Change

Remarks / Comments (If termination or quit, please give details):_____

_Haley will Be Groupleader over Rough wire._

_____

Supervisor: _Joey Fisher_     Date: _1/16/17_

General Manager:_____     Date:_____

Employee:_____     Date:_____
(For Warnings Only)

41-0017

CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER     FR00000675

## PERSONNEL ACTION NOTICE

RECEIVED

SEP 20 2017

BY HUMAN RESOURCES

Division: _127_    Department #: _Elect._    Today's Date _9-18-17_

Employee Name: _Haley Allen_    Effective Date _9-11-17_

File # _____    Time Card # _74872_

☐ New Hire   ☐ Rehire   ☐ Transfer   ☐ Termination    Last Day Worked _____

☐ Layoff   ☐ Quit **With** Notice   ☐ Quit **Without** Notice    Hire Date _3-17-14_

☐ Re-Hire Recommended? ☐ Yes ☐ No   ☐ Warning ☐ Suspension ☐ Not Scheduled

☒ Rate/Hour Change From: _Rate + Hitch_ To: _Rate only_

☐ Leave of Absence (Attach Additional Forms)   ☐ Other   ☐ Address Change

Remarks / Comments (If termination or quit, please give details): _____

_Remove Hitch From Haley step Down from_

_Groupleader._

Supervisor: _Jay Fisher_    Date: _9-18-17_

General Manager: _____    Date: _____

Employee: _____    Date: _____
(For Warnings Only)

41-0017

CORPORATE HR

CONFIDENTIAL – SUBJECT TO
PROTECTIVE ORDER

FR00000676

FR0000467

CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER

YOST,MICHAEL
File#:2000023  SSN: ▮▮▮▮
Phone: ▮▮▮▮

2000023

# EMPLOYEE RECORDS JACKET

## POSITION HISTORY

| DATE | | POSITION AND DEPARTMENT | PAY RATE | |
|---|---|---|---|---|
| | | | AMOUNT | PER |
| 9/6 | 05 | 1150 | 12 | hr |
| 10/10 | 06 | term - attitude, quality | | |
| 5/2 | 13 | rehire 3425 | 12 | hr |
| 6/24 | 13 | rate | rate | |
| 1/22 | 18 | Trans - 3410 | rate | |
| 12/7 | 20 | QWDN | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |

### TERMINATION INFORMATION

DATE TERMINATED:_____ WOULD WE REHIRE? YES ☐ NO ☐
REASON FOR TERMINATION:

---

**PRINT EMPLOYEE'S NAME ON TAB**

## POSITION HISTORY

| DATE | | YOST,MICHAEL ▮▮▮▮ | PAY RATE | |
|---|---|---|---|---|
| | | DOB: ▮▮▮▮ DOH: 09/06/2005 | AMOUNT | PER |
| | | Comp:FR002 Loc: 011 | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |

### TERMINATION INFORMATION

DATE TERMINATED:_____ WOULD WE REHIRE? YES ☐ NO ☐
REASON FOR TERMINATION:

# PERSONNEL ACTION NOTICE
(3410)

Division: _34_            Department #: _Chassis prep_   Today's Date _1-22-18_

Employee Name: _Michael Yost_                Effective Date _1-22-18_

File # _200023_      Time Card # _37605_

☐ New Hire  ☐ Rehire  ☒ Transfer  ☐ Termination        Last Day Worked _____

☐ Layoff  ☐ Quit With Notice  ☐ Quit Without Notice     Hire Date _____

☐ Re-Hire Recommended? ☐ Yes ☐ No  ☐ Warning  ☐ Suspension  ☐ Not Scheduled

☒ Rate/Hour Change From: _Rate_      To: _____

☐ Leave of Absence (Attach Additional Forms)  ☐ Other  ☐ Address Change

Remarks / Comments (If termination or quit, please give details): _____

_Transferred from Floors (3425) to_
_Chassis prep (3410)_

Supervisor: _Michael W. Olivas_      Date: _1-22-18_

General Manager: _Tim Wright_      Date: _1-22.18_

Employee: _____      Date: _____
(For Warnings Only)

41-0017

CORPORATE HR

CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER

## PERSONNEL ACTION NOTICE

(3425)

Division: _34_     Department #: _Floors_     Today's Date _4/28/13_

Employee Name: _Yost Michael_     Effective Date _4/24/13_

File #_____     Time Card #_____

☐ New Hire  ☐ Rehire  ☐ Transfer  ☐ Termination     Last Day Worked_____

☐ Layoff  ☐ Quit With Notice  ☐ Quit Without Notice     Hire Date_____

☐ Re-Hire Recommended? ☐ Yes ☐ No  ☐ Warning ☐ Suspension  ☐ Not Scheduled

☒ Rate/Hour Change From: _Hourly_  To: _Rate_

☐ Leave of Absence (Attach Additional Forms)  ☐ Other  ☐ Address Change

Remarks / Comments (If termination or quit, please give details):_____

_Hourly To Rate Effective 4/24/13_

_____

_____

_____

_____

_____

_____

_____

_____

_____

Supervisor: _Micha M Williams_     Date: _4/28/13_

General Manager: _Jn W Frela_     Date: _6-28-13_

Employee:_____     Date:_____
       (For Warnings Only)

41-0017

CORPORATE HR

CONFIDENTIAL – SUBJECT TO
PROTECTIVE ORDER     FR00000516



## PERSONNEL ACTION NOTICE ~~ENTERED~~ MAY 0 3 2013

(3425)

Division: **34A**          Department #: **Floors**          Today's Date **4/30/13**

Employee Name: **Michael Post**          Effective Date **5/2/13**

File # **2000023**    Time Card #_____

☐ New Hire    ☑ Rehire    ☐ Transfer    ☐ Termination          Last Day Worked_____

☐ Layoff    ☐ Quit **With** Notice    ☐ Quit **Without** Notice          Hire Date_____

☐ Re-Hire Recommended?  ☐ Yes  ☐ No    ☐ Warning    ☐ Suspension    ☐ Not Scheduled

☐ Rate/Hour Change From: _____    To:_____

☐ Leave of Absence (Attach Additional Forms)    ☐ Other    ☐ Address Change

Remarks / Comments (If termination or quit, please give details):_____

*Orientation @ 8:00 Am 5/2/13*

_____

_____

_____

_____

_____

_____

_____

_____

Supervisor: *Michael Williams*          Date: **4/30/13**

General Manager: _____          Date: **4-30-13**

Employee:_____          Date:_____
    (For Warnings Only)

41-001

CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER          FR00000501

## PERSONNEL ACTION NOTICE

Division: _45_    Department #: _4545_    Today's Date _2-25-2020_

Employee Name: _ANGELA HALL_    Effective Date _2-25-2020_

File # _217947_    Time Card # _108118_

☒ New Hire  ☒ Rehire  ☐ Transfer  ☐ Termination    Last Day Worked _____

☐ Layoff  ☐ Quit **With** Notice  ☐ Quit **Without** Notice    Hire Date _2-25-2020_

☐ Re-Hire Recommended? ☐ Yes ☐ No ☐ Warning  ☐ Suspension  ☐ Not Scheduled

☐ Rate/Hour Change From: _____    To: _$12.00/HR._

☐ Leave of Absence (Attach Additional Forms)  ☐ Other  ☐ Address Change

Remarks / Comments (If termination or quit, please give details): _____

_____  _PLEASE PAY ANGELA_

Entered

FEB 2 7 2020

By: Payroll

_$ 12.00/HR - PRODUCTION_

_$ 12.00/Hr - NON PRODUCTION_

_$ 12.00/Hr. - INVENTORY_

_a/c # 1802304065_

Supervisor: _[signature]_    _MARK SMITH_    Date: _2-25-2020_
(Signature)    (Print)

General Manager: _____    _____    Date: _____
(Signature)    (Print)

Employee: _____    Date: _____
(For Warnings Only)

CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER        FR00000308

*FR304*

*180230465*

## PERSONNEL ACTION NOTICE

Division: *#27*                Department #: *2750*                Today's Date *12/19/13*

Employee Name: *Angela Hall*                Effective Date *12/19/13*

File # _____    Time Card # *58915*

[X] New Hire    [ ] Rehire    [ ] Transfer    [ ] Termination         Last Day Worked _____

[ ] Layoff    [ ] Quit <u>With</u> Notice    [ ] Quit <u>Without</u> Notice       Hire Date *12/19/13*

[ ] Re-Hire Recommended?  [ ] Yes  [ ] No    [ ] Warning    [ ] Suspension    [ ] Not Scheduled

[ ] Rate/Hour Change From: *8 per hr*        To: *Group Rate*

[ ] Leave of Absence (Attach Additional Forms)    [ ] Other    [ ] Address Change

Remarks / Comments (If termination or quit, please give details): _____

_____

_____

_____

_____

_____

ENTERED
DEC 2 0 2013
BY: _____

_____

_____

_____

Supervisor: *[signature]*                Date: *12/19/13*

General Manager: *[signature]*                Date: _____

Employee: _____                Date: _____
(For Warnings Only)

41-0017

CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER

FR00000283

SANDERSON, ANGELA L

# EMPLOYEE RECORDS JACKET

## POSITION HISTORY

| DATE | | POSITION AND DEPARTMENT | PAY RATE | |
|---|---|---|---|---|
| | | | AMOUNT | PER |
| 4/21 | 05 | Plt 34        5611 | 12 - | |
| 5/10 | 05 | rate | 13 - | |
| 8/9 | 05 | quit w/o notice | | |
| 12/19 | 13 | Rehire   2750 | 8 + | rate |
| 6/23 | 15 | QUON - NCNS | | |
| 9/25 | 90 | Rehire - 4545 | 12 - hr | |
| 7/7 | 20 | QUON - See PHN | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |

### TERMINATION INFORMATION

DATE TERMINATED: _____ WOULD WE REHIRE? YES ☐ NO ☐
REASON FOR TERMINATION:

## POSITION HISTORY

| DATE | SANDERSON, ANGELA L | PAY RATE | |
|---|---|---|---|
| | DOB: ████ DOH: 04/21/2005 | AMOUNT | PER |
| | Comp: FR180 Loc: 034 | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |

### TERMINATION INFORMATION

DATE TERMINATED: _____ WOULD WE REHIRE? YES ☐ NO ☐
REASON FOR TERMINATION:

CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER

FR00000255

## PERSONNEL ACTION NOTICE

Division: _4/5_        Department #: _4550_        Today's Date _6-10-2020_

Employee Name: _KORBIN SANDERSON_        Effective Date _6-8-2020_

File # _218860_        Time Card # _107826_

☐ New Hire   ☐ Rehire   ☐ Transfer   ☐ Termination        Last Day Worked _____

☐ Layoff   ☐ Quit With Notice   ☐ Quit Without Notice        Hire Date _5-19-2020_

☐ Re-Hire Recommended?  ☐ Yes  ☐ No  ☐ Warning  ☐ Suspension  ☐ Not Scheduled

☒ Rate/Hour Change From: _$12.00/HR._  To: _$8.00/HR.+RATE_

☐ Leave of Absence (Attach Additional Forms)  ☐ Other  ☐ Address Change

Remarks / Comments (If termination or quit, please give details): _____

_PLEASE PAY KORBIN_

_$8.00/HR.+RATE — PRODUCTION_

_$12.00/HR — NON PRODUCTION_

_$12.00/HR — INVENTORY_

> RECEIVED
>
> JUN 1 2 2020
>
> BY HUMAN RESOURCES

Supervisor: _[signature]_ (Signature)  _MARK SMITH_ (Print)        Date: _6-10-2020_

General Manager: _____ (Signature)  _____ (Print)        Date: _____

Employee: _____ (For Warnings Only)        Date: _____

CORPORATE HR - WHITE          PAYROLL - YELLOW          DIVISION SUPERVISOR - PINK

41-0017

CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER        FR00000571

## PERSONNEL ACTION NOTICE

Division: _____ Department #: _4550_ Today's Date _5-19-2020_

Employee Name: _KORBIN SANDERSON_ Effective Date _5-19-2020_

File # _218860_ Time Card # _107826_

☒ New Hire ☐ Rehire ☐ Transfer ☐ Termination Last Day Worked _____

☐ Layoff ☐ Quit **With** Notice ☐ Quit **Without** Notice Hire Date _5-19-2020_

☐ Re-Hire Recommended? ☐ Yes ☐ No ☐ Warning ☐ Suspension ☐ Not Scheduled

☐ Rate/Hour Change From: _____ To: _$12.00/Hr._

☐ Leave of Absence (Attach Additional Forms) ☐ Other ☐ Address Change

Remarks / Comments (If termination or quit, please give details): _____

_PLEASE PAY KORBIN_

~~Entered~~
MAY 21 2020

_$12.00/Hr - PRODUCTION_

By: Payroll

_$12.00/Hr - NON PRODUCTION_

_$12.00/Hr - INVENTORY_

RECEIVED
MAY 1 9 2020
BY HUMAN RESOURCES

Supervisor: _(Signature)_ _Mark Smith_ _(Print)_ Date: _5-19-2020_

General Manager: _(Signature)_ _(Print)_ Date: _____

Employee: _(For Warnings Only)_ Date: _____

CORPORATE HR - WHITE          PAYROLL - YELLOW          DIVISION SUPERVISOR - PINK

41-0017

CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER

FR00000554

Sanderson, Korbin C
218860

045    XLR Toy Haulers

CONFIDENTIAL – SUBJECT TO
PROTECTIVE ORDER

FR00000553

# EMPLOYEE RECORDS JACKET

## POSITION HISTORY

| DATE | | POSITION AND DEPARTMENT | PAY RATE | |
|---|---|---|---|---|
| | | | AMOUNT | PER |
| 5/19 | 20 | 4550 | 13 | - | hr |
| 4/8 | 20 | Rate | 8 | + | R |
| 11/4 | 20 | awon | | | |
| | | | | | |

### TERMINATION INFORMATION

DATE TERMINATED:_____ WOULD WE REHIRE? YES ☐ NO ☐

REASON FOR TERMINATION:

PRINT EMPLOYEE'S NAME ON TAB

## POSITION HISTORY

| DATE | | POSITION AND DEPARTMENT | PAY RATE | |
|---|---|---|---|---|
| | | | AMOUNT | PER |
| | | | | |

### TERMINATION INFORMATION

DATE TERMINATED:_____ WOULD WE REHIRE? YES ☐ NO ☐

## PERSONNEL ACTION NOTICE

Division: _59_    Department #: _5950_    Today's Date _9-30-19_

Employee Name: _Russell McCain Jr._    Effective Date _9-30-19_

File # _192630_    Time Card # _103156_

[✓] New Hire    [ ] Rehire    [ ] Transfer    [ ] Termination    Last Day Worked _____

[ ] Layoff    [ ] Quit With Notice    [ ] Quit Without Notice    Hire Date _9│30│19_

[ ] Re-Hire Recommended?    [ ] Yes    [ ] No    [ ] Warning    [ ] Suspension    [ ] Not Scheduled

[ ] Rate/Hour Change From: _____    To: _____

[ ] Leave of Absence (Attach Additional Forms)    [ ] Other    [ ] Address Change

Remarks / Comments (If termination or quit, please give details): _____    Entered

_____    OCT 01 2019

_____ Pay rate _____    By: Payroll

_____ $ 8. hr  rate _____

_____ $ 12. hr  NP _____

_____ $ 12. hr  INV _____

_____

_____

_____

Supervisor: _____  David Whisler _____    Date: _9-30-19_
            (Signature)              (Print)

General Manager: _____  _____    Date: _____
                  (Signature)        (Print)

Employee: _____    Date: _____
          (For Warnings Only)

CORPORATE HR - WHITE          PAYROLL - YELLOW          DIVISION SUPERVISOR - PINK

41-0017

CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER

# EMPLOYEE RECORDS JACKET

### PRINT EMPLOYEE'S NAME ON TAB

## POSITION HISTORY

| DATE | | POSITION AND DEPARTMENT | PAY RATE | |
|---|---|---|---|---|
| | | | AMOUNT | PER |
| 9/30 | 19 | 5957 | 8 + | R |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |

## TERMINATION INFORMATION

DATE TERMINATED:_____ WOULD WE REHIRE? YES ☐ NO ☐

REASON FOR TERMINATION:

## POSITION HISTORY

| DATE | | POSITION AND DEPARTMENT | PAY RATE | |
|---|---|---|---|---|
| | | | AMOUNT | PER |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |

## TERMINATION INFORMATION

DATE TERMINATED:_____ WOULD WE REHIRE? YES ☐ NO ☐

REASON FOR TERMINATION:

CONFIDENTIAL – SUBJECT TO
PROTECTIVE ORDER

FR00000573

## PERSONNEL ACTION NOTICE

Division: 4    Department #: 450    Today's Date 8-24-20

Employee Name: Dominick Sanderson    Effective Date 8-24-20

File # 214723    Time Card # 105502

☑ New Hire  ☒ Rehire  ☐ Transfer  ☐ Termination    Last Day Worked _____

☐ Layoff  ☐ Quit With Notice  ☐ Quit Without Notice    Hire Date 8-24-20

☐ Re-Hire Recommended? ☐ Yes ☐ No ☐ Warning ☐ Suspension ☐ Not Scheduled

☐ Rate/Hour Change From: _____ To $8.00 per hour + Rate

☐ Leave of Absence (Attach Additional Forms)  ☐ Other  ☐ Address Change

Remarks / Comments (If termination or quit, please give details): _____

Pay $8.00 per hour + Rate

Entered

AUG 2 8 2020

By: Payroll

Supervisor: _____ Aaron Duzan    Date: 8-24-20
(Signature)              (Print)

General Manager: _____    Date: _____
(Signature)              (Print)

Employee: _____    Date: _____
(For Warnings Only)

CORPORATE HR - WHITE          PAYROLL - YELLOW          DIVISION SUPERVISOR - PINK

41-0017

CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER

FR00000612

## PERSONNEL ACTION NOTICE

Division: _69_    Department #: _6951_    Today's Date _5-23-19_

Employee Name: _Dominik Sanderson_    Effective Date _5-23-19_

File # _191613_    Time Card # _96626_

☑ New Hire    ☐ Rehire    ☐ Transfer    ☐ Termination    Last Day Worked _____

☐ Layoff    ☐ Quit **With** Notice    ☐ Quit **Without** Notice    Hire Date _5/23/19_

☐ Re-Hire Recommended?   ☐ Yes   ☐ No   ☐ Warning   ☐ Suspension   ☐ Not Scheduled

☑ Rate/Hour Change From: _____    To: _$15.00_

☐ Leave of Absence (Attach Additional Forms)   ☐ Other   ☐ Address Change

Remarks / Comments (If termination or quit, please give details): _____

_Start pay at $15.00_

Entered

MAY 2 4 2019

By: Payroll

Supervisor: _Joe Higdon_ (Signature)    _Joe Higdon_ (Print)    Date: _5-23-19_

General Manager: _____ (Signature)    _____ (Print)    Date: _____

Employee: _____ (For Warnings Only)    Date: _____

CORPORATE HR - WHITE          PAYROLL - YELLOW          DIVISION SUPERVISOR - PINK

41-0017

CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER

CONFIDENTIAL – SUBJECT TO
PROTECTIVE ORDER

FR00000592

# EMPLOYEE RECORDS JACKET

*PRINT EMPLOYEE'S NAME ON TAB*

| POSITION HISTORY | | | | | POSITION HISTORY | | | | |
|---|---|---|---|---|---|---|---|---|---|
| DATE | | POSITION AND DEPARTMENT | PAY RATE | | DATE | | POSITION AND DEPARTMENT | PAY RATE | |
| | | | AMOUNT | PER | | | | AMOUNT | PER |
| 5/23 | 19 | 6951 | 15 | hr | | | | | |
| 9/25 | 19 | Term | | | | | | | |
| 6/24 | 20 | Rehire 450 | 8 | + R | | | | | |
| 11/12 | 20 | QuON | | | | | | | |
| | | | | | | | | | |
| | | | | | | | | | |
| | | | | | | | | | |
| | | | | | | | | | |
| | | | | | | | | | |
| | | | | | | | | | |
| | | | | | | | | | |
| | | | | | | | | | |
| | | | | | | | | | |
| | | | | | | | | | |

