UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

HEATHER R. FITZGERALD on behalf of herself and all others similarly situated,

Plaintiff,

v.

FOREST RIVER MANUFACTURING, LLC,

Defendant.

CAUSE NO. 3:20-CV-1004 DRL-MGG

ORDER

Named Plaintiff Heather R. Fitzgerald ("Representative Plaintiff" or "Fitzgerald"),[1] on behalf of herself and others similarly situated, the Opt-In Plaintiffs (collectively, "Plaintiffs"), and Defendant Forest River Manufacturing LLC ("Defendant" or "Forest River") (collectively, Plaintiffs and Defendant are referred to as the "Parties") have filed a joint motion asking the Court to approve: (1) the settlement of claims brought pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b), including the language and form of the release of claims, (2) the requested Service Payment, as defined and outlined in the Collective Action Settlement Agreement and Release (the "Settlement Agreement"), a copy of which was attached as Exhibit 1 to the Parties' Joint Motion for Approval of FLSA Collective Action Settlement, and (3) Plaintiffs' Counsel's requested fees and expenses (as defined and outlined in the Settlement Agreement) [ECF 120]. For purposes of this Approval Order, the Court further incorporates by reference the capitalized terms and their definitions, as set forth in the Settlement Agreement.

Before the court can approve a FLSA collective action settlement, the court must make a final certification of the collective class. *See Burkholder v. City of Fort Wayne*, 750 F. Supp.2d 990, 993 (N.D.

---

[1] The court uses terms in this order consistent with the defined terms in the Settlement Agreement [ECF 121].

Ind. 2010); *Heuberger v. Smith*, 2019 U.S. Dist. LEXIS 118174, 4-5 (N.D. Ind. 2019). Several factors inform this consideration, including the disparate factual and employment settings of the individual plaintiffs, the various defenses available to the defendant which appear to be individual to each plaintiff, and fairness and procedural considerations. *Burkholder*, 750 F. Supp.2d at 994. On February 23, 2022, the court conditionally certified the following collective:

> All current and former employees of Defendant who work/worked for Defendant as manufacturing employees in the United States, are/were paid primarily on a piece rate basis, and who worked more than forty (40) hours in at least one workweek beginning February 11, 2018 and continuing through the final disposition of this case [ECF 75 at 18].

Without objection from Forest River, the court concludes that this defined collective remains factually similar today, particularly given the court's notice limitations in the conditional certification order [*see id.* at 14]. Forest River has not articulated individualized defenses, and the efficiencies gained from pooling these plaintiffs together weigh in favor of certification. *See Burkholder*, 750 F. Supp.2d at 994. The court therefore makes its conditional certification of the collective final.

Having reviewed the Settlement Agreement [ECF 121], as well as the Parties' Joint Motion [ECF 120], the Declaration of Robi J. Baishnab appended thereto [ECF 120-3], and the pleadings and papers on file in this case (the "Action"), and for good cause established therein, the Court hereby approves the Settlement Agreement as fair, reasonable and adequate, specifically finding as follows:

1. On December 2, 2020, Representative Plaintiff filed a lawsuit against Forest River in the United States District Court, Northern District of Indiana, Case No. 3:20-cv-01004-DRL-MGG (the "Action"), asserting a collective action for unpaid overtime wages under the FLSA. In the Action, Representative Plaintiff asserted claims against Defendant on behalf of herself and others similarly situated under the FLSA [ECF 1].

2. On February 11, 2021, Representative Plaintiff filed her Motion for Step One Conditional Certification and Notice Pursuant to the Fair Labor Standards Act ("First MCC") [ECF 24].

3. On March 5, 2021, Defendant filed its Motion for Leave to Conduct Limited Expedited Discovery ("Motion for Discovery") [ECF 31]. Defendant's Motion for Discovery was opposed [ECF 32]. However, the Court granted Defendant's Motion for Discovery and denied Representative Plaintiff's First MCC by Order on March 11, 2021 [ECF 34].

4. Over the following three months, the Parties conducted written discovery and took depositions. On September 21, 2021, Representative Plaintiff filed her Renewed Motion for Step One Conditional Certification and Notice Pursuant to the Fair Labor Standards Act ("Renewed MCC") [ECF 56]. The Renewed MCC was contested [ECF 59].

5. On February 23, 2022, this Court issued an Order granting Representative Plaintiff's Renewed MCC. Notice was sent to approximately 10,732 putative collective members [ECF 75]. Approximately 1,000 putative collective members returned consent forms and joined this Action ("Opt-In Plaintiffs").

6. This Court held a Rule 16 Preliminary Pretrial Conference on July 14, 2022, to discuss what discovery would be permitted following conditional certification and notice. This Court allowed Phase II discovery that included sending Defendant's questionnaire to 100 Opt-In Plaintiffs and conducting 5 additional depositions. The Parties were also ordered to attend mediation no later than November 30, 2022 [ECF 108].

7. The Parties completed the pre-mediation discovery and scheduled mediation with Lynn Cohn on November 17, 2022. Although the Parties attended the mediation, the mediation ended with the Parties at an impasse.

8. Nevertheless, the Parties continued settlement discussions and agreed on a settlement, which is now presented to this Court for approval.

9. Defendant denies any wrongdoing or liability in connection with the claims and allegations asserted in the Action.

10. Settlement of FLSA claims may be subject to approval by the Court.

11. The Settlement Agreement provides for collective-wide settlement, notice, and payments to Plaintiffs as provided in the Settlement Agreement.

12. The Settlement Agreement was achieved after arm's-length and good faith negotiations between the Parties and their counsel, who have extensive experience litigating FLSA and various state wage and hour claims. Settlement was facilitated by a neutral third party.

13. The Court approves as fair, reasonable, adequate, and binding the settlement of the claims made pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b), and the dismissal and release of the claims, including the form and content of the release, as provided in the Settlement Agreement.

14. The Court approves the content, form, and distribution of the Notice of Settlement and Claim Form and Release attached as Exhibit A to the Settlement Agreement.

15. The Court approves the Service Payment to Representative Plaintiff in recognition of her services in this Action and as provided in the Settlement Agreement.

16. The Court approves the payment of Plaintiffs' Counsel's attorneys' fees and expenses as provided in the Settlement Agreement. Plaintiffs' Counsel has significant experience litigating wage and hour cases, and fees of one-third of common fund are typical for FLSA collective and class actions.

17. The Court retains jurisdiction over the Action to enforce the terms of the Settlement Agreement.

18. Accordingly, the court FINALIZES the condition certification, GRANTS the parties' joint motion for final approval of FLSA settlement [ECF 120], APPROVES the Settlement Agreement, ORDERS that Settlement Agreement be effectuated in the manner and subject to the terms and conditions set forth in the Settlement Agreement, and DISMISSES the case with prejudice. This order terminates the case.

SO ORDERED.

March 31, 2023

*s/ Damon R. Leichty*
Judge, United States District Court