## TERMINATION INFORMATION

DATE TERMINATED:_____ WOULD WE REHIRE?  YES ☐  NO ☐
REASON FOR TERMINATION:

## TERMINATION INFORMATION

DATE TERMINATED:_____ WOULD WE REHIRE?  YES ☐  NO ☐
REASON FOR TERMINATION:

# Exhibit 27

```
PAY-FR304-059PL111                                                                                        PAGE   1
GENECKHS       BRANCH 01                      FR304    FOREST RIVER MANUFACTURING LLC
CURRENT DATE 03/11/2021     09:20:00          EMPLOYEE CHECK HISTORY           FOR CHECKS DATED: 01/01/2017 - 12/31/2017
```

| EMPLOYEE INFORMATION | EARNINGS THIS PAY | | | | | | DEDUCTIONS/ACH | | TAXES WITHHELD | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | DESC | RATE | HOURS | AMOUNT | DESC | HOURS | AMOUNT | DESC | AMOUNT | DESC | GROSS | TAXABLE | AMOUNT |
| COLE, ROY D | REGULAR | 15.000 | 16.500 | 247.50 | | | | | | F.I.T. | 247.50 | 247.50 | 12.54 | CHECK DT 06/09/2017 |
| R-001 | | | | | | | | | | MHI | 247.50 | 247.50 | 3.59 | CHECK NO 005472301 |
| LOCN 035 | | | | | | | | | | EESOCSEC | 247.50 | 247.50 | 15.35 | GROSS 247.50 |
| DEPT 003543 | | | | | | | | | | ST JOE | 247.50 | 247.50 | 4.33 | NET TOT 204.32 |
| EMPL# 304004549 | | | | | YTD EARN | | 247.50 | | | IN STATE | 247.50 | 247.50 | 7.37 | DIR DEP 0.00 |
| SSNO | | | | | | | | | | | | | | CHK TOT 204.32 |
| | REGULAR | 15.000 | 44.750 | 671.25 | | | | | | F.I.T. | 706.88 | 706.88 | 78.75 | CHECK DT 06/16/2017 |
| R-001 | OVERTIME | | 4.750 | 35.63 | | | | | | MHI | 706.88 | 706.88 | 10.25 | CHECK NO 005480687 |
| | | | | | | | | | | EESOCSEC | 706.88 | 706.88 | 43.83 | GROSS 706.88 |
| | | | | | | | | | | ST JOE | 706.88 | 706.88 | 12.37 | NET TOT 539.47 |
| | | | | | YTD EARN | | 954.38 | | | IN STATE | 706.88 | 706.88 | 22.21 | DIR DEP 0.00 |
| | | | | | | | | | | | | | | CHK TOT 539.47 |
| | REGULAR | 15.000 | 42.750 | 641.25 | | | | | | F.I.T. | 661.88 | 661.88 | 72.00 | CHECK DT 06/23/2017 |
| R-001 | OVERTIME | | 2.750 | 20.63 | | | | | | MHI | 661.88 | 661.88 | 9.60 | CHECK NO 005487314 |
| HIRED 06/01/2017 | | | | | | | | | | EESOCSEC | 661.88 | 661.88 | 41.04 | GROSS 661.88 |
| REHIRE | | | | | | | | | | ST JOE | 661.88 | 661.88 | 11.58 | NET TOT 506.90 |
| TERMD 07/28/2017 | | | | | YTD EARN | | 1616.26 | | | IN STATE | 661.88 | 661.88 | 20.76 | DIR DEP 0.00 |
| STATUS Full Time | | | | | | | | | | | | | | CHK TOT 506.90 |
| | REGULAR | 15.000 | 38.250 | 573.75 | | | | | | F.I.T. | 573.75 | 573.75 | 58.78 | CHECK DT 06/30/2017 |
| R-001 | | | | | | | | | | MHI | 573.75 | 573.75 | 8.32 | CHECK NO 005497262 |
| | | | | | | | | | | EESOCSEC | 573.75 | 573.75 | 35.57 | GROSS 573.75 |
| | | | | | | | | | | ST JOE | 573.75 | 573.75 | 10.04 | NET TOT 443.13 |
| | | | | | YTD EARN | | 2190.01 | | | IN STATE | 573.75 | 573.75 | 17.91 | DIR DEP 0.00 |
| | | | | | | | | | | | | | | CHK TOT 443.13 |
| | HOLIDAY | 15.000 | 8.000 | 120.00 | | | | | | F.I.T. | 120.00 | 120.00 | | CHECK DT 06/30/2017 |
| R-002 | | | | | | | | | | MHI | 120.00 | 120.00 | 1.74 | CHECK NO 005497263 |
| | | | | | | | | | | EESOCSEC | 120.00 | 120.00 | 7.44 | GROSS 120.00 |
| | | | | | | | | | | ST JOE | 120.00 | 120.00 | 2.10 | NET TOT 105.47 |
| | | | | | YTD EARN | | 2310.01 | | | IN STATE | 120.00 | 120.00 | 3.25 | DIR DEP 0.00 |
| | | | | | | | | | | | | | | CHK TOT 105.47 |
| | REGULAR | 15.000 | 42.750 | 641.25 | | | | | | F.I.T. | 661.88 | 661.88 | 72.00 | CHECK DT 07/07/2017 |
| R-001 | OVERTIME | | 2.750 | 20.63 | | | | | | MHI | 661.88 | 661.88 | 9.60 | CHECK NO 005505148 |
| | | | | | | | | | | EESOCSEC | 661.88 | 661.88 | 41.04 | GROSS 661.88 |
| | | | | | | | | | | ST JOE | 661.88 | 661.88 | 11.58 | NET TOT 506.90 |
| | | | | | YTD EARN | | 2971.89 | | | IN STATE | 661.88 | 661.88 | 20.76 | DIR DEP 0.00 |
| | | | | | | | | | | | | | | CHK TOT 506.90 |
| | REGULAR | 15.000 | 34.000 | 510.00 | | | | 401K % | 15.30 | F.I.T. | 510.00 | 494.70 | 46.92 | CHECK DT 07/21/2017 |
| R-001 | | | | | | | | | | MHI | 510.00 | 510.00 | 7.40 | CHECK NO 005515412 |
| | | | | | | | | | | EESOCSEC | 510.00 | 510.00 | 31.62 | GROSS 510.00 |
| | | | | | | | | | | ST JOE | 510.00 | 494.70 | 8.66 | NET TOT 384.74 |
| | | | | | YTD EARN | | 3481.89 | | | IN STATE | 510.00 | 494.70 | 15.36 | DIR DEP 0.00 |
| | | | | | | | | | | | | | | CHK TOT 384.74 |
| | REGULAR | 15.000 | 33.500 | 502.50 | | | | 401K % | 15.08 | F.I.T. | 502.50 | 487.42 | 45.83 | CHECK DT 07/28/2017 |
| R-001 | | | | | | | | | | MHI | 502.50 | 502.50 | 7.29 | CHECK NO 005523395 |
| | | | | | | | | | | EESOCSEC | 502.50 | 502.50 | 31.16 | GROSS 502.50 |
| | | | | | | | | | | ST JOE | 502.50 | 487.42 | 8.53 | NET TOT 379.49 |
| | | | | | YTD EARN | | 3984.39 | | | IN STATE | 502.50 | 487.42 | 15.12 | DIR DEP 0.00 |
| | | | | | | | | | | | | | | CHK TOT 379.49 |
| | REGULAR | 15.000 | 26.500 | 397.50 | | | | 401K % | 11.93 | F.I.T. | 397.50 | 385.57 | 30.55 | CHECK DT 08/04/2017 |
| R-001 | | | | | | | | | | MHI | 397.50 | 397.50 | 5.76 | CHECK NO 005529387 |
| | | | | | | | | | | EESOCSEC | 397.50 | 397.50 | 24.65 | GROSS 397.50 |
| | | | | | | | | | | ST JOE | 397.50 | 385.57 | 6.75 | NET TOT 306.03 |
| | | | | | YTD EARN | | 4381.89 | | | IN STATE | 397.50 | 385.57 | 11.83 | DIR DEP 0.00 |
| | | | | | | | | | | | | | | CHK TOT 306.03 |

CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER

FR00000854

PAY-FR304-059PL111
GENECKHS    BRANCH 01
CURRENT DATE  03/11/2021    09:20:00

FR304    FOREST RIVER MANUFACTURING LLC
**EMPLOYEE CHECK HISTORY**

PAGE    2

FOR CHECKS DATED:  01/01/2017 - 12/31/2017

| EMPLOYEE INFORMATION | *----------- E A R N I N G S  T H I S  P A Y  -----------* DESC | RATE | HOURS | AMOUNT | DESC | HOURS | AMOUNT | * DEDUCTIONS/ACH * DESC | AMOUNT | *---------- TAXES WITHHELD ----------* DESC | GROSS | TAXABLE | AMOUNT | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| * EMPLOYEE TOTALS * | OVERT-OT | 10.250 | | 76.89 | | | | 401K % | 42.31 | F.I.T. | 4381.89 | 4339.58 | 417.37 | | |
| | REGULAR | | 279.000 | 4185.00 | | | | | | MHI | 4381.89 | 4381.89 | 63.55 | GROSS | 4381.89 |
| | HOLIDAY | | 8.000 | 120.00 | | | | | | EESOCSEC | 4381.89 | 4381.89 | 271.70 | NET TOT | 3376.45 |
| | | | | | | | | | | ST JOE | 4381.89 | 4339.58 | 75.94 | DIR DEP | 0.00 |
| | | | | | | | | | | INDIANA | 4381.89 | 4339.58 | 134.57 | CHK TOT | 3376.45 |

CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER

FR00000855

PAY-FR305-059PL111
GENECKHS      BRANCH 01
CURRENT DATE  03/10/2021      15:07:21

FR305    FOREST RIVER MANUFACTURING LLC
EMPLOYEE CHECK HISTORY

PAGE    1

FOR CHECKS DATED: 01/01/2018 - 12/31/2018

| EMPLOYEE INFORMATION | DESC | RATE | HOURS | AMOUNT | DESC | HOURS | AMOUNT | DESC | AMOUNT | DESC | GROSS | TAXABLE | AMOUNT | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| COLE, ROY D | REGULAR | 17.000 | 30.500 | 518.50 | | | | | | F.I.T. | 518.50 | 518.50 | 21.29 | CHECK DT | 10/12/2018 |
| R-001 | | | | | | | | | | MHI | 518.50 | 518.50 | 7.52 | CHECK NO | 005953899 |
| LOCN    005A | | | | | | | | | | EESOCSEC | 518.50 | 518.50 | 32.15 | GROSS | 518.50 |
| DEPT    000560A | | | | | | | | | | ST JOE | 518.50 | 518.50 | 9.07 | NET TOT | 433.59 |
| EMPL#   304004549 | | | | | YTD EARN | | 518.50 | | | IN STATE | 518.50 | 518.50 | 14.88 | DIR DEP | 0.00 |
| SSNO | | | | | | | | | | | | | | CHK TOT | 433.59 |
| | REGULAR | 17.000 | 40.000 | 680.00 | | | | | | F.I.T. | 680.00 | 680.00 | 40.67 | CHECK DT | 10/19/2018 |
| R-001 | | | | | | | | | | MHI | 680.00 | 680.00 | 9.86 | CHECK NO | 005959086 |
| | | | | | | | | | | EESOCSEC | 680.00 | 680.00 | 42.16 | GROSS | 680.00 |
| | | | | | | | | | | ST JOE | 680.00 | 680.00 | 11.90 | NET TOT | 555.31 |
| | | | | | YTD EARN | | 1198.50 | | | IN STATE | 680.00 | 680.00 | 20.10 | DIR DEP | 0.00 |
| | | | | | | | | | | | | | | CHK TOT | 555.31 |
| | REGULAR | 17.000 | 32.000 | 544.00 | | | | | | F.I.T. | 544.00 | 544.00 | 24.35 | CHECK DT | 10/26/2018 |
| R-001 | | | | | | | | | | MHI | 544.00 | 544.00 | 7.89 | CHECK NO | 005967017 |
| HIRED  06/01/2017 | | | | | | | | | | EESOCSEC | 544.00 | 544.00 | 33.73 | GROSS | 544.00 |
| REHIRE 10/01/2018 | | | | | | | | | | ST JOE | 544.00 | 544.00 | 9.52 | NET TOT | 452.80 |
| TERMD  11/05/2018 | | | | | YTD EARN | | 1742.50 | | | IN STATE | 544.00 | 544.00 | 15.71 | DIR DEP | 0.00 |
| STATUS Full Time | | | | | | | | | | | | | | CHK TOT | 452.80 |
| | REGULAR | 17.000 | 32.250 | 548.25 | | | | CS1 | 80.00 | F.I.T. | 548.25 | 548.25 | 24.86 | CHECK DT | 11/02/2018 |
| R-001 | | | | | | | | FEE | 2.00 | MHI | 548.25 | 548.25 | 7.95 | CHECK NO | 005973538 |
| | | | | | | | | | | EESOCSEC | 548.25 | 548.25 | 33.99 | GROSS | 548.25 |
| | | | | | | | | | | ST JOE | 548.25 | 548.25 | 9.59 | NET TOT | 374.01 |
| | | | | | YTD EARN | | 2290.75 | | | IN STATE | 548.25 | 548.25 | 15.85 | DIR DEP | 0.00 |
| | | | | | | | | | | | | | | CHK TOT | 374.01 |
| | REGULAR | 17.000 | 16.000 | 272.00 | | | | CS1 | 80.00 | F.I.T. | 272.00 | 272.00 | | CHECK DT | 11/09/2018 |
| R-001 | | | | | | | | FEE | 2.00 | MHI | 272.00 | 272.00 | 3.94 | CHECK NO | 005980674 |
| | | | | | | | | | | EESOCSEC | 272.00 | 272.00 | 16.86 | GROSS | 272.00 |
| | | | | | | | | | | ST JOE | 272.00 | 272.00 | 4.76 | NET TOT | 157.52 |
| | | | | | YTD EARN | | 2562.75 | | | IN STATE | 272.00 | 272.00 | 6.92 | DIR DEP | 0.00 |
| | | | | | | | | | | | | | | CHK TOT | 157.52 |
| | REGULAR | | 150.750 | 2562.75 | | | | CS1 | 160.00 | F.I.T. | 2562.75 | 2562.75 | 111.17 | | |
| * EMPLOYEE TOTALS * | | | | | | | | FEE | 4.00 | MHI | 2562.75 | 2562.75 | 37.16 | GROSS | 2562.75 |
| | | | | | | | | | | EESOCSEC | 2562.75 | 2562.75 | 158.89 | NET TOT | 1973.23 |
| | | | | | | | | | | ST JOE | 2562.75 | 2562.75 | 44.84 | DIR DEP | 0.00 |
| | | | | | | | | | | INDIANA | 2562.75 | 2562.75 | 73.46 | CHK TOT | 1973.23 |

CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER

FR00000922

# Exhibit 28

PAY-FR317-059PL111
GENECKES     BRANCH 01
CURRENT DATE  03/11/2021     09:26:00

**FR317    FOREST RIVER MANUFACTURING LLC**
**EMPLOYEE CHECK HISTORY**

PAGE    1

FOR CHECKS DATED: 01/01/2017 - 12/31/2018

| EMPLOYEE INFORMATION | DESC | RATE | HOURS | AMOUNT | DESC | HOURS | AMOUNT | DESC | AMOUNT | DESC | GROSS | TAXABLE | AMOUNT | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| VANTINE, TAMMY J | REGULAR | 12.000 | 22.500 | 270.00 | | | | | | F.I.T. | 270.00 | 270.00 | 10.37 | CHECK DT | 12/08/2017 |
| 4-001 | | | | | | | | | | MHI | 270.00 | 270.00 | 3.92 | CHECK NO | 000026612 |
| LOCN    121 | | | | | | | | | | EESOCSEC | 270.00 | 270.00 | 16.74 | GROSS | 270.00 |
| DEPT    012150 | | | | | | | | | | ELKHART | 270.00 | 270.00 | 5.40 | NET TOT | 224.85 |
| EMPL#   317003391 | | | | | YTD EARN | | 270.00 | | | IN STATE | 270.00 | 270.00 | 8.72 | DIR DEP | 0.00 |
| SSNO | | | | | | | | | | | | | | CHK TOT | 224.85 |
| | REGULAR | 9.000 | 38.000 | 342.00 | | | | | | F.I.T. | 572.43 | 572.43 | 42.98 | CHECK DT | 12/08/2017 |
| R-001 | PRODUCTI | | | 230.43 | | | | | | MHI | 572.43 | 572.43 | 8.30 | CHECK NO | 005656462 |
| | | | | | | | | | | EESOCSEC | 572.43 | 572.43 | 35.49 | GROSS | 572.43 |
| | | | | | | | | | | ELKHART | 572.43 | 572.43 | 11.45 | NET TOT | 455.72 |
| | | | | | YTD EARN | | 842.43 | | | IN STATE | 572.43 | 572.43 | 18.49 | DIR DEP | 0.00 |
| | | | | | | | | | | | | | | CHK TOT | 455.72 |
| | REGULAR | 12.000 | 22.500 | 270.00 | | | | | | F.I.T. | 270.00 | 270.00 | 10.37 | CHECK DT | 12/15/2017 |
| 4-001 | | | | | | | | | | MHI | 270.00 | 270.00 | 3.92 | CHECK NO | 000026625 |
| HIRED  02/09/2015 | | | | | | | | | | EESOCSEC | 270.00 | 270.00 | 16.74 | GROSS | 270.00 |
| REHIRE 11/20/2017 | | | | | | | | | | ELKHART | 270.00 | 270.00 | 5.40 | NET TOT | 224.85 |
| TERMD | | | | | YTD EARN | | 1112.43 | | | IN STATE | 270.00 | 270.00 | 8.72 | DIR DEP | 0.00 |
| STATUS  Full Time | | | | | | | | | | | | | | CHK TOT | 224.85 |
| | REGULAR | 9.000 | 38.000 | 342.00 | | | | | | F.I.T. | 572.43 | 572.43 | 42.98 | CHECK DT | 12/15/2017 |
| 4-002 | PRODUCTI | | | 230.43 | | | | | | MHI | 572.43 | 572.43 | 8.30 | CHECK NO | 000026626 |
| | | | | | | | | | | EESOCSEC | 572.43 | 572.43 | 35.49 | GROSS | 572.43 |
| | | | | | | | | | | ELKHART | 572.43 | 572.43 | 11.45 | NET TOT | 455.72 |
| | | | | | YTD EARN | | 1684.86 | | | IN STATE | 572.43 | 572.43 | 18.49 | DIR DEP | 0.00 |
| | | | | | | | | | | | | | | CHK TOT | 455.72 |
| | REGULAR | 9.000 | 59.250 | 533.25 | | | | | | F.I.T. | 1200.47 | 1200.47 | 137.19 | CHECK DT | 12/15/2017 |
| R-001 | OVERTIME | | 19.250 | 167.76 | | | | | | MHI | 1200.47 | 1200.47 | 17.41 | CHECK NO | 005667863 |
| | PRODUCTI | | | 499.46 | | | | | | EESOCSEC | 1200.47 | 1200.47 | 74.43 | GROSS | 1200.47 |
| | | | | | | | | | | ELKHART | 1200.47 | 1200.47 | 24.01 | NET TOT | 908.65 |
| | | | | | YTD EARN | | 2042.90 | | | IN STATE | 1200.47 | 1200.47 | 38.78 | DIR DEP | 0.00 |
| | | | | | | | | | | | | | | CHK TOT | 908.65 |
| | REGULAR | | 38.000- | 342.00- | | | | | | F.I.T. | 572.43- | 572.43- | 42.98- | CHECK DT | 12/15/2017 |
| V-001 | PRODUCTI | | | 230.43- | | | | | | MHI | 572.43- | 572.43- | 8.30- | CHECK NO | V05656462 |
| | | | | | | | | | | EESOCSEC | 572.43- | 572.43- | 35.49- | GROSS | 572.43- |
| | | | | | | | | | | ELKHART | 572.43- | 572.43- | 11.45- | NET TOT | 455.72- |
| | | | | | YTD EARN | | 1112.43 | | | IN STATE | 572.43- | 572.43- | 18.49- | DIR DEP | 0.00 |
| | | | | | | | | | | | | | | CHK TOT | 455.72- |
| | REGULAR | | 22.500- | 270.00- | | | | | | F.I.T. | 270.00- | 270.00- | 10.37- | CHECK DT | 12/15/2017 |
| V-002 | | | | | | | | | | MHI | 270.00- | 270.00- | 3.92- | CHECK NO | V00026612 |
| | | | | | | | | | | EESOCSEC | 270.00- | 270.00- | 16.74- | GROSS | 270.00- |
| | | | | | | | | | | ELKHART | 270.00- | 270.00- | 5.40- | NET TOT | 224.85- |
| | | | | | YTD EARN | | 842.43 | | | IN STATE | 270.00- | 270.00- | 8.72- | DIR DEP | 0.00 |
| | | | | | | | | | | | | | | CHK TOT | 224.85- |
| | REGULAR | 9.000 | 53.500 | 481.50 | | | | | | F.I.T. | 1057.80 | 1057.80 | 115.79 | CHECK DT | 12/22/2017 |
| R-001 | OVERTIME | | 13.500 | 118.51 | | | | | | MHI | 1057.80 | 1057.80 | 15.34 | CHECK NO | 005677237 |
| | PRODUCTI | | | 457.79 | | | | | | EESOCSEC | 1057.80 | 1057.80 | 65.58 | GROSS | 1057.80 |
| | | | | | | | | | | ELKHART | 1057.80 | 1057.80 | 21.16 | NET TOT | 805.76 |
| | | | | | YTD EARN | | 3100.70 | | | IN STATE | 1057.80 | 1057.80 | 34.17 | DIR DEP | 0.00 |
| | | | | | | | | | | | | | | CHK TOT | 805.76 |
| | HOLIDAY | 9.000 | 8.000 | 72.00 | | | | | | F.I.T. | 72.00 | 72.00 | | CHECK DT | 12/22/2017 |
| R-002 | | | | | | | | | | MHI | 72.00 | 72.00 | 1.04 | CHECK NO | 005677238 |
| | | | | | | | | | | EESOCSEC | 72.00 | 72.00 | 4.46 | GROSS | 72.00 |
| | | | | | | | | | | ELKHART | 72.00 | 72.00 | 1.44 | NET TOT | 62.73 |
| | | | | | YTD EARN | | 3172.70 | | | IN STATE | 72.00 | 72.00 | 2.33 | DIR DEP | 0.00 |
| | | | | | | | | | | | | | | CHK TOT | 62.73 |

CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER

FR00000847

PAY-FR317-059PL111
GENECKHS      BRANCH 01
CURRENT DATE  03/11/2021      09:26:00

**FR317    FOREST RIVER MANUFACTURING LLC**
**EMPLOYEE CHECK HISTORY**

PAGE    2

FOR CHECKS DATED: 01/01/2017 - 12/31/2018

| EMPLOYEE INFORMATION | DESC | RATE | HOURS | AMOUNT | DESC | HOURS | AMOUNT | DESC | AMOUNT | DESC | GROSS | TAXABLE | AMOUNT | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| VANTINE, TAMMY J | REGULAR | 9.000 | 49.750 | 447.75 | | | | | | F.I.T. | 985.24 | 985.24 | 104.90 | CHECK DT | 12/29/2017 |
| R-001 | OVERTIME | | 9.750 | 87.93 | | | | | | MHI | 985.24 | 985.24 | 14.29 | CHECK NO | 005684302 |
| LOCN    121 | PRODUCTI | | | 449.56 | | | | | | EESOCSEC | 985.24 | 985.24 | 61.08 | GROSS | 985.24 |
| DEPT   012150 | | | | | | | | | | ELKHART | 985.24 | 985.24 | 19.70 | NET TOT | 753.45 |
| EMPL#   317003391 | | | | | YTD EARN | | 4157.94 | | | IN STATE | 985.24 | 985.24 | 31.82 | DIR DEP | 0.00 |
| SSNO | | | | | | | | | | | | | | CHK TOT | 753.45 |
| | REGULAR | 9.250 | 30.750 | 284.44 | | | | | | F.I.T. | 554.52 | 554.52 | 40.29 | CHECK DT | 01/12/2018 |
| R-001 | HOLIDAY | 9.250 | 8.000 | 74.00 | | | | | | MHI | 554.52 | 554.52 | 8.04 | CHECK NO | 005695543 |
| | PRODUCTI | | | 196.08 | | | | | | EESOCSEC | 554.52 | 554.52 | 34.38 | GROSS | 554.52 |
| | | | | | | | | | | ELKHART | 554.52 | 554.52 | 11.09 | NET TOT | 442.81 |
| | | | | | YTD EARN | | 554.52 | | | IN STATE | 554.52 | 554.52 | 17.91 | DIR DEP | 0.00 |
| | | | | | | | | | | | | | | CHK TOT | 442.81 |
| | REGULAR | 9.250 | 51.000 | 471.75 | | | | | | F.I.T. | 1085.73 | 1085.73 | 119.97 | CHECK DT | 01/19/2018 |
| R-001 | OVERTIME | | 11.000 | 105.69 | | | | | | MHI | 1085.73 | 1085.73 | 15.74 | CHECK NO | 005699368 |
| HIRED  02/09/2015 | PRODUCTI | | | 508.29 | | | | | | EESOCSEC | 1085.73 | 1085.73 | 67.32 | GROSS | 1085.73 |
| REHIRE 11/20/2017 | | | | | | | | | | ELKHART | 1085.73 | 1085.73 | 21.71 | NET TOT | 825.92 |
| TERMD | | | | | YTD EARN | | 1640.25 | | | IN STATE | 1085.73 | 1085.73 | 35.07 | DIR DEP | 0.00 |
| STATUS  Full Time | | | | | | | | | | | | | | CHK TOT | 825.92 |
| | REGULAR | 9.250 | 28.250 | 261.31 | | | | | | F.I.T. | 521.58 | 521.58 | 29.95 | CHECK DT | 01/26/2018 |
| R-001 | PRODUCTI | | | 260.27 | | | | | | MHI | 521.58 | 521.58 | 7.56 | CHECK NO | 005709162 |
| | | | | | | | | | | EESOCSEC | 521.58 | 521.58 | 32.34 | GROSS | 521.58 |
| | | | | | | | | | | ELKHART | 521.58 | 521.58 | 10.43 | NET TOT | 424.45 |
| | | | | | YTD EARN | | 2161.83 | | | IN STATE | 521.58 | 521.58 | 16.85 | DIR DEP | 0.00 |
| | | | | | | | | | | | | | | CHK TOT | 424.45 |
| | REGULAR | 9.250 | 54.500 | 504.13 | | | | | | F.I.T. | 939.57 | 939.57 | 78.77 | CHECK DT | 02/02/2018 |
| R-001 | OVERTIME | | 14.500 | 110.31 | | | | | | MHI | 939.57 | 939.57 | 13.62 | CHECK NO | 005715322 |
| | PRODUCTI | | | 325.13 | | | | | | EESOCSEC | 939.57 | 939.57 | 58.25 | GROSS | 939.57 |
| | | | | | | | | | | ELKHART | 939.57 | 939.57 | 18.79 | NET TOT | 739.79 |
| | | | | | YTD EARN | | 3101.40 | | | IN STATE | 939.57 | 939.57 | 30.35 | DIR DEP | 0.00 |
| | | | | | | | | | | | | | | CHK TOT | 739.79 |
| | REGULAR | 9.250 | 51.250 | 474.06 | ACCIDENT | | 4.69 | F.I.T. | 80.90 | 1068.52 | 957.37 | 80.90 | CHECK DT | 02/09/2018 |
| R-001 | OVERTIME | | 11.250 | 105.68 | DENPRETX | | 8.15 | MHI | 1068.52 | 957.37 | 13.88 | CHECK NO | 005721756 |
| | PRODUCTI | | | 488.78 | MEDPRETX | | 103.00 | EESOCSEC | 1068.52 | 957.37 | 59.36 | GROSS | 1068.52 |
| | | | | | | | | ELKHART | 1068.52 | 957.37 | 19.15 | NET TOT | 748.47 |
| | | | | | YTD EARN | | 4169.92 | IN STATE | 1068.52 | 957.37 | 30.92 | DIR DEP | 0.00 |
| | | | | | | | | | | | | CHK TOT | 748.47 |
| | REGULAR | 9.250 | 41.000 | 379.25 | ACCIDENT | | 4.69 | F.I.T. | 753.21 | 642.06 | 43.07 | CHECK DT | 02/16/2018 |
| R-001 | OVERTIME | | 1.000 | 9.07 | DENPRETX | | 8.15 | MHI | 753.21 | 642.06 | 9.31 | CHECK NO | 005728252 |
| | PRODUCTI | | | 364.89 | MEDPRETX | | 103.00 | EESOCSEC | 753.21 | 642.06 | 39.81 | GROSS | 753.21 |
| | | | | | | | | ELKHART | 753.21 | 642.06 | 12.84 | NET TOT | 511.60 |
| | | | | | YTD EARN | | 4923.13 | IN STATE | 753.21 | 642.06 | 20.74 | DIR DEP | 0.00 |
| | | | | | | | | | | | | CHK TOT | 511.60 |
| | REGULAR | 9.250 | 42.500 | 393.13 | ACCIDENT | | 4.69 | F.I.T. | 823.42 | 712.27 | 51.49 | CHECK DT | 02/23/2018 |
| R-001 | OVERTIME | | 2.500 | 23.53 | DENPRETX | | 8.15 | MHI | 823.42 | 712.27 | 10.33 | CHECK NO | 005736087 |
| | PRODUCTI | | | 406.76 | MEDPRETX | | 103.00 | EESOCSEC | 823.42 | 712.27 | 44.16 | GROSS | 823.42 |
| | | | | | | | | ELKHART | 823.42 | 712.27 | 14.25 | NET TOT | 564.34 |
| | | | | | YTD EARN | | 5746.55 | IN STATE | 823.42 | 712.27 | 23.01 | DIR DEP | 0.00 |
| | | | | | | | | | | | | CHK TOT | 564.34 |
| | REGULAR | 9.250 | 53.500 | 494.88 | ACCIDENT | | 4.69 | F.I.T. | 1176.58 | 1065.43 | 93.87 | CHECK DT | 03/02/2018 |
| R-001 | OVERTIME | | 13.500 | 131.82 | DENPRETX | | 8.15 | MHI | 1176.58 | 1065.43 | 15.45 | CHECK NO | 005743589 |
| | PRODUCTI | | | 549.88 | MEDPRETX | | 103.00 | EESOCSEC | 1176.58 | 1065.43 | 66.06 | GROSS | 1176.58 |
| | | | | | | | | ELKHART | 1176.58 | 1065.43 | 21.31 | NET TOT | 829.64 |
| | | | | | YTD EARN | | 6923.13 | IN STATE | 1176.58 | 1065.43 | 34.41 | DIR DEP | 0.00 |
| | | | | | | | | | | | | CHK TOT | 829.64 |

CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER

FR00000848

PAY-FR317-059PL111
GENECKHS      BRANCH 01
CURRENT DATE  03/11/2021      09:26:00

**FR317    FOREST RIVER MANUFACTURING LLC**
**EMPLOYEE CHECK HISTORY**

PAGE   3

FOR CHECKS DATED: 01/01/2017 - 12/31/2018

| EMPLOYEE INFORMATION | DESC | RATE | HOURS | AMOUNT | DESC | HOURS | AMOUNT | DESC | AMOUNT | DESC | GROSS | TAXABLE | AMOUNT | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| VANTINE, TAMMY J | REGULAR | 9.250 | 47.000 | 434.75 | | | | ACCIDENT | 4.69 | F.I.T. | 967.14 | 855.99 | 68.74 | CHECK DT | 03/09/2018 |
| R-001 | OVERTIME | | 7.000 | 67.03 | | | | DENPRETX | 8.15 | MHI | 967.14 | 855.99 | 12.41 | CHECK NO | 005749672 |
| LOCN    121 | PRODUCTI | | | 465.36 | | | | MEDPRETX | 103.00 | EESOCSEC | 967.14 | 855.99 | 53.07 | GROSS | 967.14 |
| DEPT   012140 | | | | | | | | | | ELKHART | 967.14 | 855.99 | 17.12 | NET TOT | 672.31 |
| EMPL#  317003391 | | | | | YTD EARN | | 7890.27 | | | IN STATE | 967.14 | 855.99 | 27.65 | DIR DEP | 0.00 |
| SSNO | | | | | | | | | | | | | | CHK TOT | 672.31 |
| | REGULAR | 9.250 | 46.000 | 425.50 | | | | ACCIDENT | 4.69 | F.I.T. | 1070.40 | 959.25 | 81.13 | CHECK DT | 03/16/2018 |
| R-001 | OVERTIME | | 6.000 | 65.53 | | | | DENPRETX | 8.15 | MHI | 1070.40 | 959.25 | 13.91 | CHECK NO | 005755321 |
| | PRODUCTI | | | 579.37 | | | | MEDPRETX | 103.00 | EESOCSEC | 1070.40 | 959.25 | 59.47 | GROSS | 1070.40 |
| | | | | | | | | | | ELKHART | 1070.40 | 959.25 | 19.19 | NET TOT | 749.88 |
| | | | | | YTD EARN | | 8960.67 | | | IN STATE | 1070.40 | 959.25 | 30.98 | DIR DEP | 0.00 |
| | | | | | | | | | | | | | | CHK TOT | 749.88 |
| | REGULAR | 9.250 | 40.000 | 370.00 | | | | ACCIDENT | 4.69 | F.I.T. | 998.07 | 886.92 | 72.45 | CHECK DT | 03/23/2018 |
| R-001 | PRODUCTI | | | 628.07 | | | | DENPRETX | 8.15 | MHI | 998.07 | 886.92 | 12.86 | CHECK NO | 005763218 |
| HIRED  02/09/2015 | | | | | | | | MEDPRETX | 103.00 | EESOCSEC | 998.07 | 886.92 | 54.99 | GROSS | 998.07 |
| REHIRE 11/20/2017 | | | | | | | | | | ELKHART | 998.07 | 886.92 | 17.74 | NET TOT | 695.54 |
| TERMD | | | | | YTD EARN | | 9958.74 | | | IN STATE | 998.07 | 886.92 | 28.65 | DIR DEP | 0.00 |
| STATUS  Full Time | | | | | | | | | | | | | | CHK TOT | 695.54 |
| | REGULAR | 9.250 | 36.250 | 335.31 | | | | ACCIDENT | 4.69 | F.I.T. | 935.80 | 824.65 | 64.98 | CHECK DT | 03/30/2018 |
| R-001 | PRODUCTI | | | 600.49 | | | | DENPRETX | 8.15 | MHI | 935.80 | 824.65 | 11.96 | CHECK NO | 005767595 |
| | | | | | | | | MEDPRETX | 103.00 | EESOCSEC | 935.80 | 824.65 | 51.13 | GROSS | 935.80 |
| | | | | | | | | | | ELKHART | 935.80 | 824.65 | 16.49 | NET TOT | 648.76 |
| | | | | | YTD EARN | | 10894.54 | | | IN STATE | 935.80 | 824.65 | 26.64 | DIR DEP | 0.00 |
| | | | | | | | | | | | | | | CHK TOT | 648.76 |
| | REGULAR | 9.250 | 42.250 | 390.81 | | | | ACCIDENT | 4.69 | F.I.T. | 1043.71 | 932.56 | 77.93 | CHECK DT | 04/06/2018 |
| R-001 | OVERTIME | | 2.250 | 27.07 | | | | DENPRETX | 8.15 | MHI | 1043.71 | 932.56 | 13.52 | CHECK NO | 005775592 |
| | PRODUCTI | | | 625.83 | | | | MEDPRETX | 103.00 | EESOCSEC | 1043.71 | 932.56 | 57.82 | GROSS | 1043.71 |
| | | | | | | | | | | ELKHART | 1043.71 | 932.56 | 18.65 | NET TOT | 729.83 |
| | | | | | YTD EARN | | 11938.25 | | | IN STATE | 1043.71 | 932.56 | 30.12 | DIR DEP | 0.00 |
| | | | | | | | | | | | | | | CHK TOT | 729.83 |
| | REGULAR | 9.250 | 44.500 | 411.63 | | | | ACCIDENT | 4.69 | F.I.T. | 1138.20 | 1027.05 | 89.27 | CHECK DT | 04/13/2018 |
| R-001 | OVERTIME | | 4.500 | 54.78 | | | | DENPRETX | 8.15 | MHI | 1138.20 | 1027.05 | 14.89 | CHECK NO | 005783138 |
| | PRODUCTI | | | 671.79 | | | | MEDPRETX | 103.00 | EESOCSEC | 1138.20 | 1027.05 | 63.68 | GROSS | 1138.20 |
| | | | | | | | | | | ELKHART | 1138.20 | 1027.05 | 20.54 | NET TOT | 800.81 |
| | | | | | YTD EARN | | 13076.45 | | | IN STATE | 1138.20 | 1027.05 | 33.17 | DIR DEP | 0.00 |
| | | | | | | | | | | | | | | CHK TOT | 800.81 |
| | REGULAR | 9.250 | 40.000 | 370.00 | | | | ACCIDENT | 4.69 | F.I.T. | 985.31 | 874.16 | 70.92 | CHECK DT | 04/20/2018 |
| R-001 | PRODUCTI | | | 615.31 | | | | DENPRETX | 8.15 | MHI | 985.31 | 874.16 | 12.68 | CHECK NO | 005787036 |
| | | | | | | | | MEDPRETX | 103.00 | EESOCSEC | 985.31 | 874.16 | 54.20 | GROSS | 985.31 |
| | | | | | | | | | | ELKHART | 985.31 | 874.16 | 17.48 | NET TOT | 685.95 |
| | | | | | YTD EARN | | 14061.76 | | | IN STATE | 985.31 | 874.16 | 28.24 | DIR DEP | 0.00 |
| | | | | | | | | | | | | | | CHK TOT | 685.95 |
| | REGULAR | 9.250 | 35.750 | 330.69 | | | | ACCIDENT | 4.69 | F.I.T. | 971.93 | 860.78 | 69.31 | CHECK DT | 04/27/2018 |
| R-001 | PRODUCTI | | | 641.24 | | | | DENPRETX | 8.15 | MHI | 971.93 | 860.78 | 12.48 | CHECK NO | 005793975 |
| | | | | | | | | MEDPRETX | 103.00 | EESOCSEC | 971.93 | 860.78 | 53.37 | GROSS | 971.93 |
| | | | | | | | | | | ELKHART | 971.93 | 860.78 | 17.22 | NET TOT | 675.91 |
| | | | | | YTD EARN | | 15033.69 | | | IN STATE | 971.93 | 860.78 | 27.80 | DIR DEP | 0.00 |
| | | | | | | | | | | | | | | CHK TOT | 675.91 |
| | REGULAR | 9.250 | 40.000 | 370.00 | | | | ACCIDENT | 4.69 | F.I.T. | 1033.71 | 922.56 | 76.73 | CHECK DT | 05/04/2018 |
| R-001 | PRODUCTI | | | 663.71 | | | | DENPRETX | 8.15 | MHI | 1033.71 | 922.56 | 13.38 | CHECK NO | 005801736 |
| | | | | | | | | MEDPRETX | 103.00 | EESOCSEC | 1033.71 | 922.56 | 57.20 | GROSS | 1033.71 |
| | | | | | | | | | | ELKHART | 1033.71 | 922.56 | 18.45 | NET TOT | 722.31 |
| | | | | | YTD EARN | | 16067.40 | | | IN STATE | 1033.71 | 922.56 | 29.80 | DIR DEP | 0.00 |
| | | | | | | | | | | | | | | CHK TOT | 722.31 |

CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER

```
PAY-FR317-059PL111                                                                                          PAGE    4
GENECHKS     BRANCH 01
CURRENT DATE 03/11/2021    09:26:00
```

## FR317    FOREST RIVER MANUFACTURING LLC
## EMPLOYEE CHECK HISTORY

FOR CHECKS DATED:  01/01/2017 - 12/31/2018

| EMPLOYEE INFORMATION | DESC | RATE | HOURS | AMOUNT | DESC | HOURS | AMOUNT | DESC | AMOUNT | DESC | GROSS | TAXABLE | AMOUNT | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| VANTINE, TAMMY J | REGULAR | 9.250 | 37.500 | 346.88 | | | | ACCIDENT | 4.69 | F.I.T. | 914.39 | 803.24 | 62.41 | CHECK DT | 05/11/2018 |
| R-001 | PRODUCTI | | | 567.51 | | | | DENPRETX | 8.15 | MHI | 914.39 | 803.24 | 11.65 | CHECK NO | 005807396 |
| LOCN    121 | | | | | | | | MEDPRETX | 103.00 | EESOCSEC | 914.39 | 803.24 | 49.80 | GROSS | 914.39 |
| DEPT    012140 | | | | | | | | | | ELKHART | 914.39 | 803.24 | 16.06 | NET TOT | 632.69 |
| EMPL#   317003391 | | | | | YTD EARN | | 16981.79 | | | IN STATE | 914.39 | 803.24 | 25.94 | DIR DEP | 0.00 |
| SSNO | | | | | | | | | | | | | | CHK TOT | 632.69 |
| | REGULAR | 9.250 | 39.000 | 360.75 | | | | ACCIDENT | 4.69 | F.I.T. | 949.46 | 838.31 | 66.62 | CHECK DT | 05/18/2018 |
| R-001 | PRODUCTI | | | 588.71 | | | | DENPRETX | 8.15 | MHI | 949.46 | 838.31 | 12.16 | CHECK NO | 005816058 |
| | | | | | | | | MEDPRETX | 103.00 | EESOCSEC | 949.46 | 838.31 | 51.98 | GROSS | 949.46 |
| | | | | | | | | | | ELKHART | 949.46 | 838.31 | 16.77 | NET TOT | 659.01 |
| | | | | | YTD EARN | | 17931.25 | | | IN STATE | 949.46 | 838.31 | 27.08 | DIR DEP | 0.00 |
| | | | | | | | | | | | | | | CHK TOT | 659.01 |
| | REGULAR | 9.250 | 44.000 | 407.00 | | | | ACCIDENT | 4.69 | F.I.T. | 1038.69 | 927.54 | 77.32 | CHECK DT | 05/25/2018 |
| R-001 | OVERTIME | | 4.000 | 45.16 | | | | DENPRETX | 8.15 | MHI | 1038.69 | 927.54 | 13.45 | CHECK NO | 005821011 |
| HIRED  02/09/2015 | PRODUCTI | | | 586.53 | | | | MEDPRETX | 103.00 | EESOCSEC | 1038.69 | 927.54 | 57.51 | GROSS | 1038.69 |
| REHIRE 11/20/2017 | | | | | | | | | | ELKHART | 1038.69 | 927.54 | 18.55 | NET TOT | 726.06 |
| TERMD | | | | | YTD EARN | | 18969.94 | | | IN STATE | 1038.69 | 927.54 | 29.96 | DIR DEP | 0.00 |
| STATUS  Full Time | | | | | | | | | | | | | | CHK TOT | 726.06 |
| | REGULAR | 9.250 | 20.250 | 187.31 | | | | ACCIDENT | 4.69 | F.I.T. | 497.64 | 386.49 | 16.44 | CHECK DT | 06/01/2018 |
| R-001 | PRODUCTI | | | 310.33 | | | | DENPRETX | 8.15 | MHI | 497.64 | 386.49 | 5.60 | CHECK NO | 005830582 |
| | | | | | | | | MEDPRETX | 103.00 | EESOCSEC | 497.64 | 386.49 | 23.96 | GROSS | 497.64 |
| | | | | | | | | | | ELKHART | 497.64 | 386.49 | 7.73 | NET TOT | 315.59 |
| | | | | | YTD EARN | | 19467.58 | | | IN STATE | 497.64 | 386.49 | 12.48 | DIR DEP | 0.00 |
| | | | | | | | | | | | | | | CHK TOT | 315.59 |
| | REGULAR | 9.250 | 23.000 | 212.75 | | | | ACCIDENT | 4.69 | F.I.T. | 539.23 | 428.08 | 20.60 | CHECK DT | 06/08/2018 |
| R-001 | HOLIDAY | 9.250 | 8.000 | 74.00 | | | | DENPRETX | 8.15 | MHI | 539.23 | 428.08 | 6.21 | CHECK NO | 005837488 |
| | PRODUCTI | | | 252.48 | | | | MEDPRETX | 103.00 | EESOCSEC | 539.23 | 428.08 | 26.54 | GROSS | 539.23 |
| | | | | | | | | | | ELKHART | 539.23 | 428.08 | 8.56 | NET TOT | 347.65 |
| | | | | | YTD EARN | | 20006.81 | | | IN STATE | 539.23 | 428.08 | 13.83 | DIR DEP | 0.00 |
| | | | | | | | | | | | | | | CHK TOT | 347.65 |
| | REGULAR | 9.250 | 38.000 | 351.50 | | | | ACCIDENT | 4.69 | F.I.T. | 974.66 | 863.51 | 69.64 | CHECK DT | 06/15/2018 |
| R-001 | PRODUCTI | | | 623.16 | | | | DENPRETX | 8.15 | MHI | 974.66 | 863.51 | 12.52 | CHECK NO | 005844735 |
| | | | | | | | | MEDPRETX | 103.00 | EESOCSEC | 974.66 | 863.51 | 53.54 | GROSS | 974.66 |
| | | | | | | | | | | ELKHART | 974.66 | 863.51 | 17.27 | NET TOT | 677.96 |
| | | | | | YTD EARN | | 20981.47 | | | IN STATE | 974.66 | 863.51 | 27.89 | DIR DEP | 0.00 |
| | | | | | | | | | | | | | | CHK TOT | 677.96 |
| | REGULAR | 9.250 | 34.250 | 316.81 | | | | ACCIDENT | 4.69 | F.I.T. | 825.21 | 714.06 | 51.71 | CHECK DT | 06/22/2018 |
| R-001 | PRODUCTI | | | 508.40 | | | | DENPRETX | 8.15 | MHI | 825.21 | 714.06 | 10.35 | CHECK NO | 005849194 |
| | | | | | | | | MEDPRETX | 103.00 | EESOCSEC | 825.21 | 714.06 | 44.27 | GROSS | 825.21 |
| | | | | | | | | | | ELKHART | 825.21 | 714.06 | 14.28 | NET TOT | 565.70 |
| | | | | | YTD EARN | | 21806.68 | | | IN STATE | 825.21 | 714.06 | 23.06 | DIR DEP | 0.00 |
| | | | | | | | | | | | | | | CHK TOT | 565.70 |
| | REGULAR | 9.250 | 32.500 | 300.63 | | | | ACCIDENT | 4.69 | F.I.T. | 781.89 | 670.74 | 46.51 | CHECK DT | 06/29/2018 |
| R-001 | PRODUCTI | | | 481.26 | | | | DENPRETX | 8.15 | MHI | 781.89 | 670.74 | 9.73 | CHECK NO | 005861631 |
| | | | | | | | | MEDPRETX | 103.00 | EESOCSEC | 781.89 | 670.74 | 41.59 | GROSS | 781.89 |
| | | | | | | | | | | ELKHART | 781.89 | 670.74 | 13.41 | NET TOT | 533.15 |
| | | | | | YTD EARN | | 22588.57 | | | IN STATE | 781.89 | 670.74 | 21.66 | DIR DEP | 0.00 |
| | | | | | | | | | | | | | | CHK TOT | 533.15 |
| | HOLIDAY | 9.250 | 8.000 | 74.00 | | | | ACCIDENT | 4.69 | F.I.T. | 74.00 | 65.85 | | CHECK DT | 06/29/2018 |
| R-002 | | | | | | | | DENPRETX | 8.15 | MHI | 74.00 | 65.85 | .95 | CHECK NO | 005861632 |
| | | | | | | | | | | EESOCSEC | 74.00 | 65.85 | 4.08 | GROSS | 74.00 |
| | | | | | | | | | | ELKHART | 74.00 | 65.85 | 1.32 | NET TOT | 52.68 |
| | | | | | YTD EARN | | 22662.57 | | | IN STATE | 74.00 | 65.85 | 2.13 | DIR DEP | 0.00 |
| | | | | | | | | | | | | | | CHK TOT | 52.68 |
```

CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER

PAY-FR317-059PL111
GENECKES       BRANCH 01
CURRENT DATE  03/11/2021      09:26:00

**FR317    FOREST RIVER MANUFACTURING LLC**
**EMPLOYEE CHECK HISTORY**

PAGE    5

FOR CHECKS DATED: 01/01/2017 - 12/31/2018

| EMPLOYEE INFORMATION | DESC | RATE | EARNINGS THIS PAY HOURS | AMOUNT | DESC | HOURS | AMOUNT | DEDUCTIONS/ACH DESC | AMOUNT | TAXES WITHHELD DESC | GROSS | TAXABLE | AMOUNT | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| VANTINE, TAMMY J | REGULAR | 9.250 | 27.500 | 254.38 | | | | ACCIDENT | 4.69 | F.I.T. | 661.19 | 550.04 | 32.79 | CHECK DT | 07/06/2018 |
| R-001 | PRODUCTI | | | 406.81 | | | | DENPRETX | 8.15 | MHI | 661.19 | 550.04 | 7.98 | CHECK NO | 005866552 |
| LOCN     121 | | | | | | | | MEDPRETX | 103.00 | EESOCSEC | 661.19 | 550.04 | 34.10 | GROSS | 661.19 |
| DEPT    012140 | | | | | | | | | | ELKHART | 661.19 | 550.04 | 11.00 | NET TOT | 441.71 |
| EMPL#  317003391 | | | | | YTD EARN | | 23323.76 | | | IN STATE | 661.19 | 550.04 | 17.77 | DIR DEP | 0.00 |
| SSNO | | | | | | | | | | | | | | CHK TOT | 441.71 |
| | REGULAR | 9.250 | 26.250 | 242.81 | | | | ACCIDENT | 4.69 | F.I.T. | 653.98 | 542.83 | 32.07 | CHECK DT | 07/20/2018 |
| R-001 | PRODUCTI | | | 411.17 | | | | DENPRETX | 8.15 | MHI | 653.98 | 542.83 | 7.87 | CHECK NO | 005877443 |
| | | | | | | | | MEDPRETX | 103.00 | EESOCSEC | 653.98 | 542.83 | 33.66 | GROSS | 653.98 |
| | | | | | | | | | | ELKHART | 653.98 | 542.83 | 10.86 | NET TOT | 436.15 |
| | | | | | YTD EARN | | 23977.74 | | | IN STATE | 653.98 | 542.83 | 17.53 | DIR DEP | 0.00 |
| | | | | | | | | | | | | | | CHK TOT | 436.15 |
| | REGULAR | 9.250 | 32.000 | 296.00 | | | | ACCIDENT | 4.69 | F.I.T. | 777.66 | 666.51 | 46.00 | CHECK DT | 07/27/2018 |
| R-001 | PRODUCTI | | | 481.66 | | | | DENPRETX | 8.15 | MHI | 777.66 | 666.51 | 9.66 | CHECK NO | 005882428 |
| HIRED  02/09/2015 | | | | | | | | MEDPRETX | 103.00 | EESOCSEC | 777.66 | 666.51 | 41.32 | GROSS | 777.66 |
| REHIRE 11/20/2017 | | | | | | | | | | ELKHART | 777.66 | 666.51 | 13.33 | NET TOT | 529.98 |
| TERMD | | | | | YTD EARN | | 24755.40 | | | IN STATE | 777.66 | 666.51 | 21.53 | DIR DEP | 0.00 |
| STATUS  Full Time | | | | | | | | | | | | | | CHK TOT | 529.98 |
| | REGULAR | 9.250 | 33.750 | 312.19 | | | | ACCIDENT | 4.69 | F.I.T. | 799.75 | 688.60 | 48.65 | CHECK DT | 08/03/2018 |
| R-001 | PRODUCTI | | | 487.56 | | | | DENPRETX | 8.15 | MHI | 799.75 | 688.60 | 9.98 | CHECK NO | 005888838 |
| | | | | | | | | MEDPRETX | 103.00 | EESOCSEC | 799.75 | 688.60 | 42.69 | GROSS | 799.75 |
| | | | | | | | | | | ELKHART | 799.75 | 688.60 | 13.77 | NET TOT | 546.58 |
| | | | | | YTD EARN | | 25555.15 | | | IN STATE | 799.75 | 688.60 | 22.24 | DIR DEP | 0.00 |
| | | | | | | | | | | | | | | CHK TOT | 546.58 |
| | REGULAR | 9.250 | 33.750 | 312.19 | | | | ACCIDENT | 4.69 | F.I.T. | 824.95 | 713.80 | 51.68 | CHECK DT | 08/10/2018 |
| R-001 | PRODUCTI | | | 512.76 | | | | DENPRETX | 8.15 | MHI | 824.95 | 713.80 | 10.35 | CHECK NO | 005895998 |
| | | | | | | | | MEDPRETX | 103.00 | EESOCSEC | 824.95 | 713.80 | 44.26 | GROSS | 824.95 |
| | | | | | | | | | | ELKHART | 824.95 | 713.80 | 14.28 | NET TOT | 565.48 |
| | | | | | YTD EARN | | 26380.10 | | | IN STATE | 824.95 | 713.80 | 23.06 | DIR DEP | 0.00 |
| | | | | | | | | | | | | | | CHK TOT | 565.48 |
| | REGULAR | 9.250 | 19.750 | 182.69 | | | | ACCIDENT | 4.69 | F.I.T. | 531.01 | 419.86 | 19.77 | CHECK DT | 08/17/2018 |
| R-001 | PRODUCTI | | | 348.32 | | | | DENPRETX | 8.15 | MHI | 531.01 | 419.86 | 6.09 | CHECK NO | 005902286 |
| | | | | | | | | MEDPRETX | 103.00 | EESOCSEC | 531.01 | 419.86 | 26.03 | GROSS | 531.01 |
| | | | | | | | | | | ELKHART | 531.01 | 419.86 | 8.40 | NET TOT | 341.32 |
| | | | | | YTD EARN | | 26911.11 | | | IN STATE | 531.01 | 419.86 | 13.56 | DIR DEP | 0.00 |
| | | | | | | | | | | | | | | CHK TOT | 341.32 |
| | REGULAR | 9.250 | 24.000 | 222.00 | | | | ACCIDENT | 4.69 | F.I.T. | 733.86 | 622.71 | 40.74 | CHECK DT | 08/31/2018 |
| R-001 | PRODUCTI | | | 511.86 | | | | DENPRETX | 8.15 | MHI | 733.86 | 622.71 | 9.03 | CHECK NO | 005915016 |
| | | | | | | | | MEDPRETX | 103.00 | EESOCSEC | 733.86 | 622.71 | 38.61 | GROSS | 733.86 |
| | | | | | | | | | | ELKHART | 733.86 | 622.71 | 12.45 | NET TOT | 497.08 |
| | | | | | YTD EARN | | 27644.97 | | | IN STATE | 733.86 | 622.71 | 20.11 | DIR DEP | 0.00 |
| | | | | | | | | | | | | | | CHK TOT | 497.08 |
| | REGULAR | 9.250 | 23.750 | 219.69 | | | | ACCIDENT | 4.69 | F.I.T. | 584.20 | 473.05 | 25.09 | CHECK DT | 09/07/2018 |
| R-001 | PRODUCTI | | | 364.51 | | | | DENPRETX | 8.15 | MHI | 584.20 | 473.05 | 6.86 | CHECK NO | 005922355 |
| | | | | | | | | MEDPRETX | 103.00 | EESOCSEC | 584.20 | 473.05 | 29.33 | GROSS | 584.20 |
| | | | | | | | | | | ELKHART | 584.20 | 473.05 | 9.46 | NET TOT | 382.34 |
| | | | | | YTD EARN | | 28229.17 | | | IN STATE | 584.20 | 473.05 | 15.28 | DIR DEP | 0.00 |
| | | | | | | | | | | | | | | CHK TOT | 382.34 |
| | HOLIDAY | 9.250 | 8.000 | 74.00 | | | | ACCIDENT | 4.69 | F.I.T. | 74.00 | 65.85 | | CHECK DT | 09/14/2018 |
| R-001 | | | | | | | | DENPRETX | 8.15 | MHI | 74.00 | 65.85 | .95 | CHECK NO | 005928143 |
| | | | | | | | | | | EESOCSEC | 74.00 | 65.85 | 4.08 | GROSS | 74.00 |
| | | | | | | | | | | ELKHART | 74.00 | 65.85 | 1.32 | NET TOT | 52.68 |
| | | | | | YTD EARN | | 28303.17 | | | IN STATE | 74.00 | 65.85 | 2.13 | DIR DEP | 0.00 |
| | | | | | | | | | | | | | | CHK TOT | 52.68 |

CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER

PAY-FR317-059PL111
GENECHKS    BRANCH 01
CURRENT DATE 03/11/2021    09:26:00

## FR317    FOREST RIVER MANUFACTURING LLC
## EMPLOYEE CHECK HISTORY

PAGE    6

FOR CHECKS DATED: 01/01/2017 - 12/31/2018

**EMPLOYEE INFORMATION**

VANTINE, TAMMY J
LOCN    121
DEPT    012140
EMPL#    317003391
SSNO    [redacted]
HIRED    02/09/2015
REHIRE    11/20/2017
TERMD
STATUS    Full Time

### Check 1 — CHECK DT 09/21/2018 — CHECK NO 005933531

| EARNINGS DESC | RATE | HOURS | AMOUNT | DEDUCTIONS/ACH DESC | AMOUNT | TAXES DESC | GROSS | TAXABLE | AMOUNT |
|---|---|---|---|---|---|---|---|---|---|
| REGULAR | 9.250 | 26.750 | 247.44 | ACCIDENT | 4.69 | F.I.T. | 553.95 | 442.80 | 22.07 |
| R-001 PRODUCTI | | | 306.51 | DENPRETX | 8.15 | MHI | 553.95 | 442.80 | 6.42 |
| | | | | MEDPRETX | 103.00 | EESOCSEC | 553.95 | 442.80 | 27.45 |
| | | | | | | ELKHART | 553.95 | 442.80 | 8.86 |
| YTD EARN | | | 28857.12 | | | IN STATE | 553.95 | 442.80 | 14.30 |

GROSS 553.95 — NET TOT 359.01 — DIR DEP 0.00 — CHK TOT 359.01

### Check 2 — CHECK DT 09/28/2018 — CHECK NO 005939430

| EARNINGS DESC | RATE | HOURS | AMOUNT | DEDUCTIONS/ACH DESC | AMOUNT | TAXES DESC | GROSS | TAXABLE | AMOUNT |
|---|---|---|---|---|---|---|---|---|---|
| REGULAR | 9.250 | 25.000 | 231.25 | ACCIDENT | 4.69 | F.I.T. | 659.94 | 548.79 | 32.67 |
| R-001 PRODUCTI | | | 428.69 | DENPRETX | 8.15 | MHI | 659.94 | 548.79 | 7.96 |
| | | | | MEDPRETX | 103.00 | EESOCSEC | 659.94 | 548.79 | 34.02 |
| | | | | | | ELKHART | 659.94 | 548.79 | 10.98 |
| YTD EARN | | | 29517.06 | | | IN STATE | 659.94 | 548.79 | 17.73 |

GROSS 659.94 — NET TOT 440.74 — DIR DEP 0.00 — CHK TOT 440.74

### Check 3 — CHECK DT 10/05/2018 — CHECK NO 005947482

| EARNINGS DESC | RATE | HOURS | AMOUNT | DEDUCTIONS/ACH DESC | AMOUNT | TAXES DESC | GROSS | TAXABLE | AMOUNT |
|---|---|---|---|---|---|---|---|---|---|
| REGULAR | 9.250 | 17.750 | 164.19 | ACCIDENT | 4.69 | F.I.T. | 371.90 | 260.75 | 3.86 |
| R-001 PRODUCTI | | | 207.71 | DENPRETX | 8.15 | MHI | 371.90 | 260.75 | 3.78 |
| | | | | MEDPRETX | 103.00 | EESOCSEC | 371.90 | 260.75 | 16.17 |
| | | | | | | ELKHART | 371.90 | 260.75 | 5.22 |
| YTD EARN | | | 29888.96 | | | IN STATE | 371.90 | 260.75 | 8.42 |

GROSS 371.90 — NET TOT 218.61 — DIR DEP 0.00 — CHK TOT 218.61

### Check 4 — CHECK DT 10/12/2018 — CHECK NO 005953518

| EARNINGS DESC | RATE | HOURS | AMOUNT | DEDUCTIONS/ACH DESC | AMOUNT | TAXES DESC | GROSS | TAXABLE | AMOUNT |
|---|---|---|---|---|---|---|---|---|---|
| REGULAR | 9.250 | 26.750 | 247.44 | ACCIDENT | 4.69 | F.I.T. | 757.03 | 645.88 | 43.52 |
| R-001 PRODUCTI | | | 509.59 | DENPRETX | 8.15 | MHI | 757.03 | 645.88 | 9.37 |
| | | | | MEDPRETX | 103.00 | EESOCSEC | 757.03 | 645.88 | 40.04 |
| | | | | | | ELKHART | 757.03 | 645.88 | 12.92 |
| YTD EARN | | | 30645.99 | | | IN STATE | 757.03 | 645.88 | 20.86 |

GROSS 757.03 — NET TOT 514.48 — DIR DEP 0.00 — CHK TOT 514.48

### Check 5 — CHECK DT 10/19/2018 — CHECK NO 005958633

| EARNINGS DESC | RATE | HOURS | AMOUNT | DEDUCTIONS/ACH DESC | AMOUNT | TAXES DESC | GROSS | TAXABLE | AMOUNT |
|---|---|---|---|---|---|---|---|---|---|
| REGULAR | 9.250 | 34.000 | 314.50 | ACCIDENT | 4.69 | F.I.T. | 840.01 | 728.86 | 53.48 |
| R-001 PRODUCTI | | | 525.51 | DENPRETX | 8.15 | MHI | 840.01 | 728.86 | 10.57 |
| | | | | MEDPRETX | 103.00 | EESOCSEC | 840.01 | 728.86 | 45.19 |
| | | | | | | ELKHART | 840.01 | 728.86 | 14.58 |
| YTD EARN | | | 31486.00 | | | IN STATE | 840.01 | 728.86 | 23.54 |

GROSS 840.01 — NET TOT 576.81 — DIR DEP 0.00 — CHK TOT 576.81

### Check 6 — CHECK DT 10/26/2018 — CHECK NO 005965015

| EARNINGS DESC | RATE | HOURS | AMOUNT | DEDUCTIONS/ACH DESC | AMOUNT | TAXES DESC | GROSS | TAXABLE | AMOUNT |
|---|---|---|---|---|---|---|---|---|---|
| REGULAR | 9.250 | 22.750 | 210.44 | ACCIDENT | 4.69 | F.I.T. | 554.79 | 443.64 | 22.15 |
| R-001 PRODUCTI | | | 344.35 | DENPRETX | 8.15 | MHI | 554.79 | 443.64 | 6.43 |
| | | | | MEDPRETX | 103.00 | EESOCSEC | 554.79 | 443.64 | 27.51 |
| | | | | | | ELKHART | 554.79 | 443.64 | 8.87 |
| YTD EARN | | | 32040.79 | | | IN STATE | 554.79 | 443.64 | 14.33 |

GROSS 554.79 — NET TOT 359.66 — DIR DEP 0.00 — CHK TOT 359.66

### Check 7 — CHECK DT 11/02/2018 — CHECK NO 005971954

| EARNINGS DESC | RATE | HOURS | AMOUNT | DEDUCTIONS/ACH DESC | AMOUNT | TAXES DESC | GROSS | TAXABLE | AMOUNT |
|---|---|---|---|---|---|---|---|---|---|
| REGULAR | 9.250 | 23.750 | 219.69 | ACCIDENT | 4.69 | F.I.T. | 555.09 | 443.94 | 22.18 |
| R-001 PRODUCTI | | | 335.40 | DENPRETX | 8.15 | MHI | 555.09 | 443.94 | 6.44 |
| | | | | MEDPRETX | 103.00 | EESOCSEC | 555.09 | 443.94 | 27.52 |
| | | | | | | ELKHART | 555.09 | 443.94 | 8.88 |
| YTD EARN | | | 32595.88 | | | IN STATE | 555.09 | 443.94 | 14.34 |

GROSS 555.09 — NET TOT 359.89 — DIR DEP 0.00 — CHK TOT 359.89

### Check 8 — CHECK DT 11/09/2018 — CHECK NO 005979120

| EARNINGS DESC | RATE | HOURS | AMOUNT | DEDUCTIONS/ACH DESC | AMOUNT | TAXES DESC | GROSS | TAXABLE | AMOUNT |
|---|---|---|---|---|---|---|---|---|---|
| REGULAR | 9.250 | 29.250 | 270.56 | ACCIDENT | 4.69 | F.I.T. | 616.50 | 505.35 | 28.32 |
| R-001 PRODUCTI | | | 345.94 | DENPRETX | 8.15 | MHI | 616.50 | 505.35 | 7.33 |
| | | | | MEDPRETX | 103.00 | EESOCSEC | 616.50 | 505.35 | 31.33 |
| | | | | | | ELKHART | 616.50 | 505.35 | 10.11 |
| YTD EARN | | | 33212.38 | | | IN STATE | 616.50 | 505.35 | 16.32 |

GROSS 616.50 — NET TOT 407.25 — DIR DEP 0.00 — CHK TOT 407.25

### Check 9 — CHECK DT 11/16/2018 — CHECK NO 005984915

| EARNINGS DESC | RATE | HOURS | AMOUNT | DEDUCTIONS/ACH DESC | AMOUNT | TAXES DESC | GROSS | TAXABLE | AMOUNT |
|---|---|---|---|---|---|---|---|---|---|
| REGULAR | 9.250 | 32.250 | 298.31 | ACCIDENT | 4.69 | F.I.T. | 710.87 | 599.72 | 37.99 |
| R-001 PRODUCTI | | | 412.56 | DENPRETX | 8.15 | MHI | 710.87 | 599.72 | 8.70 |
| | | | | MEDPRETX | 103.00 | EESOCSEC | 710.87 | 599.72 | 37.18 |
| | | | | | | ELKHART | 710.87 | 599.72 | 11.99 |
| YTD EARN | | | 33923.25 | | | IN STATE | 710.87 | 599.72 | 19.37 |

GROSS 710.87 — NET TOT 479.80 — DIR DEP 0.00 — CHK TOT 479.80

PAY-FR317-059PL111
GENECCHKS    BRANCH 01
CURRENT DATE  03/11/2021        09:26:00

**FR317    FOREST RIVER MANUFACTURING LLC**
**EMPLOYEE CHECK HISTORY**

PAGE    7

FOR CHECKS DATED:  01/01/2017 - 12/31/2018

| EMPLOYEE INFORMATION | DESC | RATE | HOURS | AMOUNT | DESC | HOURS | AMOUNT | DESC | AMOUNT | DESC | GROSS | TAXABLE | AMOUNT | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| VANTINE, TAMMY J | REGULAR | 9.250 | 25.750 | 238.19 | | | | ACCIDENT | 4.69 | F.I.T. | 531.72 | 420.57 | 19.85 | CHECK DT | 11/21/2018 |
| R-001 | PRODUCTI | | | 293.53 | | | | DENPRETX | 8.15 | MHI | 531.72 | 420.57 | 6.10 | CHECK NO | 005993264 |
| LOCN    121 | | | | | | | | MEDPRETX | 103.00 | EESOCSEC | 531.72 | 420.57 | 26.08 | GROSS | 531.72 |
| DEPT    012140 | | | | | | | | | | ELKHART | 531.72 | 420.57 | 8.41 | NET TOT | 341.86 |
| EMPL#   317003391 | | | | | YTD EARN | | 34454.97 | | | IN STATE | 531.72 | 420.57 | 13.58 | DIR DEP | 0.00 |
| SSNO | | | | | | | | | | | | | | CHK TOT | 341.86 |
| | REGULAR | 9.250 | 19.000 | 175.75 | | | | ACCIDENT | 4.69 | F.I.T. | 521.15 | 410.00 | 18.79 | CHECK DT | 11/30/2018 |
| R-001 | HOLIDAY | 9.250 | 8.000 | 74.00 | | | | DENPRETX | 8.15 | MHI | 521.15 | 410.00 | 5.95 | CHECK NO | 006000353 |
| | PRODUCTI | | | 271.40 | | | | MEDPRETX | 103.00 | EESOCSEC | 521.15 | 410.00 | 25.42 | GROSS | 521.15 |
| | | | | | | | | | | ELKHART | 521.15 | 410.00 | 8.20 | NET TOT | 333.71 |
| | | | | | YTD EARN | | 34976.12 | | | IN STATE | 521.15 | 410.00 | 13.24 | DIR DEP | 0.00 |
| | | | | | | | | | | | | | | CHK TOT | 333.71 |
| | REGULAR | 9.250 | 8.250 | 76.31 | | | | ACCIDENT | 4.69 | F.I.T. | 286.31 | 175.16 | | CHECK DT | 12/07/2018 |
| R-001 | PRODUCTI | | | 210.00 | | | | DENPRETX | 8.15 | MHI | 286.31 | 175.16 | 2.54 | CHECK NO | 006005166 |
| HIRED  02/09/2015 | | | | | | | | MEDPRETX | 103.00 | EESOCSEC | 286.31 | 175.16 | 10.86 | GROSS | 286.31 |
| REHIRE 11/20/2017 | | | | | | | | | | ELKHART | 286.31 | 175.16 | 3.50 | NET TOT | 147.91 |
| TERMD | | | | | YTD EARN | | 35262.43 | | | IN STATE | 286.31 | 175.16 | 5.66 | DIR DEP | 0.00 |
| STATUS  Full Time | | | | | | | | | | | | | | CHK TOT | 147.91 |
| | REGULAR | 9.250 | 41.000 | 379.25 | | | | ACCIDENT | 4.69 | F.I.T. | 850.74 | 739.59 | 54.77 | CHECK DT | 12/14/2018 |
| R-001 | OVERTIME | | 1.000 | 10.25 | | | | DENPRETX | 8.15 | MHI | 850.74 | 739.59 | 10.72 | CHECK NO | 006012193 |
| | PRODUCTI | | | 461.24 | | | | MEDPRETX | 103.00 | EESOCSEC | 850.74 | 739.59 | 45.85 | GROSS | 850.74 |
| | | | | | | | | | | ELKHART | 850.74 | 739.59 | 14.79 | NET TOT | 584.88 |
| | | | | | YTD EARN | | 36113.17 | | | IN STATE | 850.74 | 739.59 | 23.89 | DIR DEP | 0.00 |
| | | | | | | | | | | | | | | CHK TOT | 584.88 |
| | | | | | | | | ERHEALTH | 10265.20 | | | | | CHECK DT | 12/13/2018 |
| A-001 | | | | | | | | | | | | | | CHECK NO | YTD ADJ |
| | | | | | | | | | | | | | | GROSS | 0.00 |
| | | | | | | | | | | | | | | NET TOT | 0.00 |
| | | | | | YTD EARN | | 36113.17 | | | | | | | DIR DEP | 0.00 |
| | | | | | | | | | | | | | | CHK TOT | 0.00 |
| | REGULAR | 9.250 | 44.250 | 409.31 | | | | ACCIDENT | 4.69 | F.I.T. | 1031.41 | 920.26 | 76.45 | CHECK DT | 12/21/2018 |
| R-001 | OVERTIME | | 4.250 | 47.26 | | | | DENPRETX | 8.15 | MHI | 1031.41 | 920.26 | 13.34 | CHECK NO | 006022310 |
| | PRODUCTI | | | 574.84 | | | | MEDPRETX | 103.00 | EESOCSEC | 1031.41 | 920.26 | 57.06 | GROSS | 1031.41 |
| | | | | | | | | | | ELKHART | 1031.41 | 920.26 | 18.41 | NET TOT | 720.59 |
| | | | | | YTD EARN | | 37144.58 | | | IN STATE | 1031.41 | 920.26 | 29.72 | DIR DEP | 0.00 |
| | | | | | | | | | | | | | | CHK TOT | 720.59 |
| | HOLIDAY | 9.250 | 8.000 | 74.00 | | | | ACCIDENT | 4.69 | F.I.T. | 74.00 | 65.85 | | CHECK DT | 12/21/2018 |
| R-002 | | | | | | | | DENPRETX | 8.15 | MHI | 74.00 | 65.85 | .95 | CHECK NO | 006022311 |
| | | | | | | | | | | EESOCSEC | 74.00 | 65.85 | 4.08 | GROSS | 74.00 |
| | | | | | | | | | | ELKHART | 74.00 | 65.85 | 1.32 | NET TOT | 52.68 |
| | | | | | YTD EARN | | 37218.58 | | | IN STATE | 74.00 | 65.85 | 2.13 | DIR DEP | 0.00 |
| | | | | | | | | | | | | | | CHK TOT | 52.68 |
| | REGULAR | 9.250 | 35.750 | 330.69 | | | | ACCIDENT | 4.69 | F.I.T. | 1034.40 | 923.25 | 76.81 | CHECK DT | 12/28/2018 |
| R-001 | PRODUCTI | | | 703.71 | | | | DENPRETX | 8.15 | MHI | 1034.40 | 923.25 | 13.39 | CHECK NO | 006027145 |
| | | | | | | | | MEDPRETX | 103.00 | EESOCSEC | 1034.40 | 923.25 | 57.24 | GROSS | 1034.40 |
| | | | | | | | | | | ELKHART | 1034.40 | 923.25 | 18.47 | NET TOT | 722.83 |
| | | | | | YTD EARN | | 38252.98 | | | IN STATE | 1034.40 | 923.25 | 29.82 | DIR DEP | 0.00 |
| | | | | | | | | | | | | | | CHK TOT | 722.83 |
| | OVERT-OT | | 125.250 | 1177.38 | | | | ACCIDENT | 220.43 | F.I.T. | 42410.92 | 37495.87 | 2841.95 | | |
| * EMPLOYEE TOTALS * | REGULAR | | 1849.000 | 17115.04 | | | | DENPRETX | 383.05 | MHI | 42410.92 | 37495.87 | 543.70 | GROSS | 42410.92 |
| | HOLIDAY | | 56.000 | 516.00 | | | | ERHEALTH | 10265.20 | EESOCSEC | 42410.92 | 37495.87 | 2324.74 | NET TOT | 29604.00 |
| | PROD | | | 23602.50 | | | | MEDPRETX | 4532.00 | ELKHART | 42410.92 | 37495.87 | 749.94 | DIR DEP | 0.00 |
| | | | | | | | | | | IN STATE | 42410.92 | 37495.87 | 1211.11 | CHK TOT | 29604.00 |

CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER

FR00000853

3/11/2021                                                                                         ADP

## Pay Summary: **2019 - 2 - 1**

| Forest River Inc.<br>55470 County Road 1<br>Elkhart, IN 46514 | **Period Beginning Date**<br>1/11/2019 | **Pay Date**<br>1/11/2019 | **Co.**<br>ZJ9 | **Clock**<br>00000 | **Home Dept**<br>000000000000000 |
|---|---|---|---|---|---|
| Tammy J Vantine | **Period Ending Date**<br>1/12/2019 | **WGPS Advance Pay Date** | **File #**<br>206122 | **Number**<br>0000000? | **Worked in Dept**<br>000000000000000 |

| Gross Pay | | $ 74.00 |
|---|---|---|
| Regular | | |
| Overtime | | |
| HOLIDAY (field 3) | Hours: 8.00 | $ 74.00 |

| Taxes | $ 0.00 |
|---|---|

| Deductions | $ 74.00 |
|---|---|
| MED - MEDICAL | $ 74.00 |

| Take Home | $ 0.00 |
|---|---|

CONFIDENTIAL – SUBJECT TO
PROTECTIVE ORDER                                                    FR00000856

3/11/2021                                                                                                       ADP

## Pay Summary: **2019 - 12 - 1**

| Forest River Inc.<br>55470 County Road 1<br>Elkhart, IN 46514 | **Period Beginning Date** | **Pay Date**<br>3/22/2019 | **Co.**<br>ZJ9 | **Clock**<br>00000 | **Home Dept**<br>000000000000000 |
|---|---|---|---|---|---|
| Tammy J Vantine | **Period Ending Date**<br>3/23/2019 | **WGPS Advance Pay Date** | **File #**<br>206122 | **Number**<br>0000000? | **Worked In Dept**<br>000000000000000 |

| Gross Pay | | $ 636.30 |
|---|---|---|
| Regular | Hours: 28.75 | $ 265.94 |
| Overtime | | |
| PROD (field 3) | | $ 370.36 |

| Taxes | | $ 97.45 |
|---|---|---|
| Federal Income Tax | | $ 29.82 |
| Social Security | | $ 32.56 |
| Medicare | | $ 7.61 |
| State Worked In: Indiana | Code: IN | $ 16.96 |
| Locality Worked In | Code: LOTX | $ 10.50 |

| Deductions | $ 115.84 |
|---|---|
| ACC - ACCIDENTAL | $ 4.69 |
| DEN - DENTAL | $ 8.15 |
| MED - MEDICAL | $ 103.00 |

| Take Home | $ 423.01 |
|---|---|

CONFIDENTIAL – SUBJECT TO
PROTECTIVE ORDER                                                                              FR00000857

3/11/2021    ADP

Pay Summary: **2019 - 11 - 2**

| Forest River Inc.<br>55470 County Road 1<br>Elkhart, IN 46514 | **Period Beginning Date**<br>3/15/2019 | **Pay Date**<br>3/15/2019 | **Co.**<br>ZJ9 | **Clock**<br>00000 | **Home Dept**<br>000000000000000 |
|---|---|---|---|---|---|
| Tammy J Vantine | **Period Ending Date**<br>3/16/2019 | **WGPS Advance Pay Date** | **File #**<br>206122 | **Number**<br>0000000? | **Worked In Dept**<br>000000000000000 |

| Gross Pay | | | $ 696.07 |
|---|---|---|---|
| Regular | | Hours: 35.50 | $ 328.38 |
| Overtime | | | |
| PROD (field 3) | | | $ 367.69 |

| Taxes | | $ 111.14 |
|---|---|---|
| Federal Income Tax | | $ 35.80 |
| Social Security | | $ 36.27 |
| Medicare | | $ 8.48 |
| State Worked In: Indiana | Code: IN | $ 18.89 |
| Locality Worked In | Code: LOTX | $ 11.70 |

| Deductions | | $ 115.84 |
|---|---|---|
| ACC - ACCIDENTAL | | $ 4.69 |
| DEN - DENTAL | | $ 8.15 |
| MED - MEDICAL | | $ 103.00 |

| Take Home | $ 469.09 |
|---|---|

CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER    FR00000858

3/11/2021                                           ADP

## Pay Summary: **2019 - 10 - 1**

| Forest River Inc.<br>55470 County Road 1<br>Elkhart, IN 46514 | **Period Beginning Date**<br>3/8/2019 | **Pay Date**<br>3/8/2019 | **Co.**<br>ZJ9 | **Clock**<br>00000 | **Home Dept**<br>000000000000000 |
|---|---|---|---|---|---|
| Tammy J Vantine | **Period Ending Date**<br>3/9/2019 | **WGPS Advance Pay Date** | **File #**<br>206122 | **Number**<br>0000000? | **Worked In Dept**<br>000000000000000 |

| Gross Pay | | | $ 328.01 |
|---|---|---|---|
| Regular | | Hours: 20.50 | $ 189.63 |
| Overtime | | | |
| PROD (field 3) | | | $ 138.38 |

| Taxes | | $ 27.93 |
|---|---|---|
| Social Security | | $ 13.45 |
| Medicare | | $ 3.14 |
| State Worked In: Indiana | Code: IN | $ 7.00 |
| Locality Worked In | Code: LOTX | $ 4.34 |

| Deductions | $ 115.84 |
|---|---|
| ACC - ACCIDENTAL | $ 4.69 |
| DEN - DENTAL | $ 8.15 |
| MED - MEDICAL | $ 103.00 |

| Take Home | $ 184.24 |
|---|---|

CONFIDENTIAL – SUBJECT TO
PROTECTIVE ORDER

FR00000859

3/11/2021                                                              ADP

Pay Summary: **2019 - 9 - 2**

| Forest River Inc.<br>55470 County Road 1<br>Elkhart, IN 46514 | **Period Beginning Date**<br>3/1/2019 | **Pay Date**<br>3/1/2019 | **Co.**<br>ZJ9 | **Clock**<br>00000 | **Home Dept**<br>000000000000000 |
|---|---|---|---|---|---|
| Tammy J Vantine | **Period Ending Date**<br>3/2/2019 | **WGPS Advance Pay Date** | **File #**<br>206122 | **Number**<br>0000000? | **Worked In Dept**<br>000000000000000 |

| Gross Pay | | $ 715.69 |
|---|---|---|
| Regular | Hours: 31.50 | $ 291.38 |
| Overtime | | |
| PROD (field 3) | | $ 424.31 |

| Taxes | | $ 115.72 |
|---|---|---|
| Federal Income Tax | | $ 37.85 |
| Social Security | | $ 37.48 |
| Medicare | | $ 8.77 |
| State Worked In: Indiana | Code: IN | $ 19.53 |
| Locality Worked In | Code: LOTX | $ 12.09 |

| Deductions | | $ 115.84 |
|---|---|---|
| ACC - ACCIDENTAL | | $ 4.69 |
| DEN - DENTAL | | $ 8.15 |
| MED - MEDICAL | | $ 103.00 |

| Take Home | | $ 484.13 |
|---|---|---|

CONFIDENTIAL – SUBJECT TO<br>PROTECTIVE ORDER                                                           FR00000860

3/11/2021                                             ADP

Pay Summary: **2019 - 8 - 1**

| Forest River Inc.<br>55470 County Road 1<br>Elkhart, IN 46514 | **Period Beginning Date**<br>2/22/2019 | **Pay Date**<br>2/22/2019 | **Co.**<br>ZJ9 | **Clock**<br>00000 | **Home Dept**<br>000000000000000 |
|---|---|---|---|---|---|
| Tammy J Vantine | **Period Ending Date**<br>2/23/2019 | **WGPS Advance Pay Date** | **File #**<br>206122 | **Number**<br>0000000? | **Worked In Dept**<br>000000000000000 |

| Gross Pay | | $ 383.70 |
|---|---|---|
| Regular | Hours: 20.25 | $ 187.31 |
| Overtime | | |
| PROD (field 3) | | $ 196.39 |

| Taxes | | $ 39.66 |
|---|---|---|
| Federal Income Tax | | $ 4.56 |
| Social Security | | $ 16.90 |
| Medicare | | $ 3.95 |
| State Worked In: Indiana | Code: IN | $ 8.80 |
| Locality Worked In | Code: LOTX | $ 5.45 |

| Deductions | $ 115.84 |
|---|---|
| ACC - ACCIDENTAL | $ 4.69 |
| DEN - DENTAL | $ 8.15 |
| MED - MEDICAL | $ 103.00 |

| Take Home | $ 228.20 |
|---|---|

CONFIDENTIAL – SUBJECT TO
PROTECTIVE ORDER

FR00000861

3/11/2021 ADP

Pay Summary: **2019 - 7 - 1**

| Forest River Inc.<br>55470 County Road 1<br>Elkhart, IN 46514 | **Period Beginning Date**<br>2/15/2019 | **Pay Date**<br>2/15/2019 | **Co.**<br>ZJ9 | **Clock**<br>00000 | **Home Dept**<br>000000000000000 |
|---|---|---|---|---|---|
| <u>Tammy J Vantine</u> | **Period Ending Date**<br>2/16/2019 | **WGPS Advance Pay Date** | **File #**<br>206122 | **Number**<br>0000000? | **Worked In Dept**<br>000000000000000 |

| Gross Pay | | $ 402.12 |
|---|---|---|
| Regular | Hours: 24.75 | $ 228.94 |
| Overtime | | |
| PROD (field 3) | | $ 173.18 |

| Taxes | | $ 43.88 |
|---|---|---|
| Federal Income Tax | | $ 6.40 |
| Social Security | | $ 18.04 |
| Medicare | | $ 4.22 |
| State Worked In: Indiana | Code: IN | $ 9.40 |
| Locality Worked In | Code: LOTX | $ 5.82 |

| Deductions | | $ 115.84 |
|---|---|---|
| ACC - ACCIDENTAL | | $ 4.69 |
| DEN - DENTAL | | $ 8.15 |
| MED - MEDICAL | | $ 103.00 |

| Take Home | | $ 242.40 |
|---|---|---|

CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER    FR00000862

3/11/2021                                                          ADP

Pay Summary: **2019 - 6 - 1**

| Forest River Inc.<br>55470 County Road 1<br>Elkhart, IN 46514 | **Period Beginning Date**<br>2/8/2019 | **Pay Date**<br>2/8/2019 | **Co.**<br>ZJ9 | **Clock**<br>00000 | **Home Dept**<br>000000000000000 |
|---|---|---|---|---|---|
| Tammy J Vantine | **Period Ending Date**<br>2/9/2019 | **WGPS Advance Pay Date** | **File #**<br>206122 | **Number**<br>0000000? | **Worked In Dept**<br>000000000000000 |

| Gross Pay | | $ 123.03 |
|---|---|---|
| Regular | Hours: 6.25 | $ 57.81 |
| Overtime | | |
| PROD (field 3) | | $ 65.22 |

| Taxes | | $ 1.53 |
|---|---|---|
| Social Security | | $ 0.74 |
| Medicare | | $ 0.17 |
| State Worked In: Indiana | Code: IN | $ 0.38 |
| Locality Worked In | Code: LOTX | $ 0.24 |

| Deductions | $ 115.84 |
|---|---|
| ACC - ACCIDENTAL | $ 4.69 |
| DEN - DENTAL | $ 8.15 |
| MED - MEDICAL | $ 103.00 |

| Take Home | $ 5.66 |
|---|---|

CONFIDENTIAL – SUBJECT TO
PROTECTIVE ORDER

FR00000863

3/11/2021    ADP

Pay Summary: **2019 - 5 - 2**

| Forest River Inc.<br>55470 County Road 1<br>Elkhart, IN 46514 | **Period Beginning Date**<br>2/1/2019 | **Pay Date**<br>2/1/2019 | **Co.**<br>ZJ9 | **Clock**<br>00000 | **Home Dept**<br>000000000000000 |
|---|---|---|---|---|---|
| Tammy J Vantine | **Period Ending Date**<br>2/2/2019 | **WGPS Advance Pay Date** | **File #**<br>206122 | **Number**<br>0000000? | **Worked In Dept**<br>000000000000000 |

| Gross Pay | | | $ 541.76 |
|---|---|---|---|
| Regular | | Hours: 27.00 | $ 249.75 |
| Overtime | | | |
| PROD (field 3) | | | $ 292.01 |

| Taxes | | $ 75.83 |
|---|---|---|
| Federal Income Tax | | $ 20.37 |
| Social Security | | $ 26.70 |
| Medicare | | $ 6.24 |
| State Worked In: Indiana | Code: IN | $ 13.91 |
| Locality Worked In | Code: LOTX | $ 8.61 |

| Deductions | | $ 115.84 |
|---|---|---|
| ACC - ACCIDENTAL | | $ 4.69 |
| DEN - DENTAL | | $ 8.15 |
| MED - MEDICAL | | $ 103.00 |

| Take Home | $ 350.09 |
|---|---|

CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER    FR00000864

3/11/2021                                   ADP

## Pay Summary: **2019 - 4 - 1**

| Forest River Inc.<br>55470 County Road 1<br>Elkhart, IN 46514 | **Period Beginning Date**<br>1/25/2019 | **Pay Date**<br>1/25/2019 | **Co.**<br>ZJ9 | **Clock**<br>00000 | **Home Dept**<br>000000000000000 |
|---|---|---|---|---|---|
| Tammy J Vantine | **Period Ending Date**<br>1/29/2019 | **WGPS Advance Pay Date** | **File #**<br>206122 | **Number**<br>0000000? | **Worked In Dept**<br>000000000000000 |

| Gross Pay | | | $ 541.74 |
|---|---|---|---|
| Regular | | Hours: 32.25 | $ 298.31 |
| Overtime | | | |
| PROD (field 3) | | | $ 243.43 |

| Taxes | | | $ 75.83 |
|---|---|---|---|
| Federal Income Tax | | | $ 20.37 |
| Social Security | | | $ 26.70 |
| Medicare | | | $ 6.24 |
| State Worked In: Indiana | Code: IN | | $ 13.91 |
| Locality Worked In | Code: LOTX | | $ 8.61 |

| Deductions | | $ 115.84 |
|---|---|---|
| ACC - ACCIDENTAL | | $ 4.69 |
| DEN - DENTAL | | $ 8.15 |
| MED - MEDICAL | | $ 103.00 |

| Take Home | $ 350.07 |
|---|---|

CONFIDENTIAL – SUBJECT TO
PROTECTIVE ORDER

FR00000865

3/11/2021    ADP

Pay Summary: **2019 - 3 - 1**

| Forest River Inc.<br>55470 County Road 1<br>Elkhart, IN 46514 | **Period Beginning Date**<br>1/18/2019 | **Pay Date**<br>1/18/2019 | **Co.**<br>ZJ9 | **Clock**<br>00000 | **Home Dept**<br>000000000000000 |
|---|---|---|---|---|---|
| Tammy J Vantine | **Period Ending Date**<br>1/19/2019 | **WGPS Advance Pay Date** | **File #**<br>206122 | **Number**<br>0000000? | **Worked In Dept**<br>000000000000000 |

| Gross Pay | | $ 709.88 |
|---|---|---|
| Regular | Hours: 38.00 | $ 351.50 |
| Overtime | | |
| PROD (field 3) | | $ 358.38 |

| Taxes | | $ 114.29 |
|---|---|---|
| Federal Income Tax | | $ 37.18 |
| Social Security | | $ 37.12 |
| Medicare | | $ 8.68 |
| State Worked In: Indiana | Code: IN | $ 19.34 |
| Locality Worked In | Code: LOTX | $ 11.97 |

| Deductions | | $ 115.84 |
|---|---|---|
| ACC - ACCIDENTAL | | $ 4.69 |
| DEN - DENTAL | | $ 8.15 |
| MED - MEDICAL | | $ 103.00 |

| Take Home | $ 479.75 |
|---|---|

CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER

FR00000866

3/11/2021

ADP

## Pay Summary: **2019 - 21 - 1**

| Forest River Inc. 55470 County Road 1 Elkhart, IN 46514 | **Period Beginning Date** | **Pay Date** 5/24/2019 | **Co.** ZJ9 | **Clock** 00000 | **Home Dept** 000000000000000 |
|---|---|---|---|---|---|
| Tammy J Vantine | **Period Ending Date** 5/25/2019 | **WGPS Advance Pay Date** | **File #** 206122 | **Number** 0000000? | **Worked In Dept** 000000000000000 |

| Gross Pay | | | $ 299.76 |
|---|---|---|---|
| Regular | | Hours: 18.25 | $ 176.11 |
| Overtime | | | |
| PROD (field 3) | | | $ 123.65 |

| Taxes | | | $ 24.28 |
|---|---|---|---|
| Social Security | | | $ 11.69 |
| Medicare | | | $ 2.73 |
| State Worked In: Indiana | Code: IN | | $ 6.09 |
| Locality Worked In | Code: LOTX | | $ 3.77 |

| Deductions | | $ 115.84 |
|---|---|---|
| ACC - ACCIDENTAL | | $ 4.69 |
| DEN - DENTAL | | $ 8.15 |
| MED - MEDICAL | | $ 103.00 |

| Take Home | $ 159.64 |
|---|---|

CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER

FR00000867

3/11/2021                                                                    ADP

Pay Summary: **2019 - 20 - 1**

| Forest River Inc.<br>55470 County Road 1<br>Elkhart, IN 46514 | **Period Beginning Date**<br>5/17/2019 | **Pay Date**<br>5/17/2019 | **Co.**<br>ZJ9 | **Clock**<br>00000 | **Home Dept**<br>000000000000000 |
|---|---|---|---|---|---|
| Tammy J Vantine | **Period Ending Date**<br>5/18/2019 | **WGPS Advance Pay Date** | **File #**<br>206122 | **Number**<br>0000000? | **Worked In Dept**<br>000000000000000 |

| Gross Pay | | $ 354.61 |
|---|---|---|
| Regular | Hours: 20.75 | $ 200.24 |
| Overtime | | |
| PROD (field 3) | | $ 154.37 |

| Taxes | | $ 33.00 |
|---|---|---|
| Federal Income Tax | | $ 1.65 |
| Social Security | | $ 15.09 |
| Medicare | | $ 3.53 |
| State Worked In: Indiana | Code: IN | $ 7.86 |
| Locality Worked In | Code: LOTX | $ 4.87 |

| Deductions | | $ 115.84 |
|---|---|---|
| ACC - ACCIDENTAL | | $ 4.69 |
| DEN - DENTAL | | $ 8.15 |
| MED - MEDICAL | | $ 103.00 |

| Take Home | | $ 205.77 |
|---|---|---|

CONFIDENTIAL – SUBJECT TO
PROTECTIVE ORDER

FR00000868

3/11/2021                                                ADP

Pay Summary: **2019 - 19 - 1**

| Forest River Inc.<br>55470 County Road 1<br>Elkhart, IN 46514 | **Period Beginning Date**<br>5/10/2019 | **Pay Date**<br>5/10/2019 | **Co.**<br>ZJ9 | **Clock**<br>00000 | **Home Dept**<br>000000000000000 |
|---|---|---|---|---|---|
| Tammy J Vantine | **Period Ending Date**<br>5/11/2019 | **WGPS Advance Pay Date** | **File #**<br>206122 | **Number**<br>0000000? | **Worked In Dept**<br>000000000000000 |

| Gross Pay | | | $ 601.66 |
|---|---|---|---|
| Regular | | Hours: 31.75 | $ 306.39 |
| Overtime | | | |
| PROD (field 3) | | | $ 295.27 |

| Taxes | | | $ 89.53 |
|---|---|---|---|
| Federal Income Tax | | | $ 26.36 |
| Social Security | | | $ 30.41 |
| Medicare | | | $ 7.11 |
| State Worked In: Indiana | Code: IN | | $ 15.84 |
| Locality Worked In | Code: LOTX | | $ 9.81 |

| Deductions | | $ 115.84 |
|---|---|---|
| ACC - ACCIDENTAL | | $ 4.69 |
| DEN - DENTAL | | $ 8.15 |
| MED - MEDICAL | | $ 103.00 |

| Take Home | $ 396.29 |
|---|---|

CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER

FR00000869

3/11/2021                                            ADP

Pay Summary: **2019 - 18 - 2**

| Forest River Inc.<br>55470 County Road 1<br>Elkhart, IN 46514 | **Period Beginning Date**<br>5/3/2019 | **Pay Date**<br>5/3/2019 | **Co.**<br>ZJ9 | **Clock**<br>00000 | **Home Dept**<br>000000000000000 |
|---|---|---|---|---|---|
| Tammy J Vantine | **Period Ending Date**<br>5/4/2019 | **WGPS Advance Pay Date** | **File #**<br>206122 | **Number**<br>0000000? | **Worked In Dept**<br>000000000000000 |

| Gross Pay | | $ 874.16 |
|---|---|---|
| Regular | Hours: 45.75 | $ 441.49 |
| Overtime | Hours: 5.75 | $ 51.69 |
| PROD (field 3) | | $ 380.98 |

| Taxes | | $ 155.15 |
|---|---|---|
| Federal Income Tax | | $ 56.87 |
| Social Security | | $ 47.31 |
| Medicare | | $ 11.06 |
| State Worked In: Indiana | Code: IN | $ 24.65 |
| Locality Worked In | Code: LOTX | $ 15.26 |

| Deductions | | $ 115.84 |
|---|---|---|
| ACC - ACCIDENTAL | | $ 4.69 |
| DEN - DENTAL | | $ 8.15 |
| MED - MEDICAL | | $ 103.00 |

| Take Home | $ 603.17 |
|---|---|

CONFIDENTIAL – SUBJECT TO
PROTECTIVE ORDER

FR00000870

3/11/2021                                                    ADP

Pay Summary: **2019 - 17 - 1**

| Forest River Inc.<br>55470 County Road 1<br>Elkhart, IN 46514 | **Period Beginning Date**<br>4/26/2019 | **Pay Date**<br>4/26/2019 | **Co.**<br>ZJ9 | **Clock**<br>00000 | **Home Dept**<br>000000000000000 |
|---|---|---|---|---|---|
| Tammy J Vantine | **Period Ending Date**<br>4/30/2019 | **WGPS Advance Pay Date** | **File #**<br>206122 | **Number**<br>0000000? | **Worked In Dept**<br>000000000000000 |

| Gross Pay | | | $ 761.86 |
|---|---|---|---|
| Regular | | Hours: 38.75 | $ 373.94 |
| Overtime | | | |
| PROD (field 3) | | | $ 387.92 |

| Taxes | | | $ 127.20 |
|---|---|---|---|
| Federal Income Tax | | | $ 43.39 |
| Social Security | | | $ 40.34 |
| Medicare | | | $ 9.44 |
| State Worked In: Indiana | Code: IN | | $ 21.02 |
| Locality Worked In | Code: LOTX | | $ 13.01 |

| Deductions | | $ 115.84 |
|---|---|---|
| ACC - ACCIDENTAL | | $ 4.69 |
| DEN - DENTAL | | $ 8.15 |
| MED - MEDICAL | | $ 103.00 |

| Take Home | $ 518.82 |
|---|---|

CONFIDENTIAL – SUBJECT TO
PROTECTIVE ORDER

FR00000871

3/11/2021                                                            ADP

Pay Summary: **2019 - 16 - 1**

| Forest River Inc.<br>55470 County Road 1<br>Elkhart, IN 46514 | **Period Beginning Date**<br>4/19/2019 | **Pay Date**<br>4/19/2019 | **Co.**<br>ZJ9 | **Clock**<br>00000 | **Home Dept**<br>000000000000000 |
|---|---|---|---|---|---|
| Tammy J Vantine | **Period Ending Date**<br>4/20/2019 | **WGPS Advance Pay Date** | **File #**<br>206122 | **Number**<br>0000000? | **Worked In Dept**<br>000000000000000 |

| Gross Pay | | $ 567.93 |
|---|---|---|
| Regular | Hours: 29.25 | $ 282.26 |
| Overtime | | |
| PROD (field 3) | | $ 285.67 |

| Taxes | | $ 81.82 |
|---|---|---|
| Federal Income Tax | | $ 22.99 |
| Social Security | | $ 28.32 |
| Medicare | | $ 6.62 |
| State Worked In: Indiana | Code: IN | $ 14.75 |
| Locality Worked In | Code: LOTX | $ 9.14 |

| Deductions | | $ 115.84 |
|---|---|---|
| ACC - ACCIDENTAL | | $ 4.69 |
| DEN - DENTAL | | $ 8.15 |
| MED - MEDICAL | | $ 103.00 |

| Take Home | $ 370.27 |
|---|---|

CONFIDENTIAL – SUBJECT TO
PROTECTIVE ORDER

FR00000872

3/11/2021 ADP

Pay Summary: **2019 - 15 - 1**

| Forest River Inc.<br>55470 County Road 1<br>Elkhart, IN 46514 | **Period Beginning Date**<br>4/12/2019 | **Pay Date**<br>4/12/2019 | **Co.**<br>ZJ9 | **Clock**<br>00000 | **Home Dept**<br>000000000000000 |
|---|---|---|---|---|---|
| Tammy J Vantine | **Period Ending Date**<br>4/13/2019 | **WGPS Advance Pay Date** | **File #**<br>206122 | **Number**<br>0000000? | **Worked In Dept**<br>000000000000000 |

| Gross Pay | | $ 757.99 |
|---|---|---|
| Regular | Hours: 30.75 | $ 296.74 |
| Overtime | | |
| PROD (field 3) | | $ 461.25 |

| Taxes | | $ 126.24 |
|---|---|---|
| Federal Income Tax | | $ 42.93 |
| Social Security | | $ 40.10 |
| Medicare | | $ 9.38 |
| State Worked In: Indiana | Code: IN | $ 20.89 |
| Locality Worked In | Code: LOTX | $ 12.94 |

| Deductions | | $ 115.84 |
|---|---|---|
| ACC - ACCIDENTAL | | $ 4.69 |
| DEN - DENTAL | | $ 8.15 |
| MED - MEDICAL | | $ 103.00 |

| Take Home | $ 515.91 |
|---|---|

CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER

FR00000873

3/11/2021                                    ADP

Pay Summary: **2019 - 14 - 2**

| Forest River Inc.<br>55470 County Road 1<br>Elkhart, IN 46514 | **Period Beginning Date**<br>4/5/2019 | **Pay Date**<br>4/5/2019 | **Co.**<br>ZJ9 | **Clock**<br>00000 | **Home Dept**<br>000000000000000 |
|---|---|---|---|---|---|
| Tammy J Vantine | **Period Ending Date**<br>4/6/2019 | **WGPS Advance Pay Date** | **File #**<br>206122 | **Number**<br>0000000? | **Worked In Dept**<br>000000000000000 |

| Gross Pay | | $ 268.00 |
|---|---|---|
| Regular | Hours: 16.75 | $ 154.94 |
| Overtime | | |
| PROD (field 3) | | $ 113.06 |

| Taxes | | $ 20.20 |
|---|---|---|
| Social Security | | $ 9.72 |
| Medicare | | $ 2.27 |
| State Worked In: Indiana | Code: IN | $ 5.07 |
| Locality Worked In | Code: LOTX | $ 3.14 |

| Deductions | $ 115.84 |
|---|---|
| ACC - ACCIDENTAL | $ 4.69 |
| DEN - DENTAL | $ 8.15 |
| MED - MEDICAL | $ 103.00 |

| Take Home | $ 131.96 |
|---|---|

CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER

FR00000874

3/11/2021

ADP

Pay Summary: **2019 - 13 - 1**

| Forest River Inc.<br>55470 County Road 1<br>Elkhart, IN 46514 | **Period Beginning Date**<br>3/11/2019 | **Pay Date**<br>3/29/2019 | **Co.**<br>ZJ9 | **Clock**<br>00000 | **Home Dept**<br>000000000000000 |
|---|---|---|---|---|---|
| Tammy J Vantine | **Period Ending Date**<br>4/1/2019 | **WGPS Advance Pay Date** | **File #**<br>206122 | **Number**<br>0000000? | **Worked In Dept**<br>000000000000000 |

| Gross Pay | | | $ 509.47 |
|---|---|---|---|
| Regular | | Hours: 30.00 | $ 277.50 |
| Overtime | | | |
| PROD (field 3) | | | $ 231.97 |

| Taxes | | $ 68.46 |
|---|---|---|
| Federal Income Tax | | $ 17.14 |
| Social Security | | $ 24.70 |
| Medicare | | $ 5.78 |
| State Worked In: Indiana | Code: IN | $ 12.87 |
| Locality Worked In | Code: LOTX | $ 7.97 |

| Deductions | $ 115.84 |
|---|---|
| ACC - ACCIDENTAL | $ 4.69 |
| DEN - DENTAL | $ 8.15 |
| MED - MEDICAL | $ 103.00 |

| Take Home | $ 325.17 |
|---|---|

CONFIDENTIAL – SUBJECT TO
PROTECTIVE ORDER

FR00000875

3/11/2021                                                                                           ADP

## Pay Summary: **2019 - 12 - 1**

| Forest River Inc.<br>55470 County Road 1<br>Elkhart, IN 46514 | **Period Beginning Date**<br>3/22/2019 | **Pay Date**<br>3/22/2019 | **Co.**<br>ZJ9 | **Clock**<br>00000 | **Home Dept**<br>000000000000000 |
|---|---|---|---|---|---|
| Tammy J Vantine | **Period Ending Date**<br>3/23/2019 | **WGPS Advance Pay Date** | **File #**<br>206122 | **Number**<br>0000000? | **Worked In Dept**<br>000000000000000 |

| **Gross Pay** | | **$ 636.30** |
|---|---|---|
| Regular | Hours: 28.75 | $ 265.94 |
| Overtime | | |
| PROD (field 3) | | $ 370.36 |

| **Taxes** | | **$ 97.45** |
|---|---|---|
| Federal Income Tax | | $ 29.82 |
| Social Security | | $ 32.56 |
| Medicare | | $ 7.61 |
| State Worked In: Indiana | Code: IN | $ 16.96 |
| Locality Worked In | Code: LOTX | $ 10.50 |

| **Deductions** | **$ 115.84** |
|---|---|
| ACC - ACCIDENTAL | $ 4.69 |
| DEN - DENTAL | $ 8.15 |
| MED - MEDICAL | $ 103.00 |

| **Take Home** | **$ 423.01** |
|---|---|

CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER                    FR00000876

3/11/2021                                        ADP

Pay Summary: **2019 - 33 - 1**

| Forest River Inc.<br>55470 County Road 1<br>Elkhart, IN 46514 | **Period Beginning Date** | **Pay Date**<br>8/16/2019 | **Co.**<br>ZJ9 | **Clock**<br>00000 | **Home Dept**<br>000000000000000 |
|---|---|---|---|---|---|
| Tammy J Vantine | **Period Ending Date**<br>8/17/2019 | **WGPS Advance Pay Date** | **File #**<br>206122 | **Number**<br>0000000? | **Worked In Dept**<br>000000000000000 |

| Gross Pay | | $ 675.97 |
|---|---|---|
| Regular | Hours: 39.75 | $ 383.59 |
| Overtime | | |
| PROD (field 3) | | $ 292.38 |

| Taxes | | $ 106.54 |
|---|---|---|
| Federal Income Tax | | $ 33.79 |
| Social Security | | $ 35.02 |
| Medicare | | $ 8.19 |
| State Worked In: Indiana | Code: IN | $ 18.24 |
| Locality Worked In | Code: LOTX | $ 11.30 |

| Deductions | | $ 115.84 |
|---|---|---|
| ACC - ACCIDENTAL | | $ 4.69 |
| DEN - DENTAL | | $ 8.15 |
| MED - MEDICAL | | $ 103.00 |

| Take Home | $ 453.59 |
|---|---|

CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER    FR00000877

3/11/2021                                                    ADP

Pay Summary: **2019 - 32 - 1**

| Forest River Inc.<br>55470 County Road 1<br>Elkhart, IN 46514 | **Period Beginning Date**<br>8/9/2019 | **Pay Date**<br>8/9/2019 | **Co.**<br>ZJ9 | **Clock**<br>00000 | **Home Dept**<br>000000000000000 |
|---|---|---|---|---|---|
| Tammy J Vantine | **Period Ending Date**<br>8/10/2019 | **WGPS Advance Pay Date** | **File #**<br>206122 | **Number**<br>0000000? | **Worked In Dept**<br>000000000000000 |

| Gross Pay | | $ 572.28 |
|---|---|---|
| Regular | Hours: 31.50 | $ 303.98 |
| Overtime | | |
| PROD (field 3) | | $ 268.30 |

| Taxes | | $ 82.81 |
|---|---|---|
| Federal Income Tax | | $ 23.42 |
| Social Security | | $ 28.59 |
| Medicare | | $ 6.69 |
| State Worked In: Indiana | Code: IN | $ 14.89 |
| Locality Worked In | Code: LOTX | $ 9.22 |

| Deductions | | $ 115.84 |
|---|---|---|
| ACC - ACCIDENTAL | | $ 4.69 |
| DEN - DENTAL | | $ 8.15 |
| MED - MEDICAL | | $ 103.00 |

| Take Home | $ 373.63 |
|---|---|

CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER

FR00000878

3/11/2021                                                    ADP

Pay Summary: **2019 - 31 - 2**

| Forest River Inc.<br>55470 County Road 1<br>Elkhart, IN 46514 | **Period Beginning Date**<br>8/2/2019 | **Pay Date**<br>8/2/2019 | **Co.**<br>ZJ9 | **Clock**<br>00000 | **Home Dept**<br>000000000000000 |
|---|---|---|---|---|---|
| Tammy J Vantine | **Period Ending Date**<br>8/3/2019 | **WGPS Advance Pay Date** | **File #**<br>206122 | **Number**<br>0000000? | **Worked In Dept**<br>000000000000000 |

| Gross Pay | | $ 605.68 |
|---|---|---|
| Regular | Hours: 27.50 | $ 265.38 |
| Overtime | | |
| PROD (field 3) | | $ 340.30 |

| Taxes | | $ 90.45 |
|---|---|---|
| Federal Income Tax | | $ 26.76 |
| Social Security | | $ 30.66 |
| Medicare | | $ 7.17 |
| State Worked In: Indiana | Code: IN | $ 15.97 |
| Locality Worked In | Code: LOTX | $ 9.89 |

| Deductions | $ 115.84 |
|---|---|
| ACC - ACCIDENTAL | $ 4.69 |
| DEN - DENTAL | $ 8.15 |
| MED - MEDICAL | $ 103.00 |

| Take Home | $ 399.39 |
|---|---|

CONFIDENTIAL – SUBJECT TO
PROTECTIVE ORDER

FR00000879

3/11/2021                                                                  ADP

Pay Summary: **2019 - 30 - 1**

| Forest River Inc.<br>55470 County Road 1<br>Elkhart, IN 46514 | **Period Beginning Date** | **Pay Date**<br>7/26/2019 | **Co.**<br>ZJ9 | **Clock**<br>00000 | **Home Dept**<br>000000000000000 |
|---|---|---|---|---|---|
| Tammy J Vantine | **Period Ending Date**<br>7/27/2019 | **WGPS Advance Pay Date** | **File #**<br>206122 | **Number**<br>0000000? | **Worked In Dept**<br>000000000000000 |

| Gross Pay | | $ 626.61 |
|---|---|---|
| Regular | Hours: 24.50 | $ 236.43 |
| Overtime | | |
| PROD (field 3) | | $ 390.18 |

| Taxes | | $ 95.24 |
|---|---|---|
| Federal Income Tax | | $ 28.85 |
| Social Security | | $ 31.96 |
| Medicare | | $ 7.47 |
| State Worked In: Indiana | Code: IN | $ 16.65 |
| Locality Worked In | Code: LOTX | $ 10.31 |

| Deductions | $ 115.84 |
|---|---|
| ACC - ACCIDENTAL | $ 4.69 |
| DEN - DENTAL | $ 8.15 |
| MED - MEDICAL | $ 103.00 |

| Take Home | $ 415.53 |
|---|---|

CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER

FR00000880

Pay Summary: **2019 - 29 - 1**

| Forest River Inc.<br>55470 County Road 1<br>Elkhart, IN 46514 | **Period Beginning Date**<br>7/19/2019 | **Pay Date**<br>7/19/2019 | **Co.**<br>ZJ9 | **Clock**<br>00000 | **Home Dept**<br>000000000000000 |
|---|---|---|---|---|---|
| Tammy J Vantine | **Period Ending Date**<br>7/20/2019 | **WGPS Advance Pay Date** | **File #**<br>206122 | **Number**<br>0000000? | **Worked In Dept**<br>000000000000000 |

| Gross Pay | | | $ 829.24 |
|---|---|---|---|
| Regular | | Hours: 36.25 | $ 349.81 |
| Overtime | | | |
| PROD (field 3) | | | $ 479.43 |

| Taxes | | $ 143.96 |
|---|---|---|
| Federal Income Tax | | $ 51.48 |
| Social Security | | $ 44.52 |
| Medicare | | $ 10.41 |
| State Worked In: Indiana | Code: IN | $ 23.19 |
| Locality Worked In | Code: LOTX | $ 14.36 |

| Deductions | $ 115.84 |
|---|---|
| ACC - ACCIDENTAL | $ 4.69 |
| DEN - DENTAL | $ 8.15 |
| MED - MEDICAL | $ 103.00 |

| Take Home | $ 569.44 |
|---|---|

CONFIDENTIAL – SUBJECT TO
PROTECTIVE ORDER

FR00000881

3/11/2021                                                                                           ADP

Pay Summary: **2019 - 26 - 1**

| Forest River Inc.<br>55470 County Road 1<br>Elkhart, IN 46514 | **Period Beginning Date**<br>6/28/2019 | **Pay Date**<br>6/28/2019 | **Co.**<br>ZJ9 | **Clock**<br>00000 | **Home Dept**<br>000000000000000 |
|---|---|---|---|---|---|
| Tammy J Vantine | **Period Ending Date**<br>6/30/2019 | **WGPS Advance Pay Date** | **File #**<br>206122 | **Number**<br>0000000? | **Worked In Dept**<br>000000000000000 |

| Gross Pay | | $ 1,057.45 |
|---|---|---|
| Regular | Hours: 29.50 | $ 284.68 |
| Overtime | | |
| HOLIDAY (field 3) | Hours: 8.00 | $ 77.20 |
| PROD (field 3) | | $ 386.77 |
| VACATION (field 3) | Hours: 32.00 | $ 308.80 |

| Taxes | | $ 145.71 |
|---|---|---|
| Federal Income Tax | | $ 38.13 |
| Social Security | | $ 51.78 |
| Medicare | | $ 12.11 |
| State Worked In: Indiana | Code: IN | $ 26.98 |
| Locality Worked In | Code: LOTX | $ 16.71 |

| Deductions | | $ 115.84 |
|---|---|---|
| ACC - ACCIDENTAL | | $ 4.69 |
| DEN - DENTAL | | $ 8.15 |
| MED - MEDICAL | | $ 103.00 |

| Take Home | $ 795.90 |
|---|---|

CONFIDENTIAL – SUBJECT TO
PROTECTIVE ORDER

FR00000882

3/11/2021                                                                 ADP

Pay Summary: **2019 - 25 - 1**

| Forest River Inc.<br>55470 County Road 1<br>Elkhart, IN 46514 | **Period Beginning Date**<br>6/21/2019 | **Pay Date**<br>6/21/2019 | **Co.**<br>ZJ9 | **Clock**<br>00000 | **Home Dept**<br>000000000000000 |
|---|---|---|---|---|---|
| Tammy J Vantine | **Period Ending Date**<br>6/22/2019 | **WGPS Advance Pay Date** | **File #**<br>206122 | **Number**<br>0000000? | **Worked In Dept**<br>000000000000000 |

| Gross Pay | | | $ 855.91 |
|---|---|---|---|
| Regular | | Hours: 32.00 | $ 308.80 |
| Overtime | | | |
| PROD (field 3) | | | $ 547.11 |

| Taxes | | $ 150.62 |
|---|---|---|
| Federal Income Tax | | $ 54.68 |
| Social Security | | $ 46.18 |
| Medicare | | $ 10.80 |
| State Worked In: Indiana | Code: IN | $ 24.06 |
| Locality Worked In | Code: LOTX | $ 14.90 |

| Deductions | $ 115.84 |
|---|---|
| ACC - ACCIDENTAL | $ 4.69 |
| DEN - DENTAL | $ 8.15 |
| MED - MEDICAL | $ 103.00 |

| Take Home | $ 589.45 |
|---|---|

CONFIDENTIAL – SUBJECT TO
PROTECTIVE ORDER                                                          FR00000883

3/11/2021                                                                ADP

Pay Summary: **2019 - 24 - 1**

| Forest River Inc.<br>55470 County Road 1<br>Elkhart, IN 46514 | **Period Beginning Date**<br>6/14/2019 | **Pay Date**<br>6/14/2019 | **Co.**<br>ZJ9 | **Clock**<br>00000 | **Home Dept**<br>000000000000000 |
|---|---|---|---|---|---|
| Tammy J Vantine | **Period Ending Date**<br>6/15/2019 | **WGPS Advance Pay Date** | **File #**<br>206122 | **Number**<br>0000000? | **Worked In Dept**<br>000000000000000 |

| Gross Pay | | | $ 672.74 |
|---|---|---|---|
| Regular | | Hours: 32.00 | $ 308.80 |
| Overtime | | | |
| PROD (field 3) | | | $ 363.94 |

| Taxes | | $ 105.80 |
|---|---|---|
| Federal Income Tax | | $ 33.47 |
| Social Security | | $ 34.82 |
| Medicare | | $ 8.14 |
| State Worked In: Indiana | Code: IN | $ 18.14 |
| Locality Worked In | Code: LOTX | $ 11.23 |

| Deductions | | $ 115.84 |
|---|---|---|
| ACC - ACCIDENTAL | | $ 4.69 |
| DEN - DENTAL | | $ 8.15 |
| MED - MEDICAL | | $ 103.00 |

| Take Home | $ 451.10 |
|---|---|

CONFIDENTIAL – SUBJECT TO
PROTECTIVE ORDER

FR00000884

3/11/2021                                        ADP

Pay Summary: **2019 - 23 - 2**

| Forest River Inc.<br>55470 County Road 1<br>Elkhart, IN 46514 | **Period Beginning Date**<br>6/7/2019 | **Pay Date**<br>6/7/2019 | **Co.**<br>ZJ9 | **Clock**<br>00000 | **Home Dept**<br>000000000000000 |
|---|---|---|---|---|---|
| Tammy J Vantine | **Period Ending Date**<br>6/8/2019 | **WGPS Advance Pay Date** | **File #**<br>206122 | **Number**<br>0000000? | **Worked In Dept**<br>000000000000000 |

| Gross Pay | | $ 77.20 |
|---|---|---|
| Regular | | |
| Overtime | | |
| HOLIDAY (field 3) | Hours: 8.00 | $ 77.20 |

| Taxes | $ 0.00 |
|---|---|

| Deductions | $ 77.20 |
|---|---|
| MED - MEDICAL | $ 77.20 |

| Take Home | $ 0.00 |
|---|---|

CONFIDENTIAL – SUBJECT TO
PROTECTIVE ORDER                                        FR00000885

3/11/2021                                        ADP

Pay Summary: **2019 - 22 - 1**

| Forest River Inc.<br>55470 County Road 1<br>Elkhart, IN 46514 | **Period Beginning Date**<br>5/31/2019 | **Pay Date**<br>5/31/2019 | **Co.**<br>ZJ9 | **Clock**<br>00000 | **Home Dept**<br>000000000000000 |
|---|---|---|---|---|---|
| Tammy J Vantine | **Period Ending Date**<br>6/1/2019 | **WGPS Advance Pay Date** | **File #**<br>206122 | **Number**<br>0000000? | **Worked In Dept**<br>000000000000000 |

| Gross Pay | | $ 508.73 |
|---|---|---|
| Regular | Hours: 21.50 | $ 207.48 |
| Overtime | | |
| PROD (field 3) | | $ 301.25 |

| Taxes | | $ 68.27 |
|---|---|---|
| Federal Income Tax | | $ 17.07 |
| Social Security | | $ 24.65 |
| Medicare | | $ 5.76 |
| State Worked In: Indiana | Code: IN | $ 12.84 |
| Locality Worked In | Code: LOTX | $ 7.95 |

| Deductions | | $ 115.84 |
|---|---|---|
| ACC - ACCIDENTAL | | $ 4.69 |
| DEN - DENTAL | | $ 8.15 |
| MED - MEDICAL | | $ 103.00 |

| Take Home | | $ 324.62 |
|---|---|---|

CONFIDENTIAL – SUBJECT TO
PROTECTIVE ORDER

FR00000886

3/11/2021                                              ADP

Pay Summary: **2019 - 43 - 1**

| Forest River Inc. | **Period Beginning Date** | **Pay Date** | **Co.** | **Clock** | **Home Dept** |
|---|---|---|---|---|---|
| 55470 County Road 1 | | 10/25/2019 | ZJ9 | 00000 | 000000000000000 |
| Elkhart, IN 46514 | | | | | |
| Tammy J Vantine | **Period Ending Date** | **WGPS Advance Pay Date** | **File #** | **Number** | **Worked In Dept** |
| | 10/26/2019 | | 206122 | 0000000? | 000000000000000 |

| Gross Pay | | $ 411.06 |
|---|---|---|
| Regular | Hours: 28.75 | $ 277.44 |
| Overtime | | |
| PROD (field 3) | | $ 133.62 |

| Taxes | | $ 45.93 |
|---|---|---|
| Federal Income Tax | | $ 7.30 |
| Social Security | | $ 18.59 |
| Medicare | | $ 4.35 |
| State Worked In: Indiana | Code: IN | $ 9.69 |
| Locality Worked In | Code: LOTX | $ 6.00 |

| Deductions | $ 115.84 |
|---|---|
| ACC - ACCIDENTAL | $ 4.69 |
| DEN - DENTAL | $ 8.15 |
| MED - MEDICAL | $ 103.00 |

| Take Home | $ 249.29 |
|---|---|

CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER                    FR00000887

3/11/2021                                                          ADP

Pay Summary: **2019 - 42 - 1**

| Forest River Inc.<br>55470 County Road 1<br>Elkhart, IN 46514 | **Period Beginning Date**<br>10/18/2019 | **Pay Date**<br>10/18/2019 | **Co.**<br>ZJ9 | **Clock**<br>00000 | **Home Dept**<br>000000000000000 |
|---|---|---|---|---|---|
| Tammy J Vantine | **Period Ending Date**<br>10/19/2019 | **WGPS Advance Pay Date** | **File #**<br>206122 | **Number**<br>0000000? | **Worked In Dept**<br>000000000000000 |

| Gross Pay | | $ 614.33 |
|---|---|---|
| Regular | Hours: 36.25 | $ 349.81 |
| Overtime | | |
| PROD (field 3) | | $ 264.52 |

| Taxes | | $ 92.44 |
|---|---|---|
| Federal Income Tax | | $ 27.63 |
| Social Security | | $ 31.20 |
| Medicare | | $ 7.30 |
| State Worked In: Indiana | Code: IN | $ 16.25 |
| Locality Worked In | Code: LOTX | $ 10.06 |

| Deductions | $ 115.84 |
|---|---|
| ACC - ACCIDENTAL | $ 4.69 |
| DEN - DENTAL | $ 8.15 |
| MED - MEDICAL | $ 103.00 |

| Take Home | $ 406.05 |
|---|---|

CONFIDENTIAL – SUBJECT TO
PROTECTIVE ORDER

FR00000888

3/11/2021                                                                                 ADP

Pay Summary: **2019 - 41 - 1**

| | | | | | |
|---|---|---|---|---|---|
| Forest River Inc.<br>55470 County Road 1<br>Elkhart, IN 46514 | **Period Beginning Date**<br>10/11/2019 | **Pay Date**<br>10/11/2019 | **Co.**<br>ZJ9 | **Clock**<br>00000 | **Home Dept**<br>000000000000000 |
| Tammy J Vantine | **Period Ending Date**<br>10/12/2019 | **WGPS Advance Pay Date** | **File #**<br>206122 | **Number**<br>0000000? | **Worked In Dept**<br>000000000000000 |

| | | |
|---|---|---|
| **Gross Pay** | | **$ 719.46** |
| Regular | Hours: 37.25 | $ 359.46 |
| Overtime | | |
| PROD (field 3) | | $ 360.00 |
| **Taxes** | | **$ 116.66** |
| Federal Income Tax | | $ 38.30 |
| Social Security | | $ 37.72 |
| Medicare | | $ 8.82 |
| State Worked In: Indiana | Code: IN | $ 19.65 |
| Locality Worked In | Code: LOTX | $ 12.17 |
| **Deductions** | | **$ 115.84** |
| ACC - ACCIDENTAL | | $ 4.69 |
| DEN - DENTAL | | $ 8.15 |
| MED - MEDICAL | | $ 103.00 |
| **Take Home** | | **$ 486.96** |

CONFIDENTIAL – SUBJECT TO<br>PROTECTIVE ORDER

FR00000889

3/11/2021                                        ADP

## Pay Summary: **2019 - 40 - 1**

| Forest River Inc.<br>55470 County Road 1<br>Elkhart, IN 46514 | **Period Beginning Date** | **Pay Date**<br>10/4/2019 | **Co.**<br>ZJ9 | **Clock**<br>00000 | **Home Dept**<br>000000000000000 |
|---|---|---|---|---|---|
| Tammy J Vantine | **Period Ending Date**<br>10/5/2019 | **WGPS Advance Pay Date** | **File #**<br>206122 | **Number**<br>0000000? | **Worked In Dept**<br>000000000000000 |

| Gross Pay | | $ 674.88 |
|---|---|---|
| Regular | Hours: 43.25 | $ 417.36 |
| Overtime | Hours: 3.25 | $ 24.44 |
| PROD (field 3) | | $ 233.08 |

| Taxes | | $ 106.28 |
|---|---|---|
| Federal Income Tax | | $ 33.68 |
| Social Security | | $ 34.95 |
| Medicare | | $ 8.17 |
| State Worked In: Indiana | Code: IN | $ 18.21 |
| Locality Worked In | Code: LOTX | $ 11.27 |

| Deductions | | $ 115.84 |
|---|---|---|
| ACC - ACCIDENTAL | | $ 4.69 |
| DEN - DENTAL | | $ 8.15 |
| MED - MEDICAL | | $ 103.00 |

| Take Home | | $ 452.76 |
|---|---|---|

CONFIDENTIAL – SUBJECT TO
PROTECTIVE ORDER

FR00000890

3/11/2021                                                     ADP

Pay Summary: **2019 - 39 - 1**

| Forest River Inc.<br>55470 County Road 1<br>Elkhart, IN 46514 | **Period Beginning Date** | **Pay Date**<br>9/27/2019 | **Co.**<br>ZJ9 | **Clock**<br>00000 | **Home Dept**<br>000000000000000 |
|---|---|---|---|---|---|
| Tammy J Vantine | **Period Ending Date**<br>9/28/2019 | **WGPS Advance Pay Date** | **File #**<br>206122 | **Number**<br>0000000? | **Worked In Dept**<br>000000000000000 |

| Gross Pay | | | $ 504.01 |
|---|---|---|---|
| Regular | | Hours: 31.50 | $ 303.98 |
| Overtime | | | |
| PROD (field 3) | | | $ 200.03 |

| Taxes | | | $ 67.20 |
|---|---|---|---|
| Federal Income Tax | | | $ 16.59 |
| Social Security | | | $ 24.36 |
| Medicare | | | $ 5.70 |
| State Worked In: Indiana | Code: IN | | $ 12.69 |
| Locality Worked In | Code: LOTX | | $ 7.86 |

| Deductions | | $ 115.84 |
|---|---|---|
| ACC - ACCIDENTAL | | $ 4.69 |
| DEN - DENTAL | | $ 8.15 |
| MED - MEDICAL | | $ 103.00 |

| Take Home | $ 320.97 |
|---|---|

CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER                FR00000891

3/11/2021    ADP

Pay Summary: **2019 - 38 - 1**

| Forest River Inc.<br>55470 County Road 1<br>Elkhart, IN 46514 | **Period Beginning Date**<br>9/15/2019 | **Pay Date**<br>9/20/2019 | **Co.**<br>ZJ9 | **Clock**<br>00000 | **Home Dept**<br>000000000000000 |
|---|---|---|---|---|---|
| Tammy J Vantine | **Period Ending Date**<br>9/21/2019 | **WGPS Advance Pay Date** | **File #**<br>206122 | **Number**<br>0000000? | **Worked In Dept**<br>000000000000000 |

| Gross Pay | | | $ 618.47 |
|---|---|---|---|
| Regular | | Hours: 32.25 | $ 311.21 |
| Overtime | | | |
| PROD (field 3) | | | $ 307.26 |

| Taxes | | $ 93.39 |
|---|---|---|
| Federal Income Tax | | $ 28.04 |
| Social Security | | $ 31.45 |
| Medicare | | $ 7.36 |
| State Worked In: Indiana | Code: IN | $ 16.39 |
| Locality Worked In | Code: LOTX | $ 10.15 |

| Deductions | $ 115.84 |
|---|---|
| ACC - ACCIDENTAL | $ 4.69 |
| DEN - DENTAL | $ 8.15 |
| MED - MEDICAL | $ 103.00 |

| Take Home | $ 409.24 |
|---|---|

CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER    FR00000892

3/11/2021                                                ADP

Pay Summary: **2019 - 37 - 1**

| Forest River Inc.<br>55470 County Road 1<br>Elkhart, IN 46514 | **Period Beginning Date**<br>9/13/2019 | **Pay Date**<br>9/13/2019 | **Co.**<br>ZJ9 | **Clock**<br>00000 | **Home Dept**<br>000000000000000 |
|---|---|---|---|---|---|
| Tammy J Vantine | **Period Ending Date**<br>9/14/2019 | **WGPS Advance Pay Date** | **File #**<br>206122 | **Number**<br>0000000? | **Worked In Dept**<br>000000000000000 |

## Gross Pay                                                    $ 357.21

| Regular | Hours: 17.50 | $ 168.88 |
|---|---|---|
| Overtime | | |
| HOLIDAY (field 3) | Hours: 8.00 | $ 77.20 |
| PROD (field 3) | | $ 111.13 |

## Taxes                                                        $ 33.61

| Federal Income Tax | | $ 1.91 |
|---|---|---|
| Social Security | | $ 15.26 |
| Medicare | | $ 3.57 |
| State Worked In: Indiana | Code: IN | $ 7.95 |
| Locality Worked In | Code: LOTX | $ 4.92 |

## Deductions                                                   $ 115.84

| ACC - ACCIDENTAL | $ 4.69 |
|---|---|
| DEN - DENTAL | $ 8.15 |
| MED - MEDICAL | $ 103.00 |

## Take Home                                                    $ 207.76

CONFIDENTIAL – SUBJECT TO
PROTECTIVE ORDER                                                                  FR00000893

3/11/2021                                                                                          ADP

Pay Summary: **2019 - 36 - 1**

| Forest River Inc.<br>55470 County Road 1<br>Elkhart, IN 46514 | **Period Beginning Date**<br>9/6/2019 | **Pay Date**<br>9/6/2019 | **Co.**<br>ZJ9 | **Clock**<br>00000 | **Home Dept**<br>000000000000000 |
|---|---|---|---|---|---|
| Tammy J Vantine | **Period Ending Date**<br>9/7/2019 | **WGPS Advance Pay Date** | **File #**<br>206122 | **Number**<br>0000000? | **Worked In Dept**<br>000000000000000 |

| Gross Pay | | | $ 372.00 |
|---|---|---|---|
| Regular | | Hours: 23.25 | $ 224.36 |
| Overtime | | | |
| PROD (field 3) | | | $ 147.64 |

| Taxes | | | $ 36.99 |
|---|---|---|---|
| Federal Income Tax | | | $ 3.39 |
| Social Security | | | $ 16.17 |
| Medicare | | | $ 3.78 |
| State Worked In: Indiana | Code: IN | | $ 8.43 |
| Locality Worked In | Code: LOTX | | $ 5.22 |

| Deductions | | $ 115.84 |
|---|---|---|
| ACC - ACCIDENTAL | | $ 4.69 |
| DEN - DENTAL | | $ 8.15 |
| MED - MEDICAL | | $ 103.00 |

| Take Home | $ 219.17 |
|---|---|

CONFIDENTIAL – SUBJECT TO
PROTECTIVE ORDER                                                                           FR00000894

3/11/2021                                                                    ADP

Pay Summary: **2019 - 35 - 1**

| Forest River Inc.<br>55470 County Road 1<br>Elkhart, IN 46514 | **Period Beginning Date**<br>8/30/2019 | **Pay Date**<br>8/30/2019 | **Co.**<br>ZJ9 | **Clock**<br>00000 | **Home Dept**<br>000000000000000 |
|---|---|---|---|---|---|
| Tammy J Vantine | **Period Ending Date**<br>8/31/2019 | **WGPS Advance Pay Date** | **File #**<br>206122 | **Number**<br>0000000? | **Worked In Dept**<br>000000000000000 |

| Gross Pay | | $ 546.10 |
|---|---|---|
| Regular | Hours: 35.00 | $ 337.75 |
| Overtime | | |
| PROD (field 3) | | $ 208.35 |

| Taxes | | $ 76.83 |
|---|---|---|
| Federal Income Tax | | $ 20.80 |
| Social Security | | $ 26.97 |
| Medicare | | $ 6.31 |
| State Worked In: Indiana | Code: IN | $ 14.05 |
| Locality Worked In | Code: LOTX | $ 8.70 |

| Deductions | $ 115.84 |
|---|---|
| ACC - ACCIDENTAL | $ 4.69 |
| DEN - DENTAL | $ 8.15 |
| MED - MEDICAL | $ 103.00 |

| Take Home | $ 353.43 |
|---|---|

CONFIDENTIAL – SUBJECT TO
PROTECTIVE ORDER                                                                FR00000895

3/11/2021                                                                                            ADP

Pay Summary: **2019 - 34 - 1**

| Forest River Inc.<br>55470 County Road 1<br>Elkhart, IN 46514 | **Period Beginning Date**<br>8/23/2019 | **Pay Date**<br>8/23/2019 | **Co.**<br>ZJ9 | **Clock**<br>00000 | **Home Dept**<br>000000000000000 |
|---|---|---|---|---|---|
| Tammy J Vantine | **Period Ending Date**<br>8/24/2019 | **WGPS Advance Pay Date** | **File #**<br>206122 | **Number**<br>0000000? | **Worked In Dept**<br>000000000000000 |

| Gross Pay | | | $ 619.58 |
|---|---|---|---|
| Regular | | Hours: 37.50 | $ 361.88 |
| Overtime | | | |
| PROD (field 3) | | | $ 257.70 |

| Taxes | | $ 93.63 |
|---|---|---|
| Federal Income Tax | | $ 28.15 |
| Social Security | | $ 31.52 |
| Medicare | | $ 7.37 |
| State Worked In: Indiana | Code: IN | $ 16.42 |
| Locality Worked In | Code: LOTX | $ 10.17 |

| Deductions | $ 115.84 |
|---|---|
| ACC - ACCIDENTAL | $ 4.69 |
| DEN - DENTAL | $ 8.15 |
| MED - MEDICAL | $ 103.00 |

| Take Home | $ 410.11 |
|---|---|

CONFIDENTIAL – SUBJECT TO
PROTECTIVE ORDER                                                    FR00000896

3/11/2021                                                                 ADP

Pay Summary: **2020 - 3 - 2**

| Forest River Inc. | **Period Beginning Date** | **Pay Date** | **Co.** | **Clock** | **Home Dept** | **Home Cost Number** |
|---|---|---|---|---|---|---|
| 55470 County Road 1 | 1/5/2020 | 1/17/2020 | ZJ9 | 121 | 000040 | 121040 |
| Elkhart, IN 46514 | | | | | | |
| Tammy J Vantine | **Period Ending Date** | **WGPS Advance Pay Date** | **File #** | **Number** | | **Worked in Cost Number** |
| ▮▮▮▮▮ | 1/11/2020 | | 206122 | 00041806 | | 121040 |

| Gross Pay | $ 0.00 |
|---|---|
| Regular | |
| Overtime | |

Total Hours Worked: 0

Basis of Pay: HOURLY

| Taxes | $ 0.00 |
|---|---|

| Deductions | $ 0.00 |
|---|---|

| Take Home | $ 0.00 |
|---|---|

CONFIDENTIAL – SUBJECT TO
PROTECTIVE ORDER                                                                                          FR00000902